IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF DVI, INC., <br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL A. O'HANLON, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-955 (GMS)<br>)<br>)<br>)<br>)<br>) |

## ORDER

1. The above-captioned action is a suit for breach of fiduciary duty and deepening insolvency. Presently before the court is the defendants' motion to transfer venue, pursuant to 28 U.S.C. § 1404(a) (1993), to the Eastern District of Pennsylvania. (D.I. 19.)

2. The decision of whether transfer is appropriate is governed by § 1404(a) itself, as well as the factors outlined in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).

   a. Section 1404(a) directs courts to consider the convenience of parties, the convenience of witnesses, and the interests of justice. Since the proposed transferee district is less than thirty miles away, the convenience of the parties and witnesses does not favor transfer. Furthermore, there is no danger that there will be a miscarriage of justice if this case remains in Delaware. Therefore, all three statutory factors weigh against transfer.

   b. The so-called "private" *Jumara* factors are: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their

relative physical and financial condition;" (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." 55 F.3d at 879. Obviously, the plaintiff's choice of Delaware weighs against transfer, and the defendants' choice of E.D. Pa. weighs in favor of transfer. However, because of the extremely close proximity of the two districts, the third, fourth, and fifth factors weigh against transfer. The defendants' argue that problems may arise because the District of Delaware's 100-mile subpoena power is different than that of E.D. Pa. (D.I. 20.) Their argument is not persuasive because there is a substantial overlap of the two districts' respective subpoena powers. (D.I. 45 at 5A.) Moreover, the defendants have not made any allegations as to specific witnesses, books, or records that might cause such problems. Therefore, the "private" *Jumara* factors weight against transfer as well.

c. The "public" *Jumara* factors are: (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" (5) "the public policies of the fora;" and (5) "the familiarity of the trial judge with the applicable state law in diversity cases." 55 F.3d at 879-80. As to the first factor, the defendants do not allege that the judgment would be unenforceable if rendered by this district. As to the second factor, there is no indication that E.D. Pa. would

2

consolidate this case with the three other related cases already pending in that district – the related cases have not been consolidated, so there is no reason to believe this one would be either upon transfer. As to the third factor, the court foresees *more* court congestion if this case is transferred to an even bigger district. Once again, the proximity of E.D. Pa. to this district mitigates the weight of the fourth factor. Finally, the plaintiff's claims are rooted in Delaware law. (D.I. 45 at 15.) Hence, it makes the most sense to keep the case here.

3. For the aforementioned reasons, IT IS HEREBY ORDERED THAT:

The defendants' motion to transfer (D.I. 19) be DENIED.

Dated: September 20, 2005

_____
UNITED STATES DISTRICT JUDGE

FILED
SEP 20 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE