UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF DVI, INC.<br><br>Plaintiff,<br><br>- against -<br><br>MICHAEL A. O'HANLON, STEVEN R. GARFINKEL, RICHARD E. MILLER, JOHN P. BOYLE, ANTHONY J. TUREK, RAYMOND D. FEAR, WILLIAM S. GOLDBERG, GERALD L. COHN, JOHN E. MCHUGH, HARRY T.J. ROBERTS, and NATHAN SHAPIRO,<br><br>Defendants. | Civil Action No. 04-955-GMS |

**MEMORANDUM OF LAW BY DENNIS J. BUCKLEY, AS TRUSTEE OF
THE DVI LIQUIDATING TRUST, IN SUPPORT OF HIS MOTION:
(i) TO VACATE THIS COURT'S ORDER, DATED SEPTEMBER 20, 2005,
DISMISSING THIS ACTION; AND (ii) FOR SUBSTITUTION AS PLAINTIFF**

MONZACK AND MONACO, P.A.
Francis A. Monaco, Jr., Esq. (#2078)
Joseph J. Bodnar, Esq. (#2512)
1201 Orange Street, Suite 400
Wilmington, Delaware 19801
(302) 656-8162

- and -

ANDERSON KILL & OLICK, P.C.
J. Andrew Rahl, Jr., Esq.
Mark L. Weyman, Esq.
Michael J. Venditto, Esq.
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

Attorneys for Dennis J. Buckley, as
Trustee of the DVI Liquidating Trust

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND ................................................................................. 3

ARGUMENT ................................................................................................ 4

POINT I     This Court Should Grant the Liquidating Trustee's Motion To
            Vacate the Order Dismissing This Lawsuit ....................................... 4

POINT II    This Court Should Grant the Liquidating Trustee's Motion To
            Be Substituted as Plaintiff .............................................................. 6

CONCLUSION ................................................................................................ 7

## <u>TABLE OF AUTHORITIES</u>

Page

### CASES

<u>Ayers v. Kearney, No. Civ. A. 03-281-GMS</u>,
2005 WL. 2148927 (D. Del. Sept. 7, 2005)...........................................................4

<u>Bauer v. Commerce Union Bank</u>,
859 F.2d 438 (6th Cir. 1988) ...............................................................................6

<u>Eash v. Riggins Trucking Inc.</u>,
757 F.2d 557 (3d Cir. 1985) ................................................................................4

<u>FDIC v. Deglau</u>,
207 F.3d 153 (3d Cir. 2000) ................................................................................5

<u>International Rediscount Corp. v. Hartford Accident & Idemn. Co.</u>,
425 F. Supp. 669 (D. Del. 1977)..........................................................................5

<u>Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.</u>,
13 F.3d 69 (3d Cir. 1993)................................................................................. 5, 6

### STATUTES

Fed. R. Civ. P. 25(c) .................................................................................. 1, 2, 4, 5, 6

Fed. R. Civ. P. 60(b) ............................................................................................ 2, 4

### TREATISES

Vol. 6 Moore, <u>Moore's Federal Practice</u>,
§25.34[2] (Mathew Bender 3d Ed.) .......................................................................5

Plaintiff, Dennis J. Buckley, the Trustee of the DVI Liquidating Trust (the "Liquidating Trustee") as successor-in-interest to the claims of the Official Committee of Unsecured Creditors of DVI, Inc. (the "Official Committee"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of his motion: (i) to vacate this Court's order, dated and filed September 20, 2005 [Dkt. No. 74], dismissing this action in its entirety and denying Defendants' motions to dismiss as moot ("Order"); and (ii) for substitution of the Liquidating Trustee as plaintiff and party in interest in the place and stead of the original named plaintiff herein.

## **PRELIMINARY STATEMENT**

The dismissal of this action was contrary to Federal Rule of Civil Procedure 25(c) and would severely prejudice the interests of the creditors of DVI, Inc. ("DVI") who are relying on the recoveries obtained by the Liquidating Trustee to recoup their losses. Accordingly, the Liquidating Trustee respectfully requests that the Court vacate the Order and address the issues on the merits.

This case involves the misconduct and gross dereliction of duties by various officers and defendants of DVI, which, along with two of its operating subsidiaries, filed petitions for reorganization under the United States Bankruptcy Code on August 25, 2003 and, thereafter, were liquidated in proceedings pending in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court").[1]

The Complaint in this action was filed on August 19, 2004 by the Official Committee on behalf of the Debtors' estates. Thereafter, as part of the plan of

---

[1]     The reorganization cases are entitled In re DVI, Inc., et al. (Bankr. D. Del., No. 03-12656-MFW) and are pending before the Honorable Mary F. Walrath.

reorganization of DVI, the claims were to be transferred to the Liquidating Trustee. Accordingly, by order entered November 24, 2004 ("Confirmation Order"),[2] the Liquidating Trustee was assigned, <u>inter alia</u>, the claims by the Official Committee in this action and deemed substituted as the plaintiff and party in interest in the place and stead of the Official Committee, effective December 10, 2004.  In his omnibus brief in opposition to Defendants' motions to dismiss the complaint [Dkt. No. 49], the Liquidating Trustee described these facts and advised both the Court and the Defendants of this change.  The Liquidating Trustee did not believe that any further action was required under the Federal Rules of Civil Procedure to effect the change, nor was this contested by any Defendants.[3]  By the Order, however, this Court evidently concluded otherwise and, therefore, dismissed the Complaint.  The Trustee believes that the Court erred in this determination and asks the Court to vacate the Order and permit the substitution of the Liquidating Trustee for the Official Committee as the proper plaintiff in this action.

        As more fully described below, the Confirmation Order approved the First Amended Joint Plan of Liquidation of DVI, Inc., *et al.* (the "Plan").  The Plan specifically transferred the claims at issue herein to the Liquidating Trustee and deemed the Trustee to be substituted for the Official Committee.  Given the express transfer of interests in this lawsuit from the Official Committee to the Liquidating Trustee effectuated by the Plan and by the Confirmation Order, the Liquidating Trustee seeks to

---

[2]     The Confirmation Order, which was annexed as Exhibit "A" to the Liquidating Trustee's Omnibus Brief in Opposition to Individual Motions of the Defendants to Dismiss the Complaint [Dkt. No. 40], is annexed hereto as Exhibit "A" for ease of reference.

[3]     In fact, Defendants themselves substituted the Litigation Trustee for the Official Committee in the caption of certain of their submissions in further support of their motions to dismiss and/or to transfer venue [Dkt. Nos. 47 & 66].

vacate the Order dismissing this case, pursuant to Rule 7.1.5 of the Local Rules,[4] Rule

60(b) of the Federal Rules of Civil Procedure and the inherent power of this Court.  The

Liquidating Trustee additionally requests that this Court grant the Liquidating Trustee's

motion to be substituted as party plaintiff in place of the Official Committee.

## **FACTUAL BACKGROUND**

Pursuant to the Confirmation Order, effective December 10, 2004, the

Official Committee was dissolved, the Official Committee's interests in this action were

transferred to the Liquidating Trust, and the Liquidating Trustee was authorized to

pursue those interests.  In addition, pursuant to the Confirmation Order, the Litigation

Trustee was deemed substituted for the Official Committee in, among other matters, this

case:

> [t]he Liquidating Trustee, as the legal representative of the
> Liquidating Trust, shall be authorized without further order to
> pursue and liquidate all Litigation Claims and, in connection
> therewith he shall be deemed substituted as the plaintiff and
> a party in interest in the place and stead of the Creditors
> Committee . . . in all actions . . . including, without limitation,
> the following actions:
>
> b.    The Official Committee of Unsecured Creditors of
>        DVI, Inc., et al., on behalf of DVI Inc., et al., Plaintiff
>        against Michael A. O'Hanlon . . . United States District
>        Court of the District of Delaware, Civil Action No. 04-
>        955 GMS. . .

Confirmation Order, § III.B(7) at 29-30.  In accordance with the Confirmation Order, the

Liquidating Trustee has pursued the claims filed by the Official Committee here against

the various former officers and directors of DVI, having opposed the various motions to

---

[4]    "Local Rules" shall refer to the Local Rules of Civil Practice and Procedure for the United
States District for the District of Delaware.

dismiss by the Defendants as well as the motion to change venue brought by certain

Defendants, which this Court recently denied.

## ARGUMENT

### POINT I

### This Court Should Grant the Liquidating Trustee's
### Motion To Vacate the Order Dismissing This Lawsuit

This Court is authorized, pursuant to Local Rule 7.1.5, permitting

reargument, Federal Rule of Civil Procedure 60(b) and its inherent powers,[5] to vacate

an order to correct mistakes, errors of law or for any other reasons justifying relief.  Rule

60(b) provides, in relevant part, that:

> [o]n motion and upon such terms as are just, the court may
> relieve a party  . . . from a final judgment or order, or
> proceeding for the following reasons:  (1) mistake,
> inadvertence, surprise or excusable neglect . . . or (6) any
> other reason justifying relief from the operation of the
> judgment.

Fed. R. Civ. P. 60(b).  This Court has stated that the purpose of a motion pursuant to

Local Rule 7.1.5 and Rule 60(b) is "to correct a clear error of law or fact or to prevent a

manifest injustice." Ayers v. Kearney, No. Civ. A. 03-281-GMS, 2005 WL 2148927 at *1

(D. Del. Sept. 7, 2005) (denying Rule 60(b) motion on unrelated grounds).

The Order at issue, which dismisses the Complaint in this action, reflects a

mistake that would result in manifest injustice and, therefore, the Liquidating Trustee's

motion to vacate the Order should be granted.

---

[5]      This Court may exercise its inherent equitable powers to vacate the Order and rectify the
mistake therein. See, e.g. Eash v. Riggins Trucking Inc., 757 F.2d 557, 561 (3d Cir. 1985)
("That courts have inherent powers – powers vested in the courts upon their creation, and not
derived from any statute  - is not dispute") (internal citations omitted).

Specifically, the Court's Order presumes that either a motion to amend the Complaint or to substitute the Liquidating Trustee as a party was required in order for the Liquidating Trustee to continue the prosecution of this action. That premise is directly at odds with Rule 25(c) of the Federal Rules of Civil Procedure, which provides, in relevant part, that:

> [i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action . . .

Fed. R. Civ. P. 25(c). The Third Circuit makes clear that Rule 25(c) "does not require that anything be done after an interest has been transferred." See Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 71 (3d Cir. 1993) (citations omitted) (remanding case to district court for evidentiary hearing to determine if party's interest had been transferred).[6] In other words, substitution of a party is not required for an action to continue after that party's interest in the action has been transferred, unless the court orders a substitution. Indeed, under Rule 25(c), the lawsuit may continue with the original parties. Id.; FDIC v. Deglau, 207 F.3d 153, 159 n.2 (3d Cir. 2000) ("Federal Rule of Civil Procedure 25, which governs the substitution of parties during the pendency of litigation, makes clear that in absence of a motion to substitute, the action may properly continue by or against the transferor"); see also Vol. 6 Moore, Moore's Federal Practice, §25.34[2] (Matthew Bender 3d ed.) ( "Rule 25 does not require that the court or the parties take any action after an interest has been transferred. Instead, the suit may continue with the original parties.").

---

[6] See also International Rediscount Corp. v. Hartford Accident & Idemn. Co., 425 F. Supp. 669 (D. Del. 1977) ( "in the absence of a motion for substitution and an order of the Court, the action will be continued in the name of the original party to the suit").

Thus, it is well-settled as a matter of law that, upon the assignment of these claims, the Liquidating Trustee was free to continue to prosecute them without the need to file a motion specifically requesting substitution as plaintiff or an amendment of the Complaint.  See Luxliner, 13 F.3d at 72 (Rule 25(c) permits lawsuit to continue even if the transferee is not named as a party).  Indeed, as set forth above, Rule 25(c) expressly permits the action to continue without formal substitution.  For the foregoing reasons, the Liquidating Trustee respectfully requests that this Court grant his motion to vacate and reverse the Order dismissing this case.

**POINT II**

**This Court Should Grant the Liquidating Trustee's
Motion To Be Substituted as Plaintiff**

Although the Liquidating Trustee believed that the Confirmation Order was sufficient for him to prosecute these claims and/or to substitute him as plaintiff herein, in order to avoid any further issues, the Liquidating Trustee additionally requests that this Court grant his motion, pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, to be substituted as plaintiff in the place and stead of the Official Committee.

Under Rule 25 (c), substitution is permitted when there has been a "transfer of interest" of a named party to a lawsuit.  Fed. R. Civ. P. 25(c).  Courts specifically recognize that substitution is appropriate to reflect a transfer of interest of a party to a lawsuit that is effectuated by a bankruptcy court order.  For example, in Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988), the Sixth Circuit concluded that a district court properly substituted a bankruptcy trustee as plaintiff in a tort action originally commenced by the debtors themselves because the trustee in bankruptcy acts as the representative of the debtors' estate.

As demonstrated above, the Official Committee's interest in this lawsuit was transferred to the Liquidating Trustee by operation of the Confirmation Order of the Delaware Bankruptcy Court.  <u>See</u> Confirmation Order, § III.B(7) at 29-30.  This Court should exercise its discretion and substitute the Liquidating Trustee as plaintiff pursuant to  Rule 25(c) of the Federal Rules of Civil Procedure.

### <u>CONCLUSION</u>

For the foregoing reasons, the Liquidating Trustee respectfully requests that this Court:  (i) grant his motion to vacate and reverse the Order dismissing this case; (ii) substitute the Liquidating Trustee as plaintiff herein; and (iii) grant such other, further, and different relief as the Court deems just under the circumstances.

Dated:  September 23, 2005

MONZACK AND MONACO, P.A.


By:    __/s/ Joseph J. Bodnar_____
      Francis A. Monaco, Jr., Esq. (#2078)
      Joseph J. Bodnar, Esq. (#2512)
1201 Orange Street, Suite 400
Wilmington, Delaware  19801
(302) 656-8162

- and -

ANDERSON KILL & OLICK, P.C.
      J. Andrew Rahl, Jr., Esq.
      Mark L. Weyman, Esq.
      Michael J. Venditto, Esq.
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

Attorneys for Dennis J. Buckley, as Trustee of the DVI Liquidating Trust

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF DVI, INC., <u>et al</u>., Debtors
and Debtors-in-Possession,

                             Plaintiff,

       -against-

MICHAEL A. O'HANLON, STEVEN R.
GARFINKEL, RICHARD E. MILLER, JOHN P.
BOYLE, ANTHONY J. TUREK, RAYMOND D.
FEAR, WILLIAM S. GOLDBERG, GERALD L.
COHN, JOHN E. MCHUGH, HARRY T.J.
ROBERTS, and NATHAN SHAPIRO,

                         Defendants.

No.: 04-955-GMS

## CERTIFICATE OF SERVICE

       I, Heidi E. Sasso, certify that I am not less than 18 years of age, and that service of the foregoing Motion to Vacate and Memorandum of Law in Support of the Motion to Vacate was made via hand delivery, US Mail and/or electronic mail on September 23, 2005 the following parties:

Laurie A. Krepto, Esquire
De. Bar. No. 4109
**MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP**
300 Delaware Avenue, Suite 750
Wilmington, DE 19801

Richard L. Scheff, Esquire
John H. Lewis, Jr., Esquire
David D. Langfitt, Esquire
**MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP**
123 South Broad St., 28th Floor
Philadelphia, PA 19109

39808

Martin J. Weis, Esquire
De. Bar. No. 4327
**DILWORTH PAXSON LLP**
First Federal Plaza
Suite 500
Wilmington, DE 19801

Daniel V. Folt, Esquire
De. Bar. No. 3143
**DUANE MORRIS, LLP.**
1100 North Market Street
Wilmington, DE 19801

Kelly D. Eckel, Esquire
Matthew A. Taylor, Esquire
Robert E. Kelly, Esquire
**DUANE MORRIS, LLP**
One Liberty Place
Suite 4200
Philadelphia, PA 19103

David W. Marston, Jr., Esquire
William P. Quinn, Jr. Esquire
Karen Pieslak Pohlmann, Esquire
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921

Adam Balick, Esquire
Joanne Ceballos, Esquire
D.E. Bar Nos. 2718, 2854
**BALICK & BALICK**
711 King Street
Wilmington, DE 19801

David M. Laigaie, Esquire
Michael A. Morse, Esquire
**MILLER, ALFANO & RASPANTI, P.C.**
1818 Market Street
Suite 3402
Philadelphia, PA 19103

David E. Brand, Esquire
De. Bar  No. 201
**PRICKETT, JONES & ELLIOTT**

39808

1310 King Street, Box 1328
Wilmington, DE 19899

Patricia M. Hamill, Esquire
**CONRAD O'BRIEN GELLMAN**
**& ROHN, P.C.**
1515 Market Street
16th Floor
Philadelphia, PA 19102-1916

David A. Felice   D.E. Bar Nos. #4090
Cozen O'Connor
1201 North Market Street
Wilmington, Delaware 19801

William Taylor, Esquire
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103

Lauren E. Maguire
De. Bar. No.
Ashby & Geddes
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899

Julian  W. Friedman, Esquire
**STILLMAN & FRIEDMAN, P.C.,**
425 Park Avenue
New York, New York 10022

Arthur G. Connolly, Jr., Esquire
Connolly Bove Lodge & Hutz
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

___/s/ Heidi E. Sasso
Heidi E. Sasso

39808