UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS J. BUCKLEY, Trustee of the DVI
Liquidating Trust,

                Plaintiff,

-against-

MICHAEL A. O'HANLON, STEVEN R.
GARFINKEL, RICHARD E. MILLER, JOHN P.
BOYLE, ANTHONY J. TUREK, RAYMOND D.
FEAR, WILLIAM S. GOLDBERG, GERALD L.
COHN, JOHN E. MCHUGH, HARRY T. J.
ROBERTS, and NATHAN SHAPIRO,
                Defendants.

No. 04-955-GMS

## DEFENDANTS' JOINT SUPPLEMENTAL BRIEF PURSUANT TO LOCAL RULE 7.1.2(c) IN SUPPORT OF THEIR RESPECTIVE MOTIONS TO DISMISS

Pursuant to Local Rule 7.1.2(c), Defendants Michael A. O'Hanlon, Steven R. Garfinkel, Richard E. Miller, John P. Boyle, Anthony J. Turek, Raymond D. Fear, William S. Goldberg, Gerald L. Cohn, John E. McHugh, Harry T.J. Roberts, and Nathan Shapiro submit this Supplemental Brief in order to bring to the Court's attention an important and pertinent case decided after briefing on Defendants' motions to dismiss was completed.

In *Trenwick America Litigation Trust v. Ernst & Young, L.L.P.*, No. Civ. A. 1571-N, 2006 WL 2333201 (Del. Ch. Aug. 10, 2006), Vice Chancellor Strine of the Delaware Chancery Court granted a motion to dismiss claims against, *inter alia*, former directors of an insolvent corporation. In several respects, his decision reinforced the reasons why Defendants' motions to dismiss this case should be granted.

First, in *Trenwick*, Vice Chancellor Strine stated that "federal bankruptcy law is clear that litigation trusts do not have standing to pursue the direct claims of creditors." 2006 WL

2333201, at *19. Vice Chancellor Strine discussed *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416 (1972), in which the Supreme Court held that the bankruptcy statute "did not vest with trustees or litigation trusts standing to pursue separate claims belonging to others, such as the direct claims of individual creditors." *Id.* According to Vice Chancellor Strine, "[t]he rule articulated in *Caplin* holds true even in cases where a creditor has assigned her claims to a trustee or Trust." *Id.* Thus, although Dennis J. Buckley, Trustee of the DVI Liquidating Trust, has claimed that he has received assignments of certain creditors' claims, neither these assignments nor his substitution as plaintiff (if it had the effect of an assignment) provides him with standing to pursue claims on behalf of the creditors. All those claims should therefore be dismissed.

Second, Vice Chancellor Strine held that Delaware does not recognize the tort of deepening insolvency and rejected federal cases (including federal cases from within this Circuit) holding that there is such a cause of action under Delaware law. *Id.* at *28-29. Accordingly, all claims based on deepening insolvency (the Twentieth Claim for Relief) should be dismissed. *See Falco v. Alpha Affiliates, Inc.*, No. Civ. A. 97-494, 2000 WL 727116, at *3 (D. Del. Feb. 9, 2000) (relying upon Delaware Chancery Court to predict Delaware law and noting that "we do not disregard a decision of an intermediate appellate state court on an issue of controlling state law unless we are 'convinced by other persuasive data that the highest court of the state would decide otherwise.'" (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 227 (3d Cir. 1999)).

Third, Vice Chancellor Strine's analysis of exculpatory clauses authorized by 8 Del. C. § 102(b)(7) (like the one DVI's directors have raised in their defense),[1] the business judgment rule,

---

[1] The exculpatory clause defense applies to all of the defendants sued in their capacity as former directors of DVI: O'Hanlon, Cohn, Goldberg, McHugh, Roberts, and Shapiro. *See* Compl. ¶ 28.

2

and the right of directors to rely on professional advisors (8 Del. C. § 141(e)) compel the conclusion that the Complaint's allegations are legally insufficient to survive Defendants' motions to dismiss. *Trenwick*, 2006 WL 2333201, at *21-22, 26 ("[T]he complaint is entirely devoid of pled facts regarding what the Trenwick America board did that was either a breach of the duty of care or the duty of loyalty.")

Respectfully submitted,[2]

Dated: August 31, 2006

*/s/ Arthur G. Connolly, IV (#2667)*
*/s/ Arthur G. Connolly, Jr.*

OF COUNSEL:
William P. Quinn, Jr.
Karen Pieslak Pohlmann
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. (215) 963-5775
Fax. (215) 963-5299

Arthur G. Connolly, Jr.
CONNOLLY BOVE LODGE &
HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Tel. (302) 658-9141
Fax. (302) 658-5614

Attorneys for Nathan Shapiro,
William S. Goldberg and
John E. McHugh

---

[2] For purposes of this Joint Supplemental Brief only and with the consent of all defendants, this Joint Supplemental Brief is signed on behalf of all defendants.

3