**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DENNIS J. BUCKLEY, as Trustee of the DVI Liquidating Trust<br><br>Plaintiff,<br><br>- against -<br><br>MICHAEL A. O'HANLON, STEVEN R. GARFINKEL, RICHARD E. MILLER, JOHN P. BOYLE, ANTHONY J. TUREK, RAYMOND D. FEAR, WILLIAM S. GOLDBERG, GERALD L. COHN, JOHN E. MCHUGH, HARRY T.J. ROBERTS, and NATHAN SHAPIRO,<br><br>Defendants. | Civil Action No. 04-955-GMS |

**PLAINTIFF'S CITATION OF SUBSEQUENT AUTHORITIES
IN RESPONSE TO DEFENDANTS' JOINT SUPPLEMENTAL BRIEF
PURSUANT TO L.R. 7.1.2c IN SUPPORT OF THEIR MOTIONS TO DISMISS**

Plaintiff Dennis J. Buckley ("Buckley"), as Trustee of the DVI Liquidating Trust ("Trust"), by his undersigned attorneys, pursuant to D. Del. L.R. 7.1.2(c) submits this Citation of Subsequent Authorities: (i) in response to the Defendants' Joint Supplemental Brief ("Supplemental Brief") Pursuant to L.R. 7.1.2c in Support of Their Motions to Dismiss [D.I. 79] (hereafter, the "Supplemental Brief"), and (ii) in further opposition to the various motions to dismiss filed by the Defendants [D.I. 23, 25, 26, 28, 30, 32, 34, 36 and 48] (hereinafter, the "Motions to Dismiss").

The Supplemental Brief refers the Court to a recent decision from the Delaware Chancery Court, <u>Trenwick America Litigation Trust v. Ernst & Young, L.L.P.</u>, 2006 WL 2333201 (Del.Ch. Aug. 10, 2006), arguing that it makes three points that may

be relevant to the Motions to Dismiss. The asserted reliance on <u>Trenwick</u> is factually misplaced and legally flawed.

First, Defendants distort the significance of the Chancery Court's statements about what claims can be asserted by a bankruptcy trustee. It is indisputable that Buckley is not a bankruptcy trustee. Rather, the claims he is asserting on behalf of creditors were specifically assigned by individual creditors to the Trust and that contractual assignment by those creditors was confirmed by the Bankruptcy Court. The Defendants point to a fragment of one sentence in <u>Trenwick</u>,[1] which is *dicta*, to suggest that a contractual assignment by creditors to a litigation trustee is invalid under federal bankruptcy law. This fragment cites to a Second Circuit decision in <u>Breeden v. Kirkpatrick & Lockhart LLP (In re The Bennett Funding Group, Inc.)</u>, 336 F.3d 94 (2d Cir. 2003). However, that case did not deal with the efficacy of a contractual assignment by creditors to a liquidation trust,[2] so <u>Trenwick's</u> reliance on <u>Breeden</u> is without foundation, as is the Defendants reliance on <u>Trenwick</u>.[3]

Next, the Defendants point to <u>Trenwick's</u> statement that Delaware does not recognize an independent cause of action for deepening insolvency. Whether or

---

[1] The full sentence reads: "The rule articulated in <u>Caplin</u> holds true even in cases where a creditor has assigned her claims to a trustee or Trust, which is not the situation here. <u>Trenwick</u> at *19 (footnote omitted).

[2] In that case, the Second Circuit affirmed the dismissal of a bankruptcy trustee's adversary proceeding asserting claims the Court found he did not own: "we hold that the defrauded investors and not the bankruptcy trustee are entitled to pursue the claims arising from the fraud." <u>Breeden</u>, *supra*, 336 F.3d at 102. Here by contrast, Buckley owns the claims he is asserting.

[3] Claims specifically assigned to a litigation trust by a creditor must be analyzed differently from the claims assigned by a debtor. See, <u>Young v. Lepone</u>, 305 F.3d 1, 7 (1st Cir., 2002).

not that is a correct prediction of how Delaware's highest court might rule is questionable since many other decisions have concluded that the Delaware Supreme Court would recognize such a cause of action.

In that regard, Trenwick, an unreported trial court decision, is not binding on this Court. See, Houbigant, Inc. v. Federal Ins. Co., 374 F.3d 192, 199 (3rd Cir. 2004). The Defendants refer to Trenwick because the Delaware Supreme Court has not addressed the deepening insolvency issue. In the absence of guidance from the Delaware Supreme Court, this Court must consider several factors in predicting how the state's highest court would rule:

> When predicting how the state's highest court would resolve the issue, we must take into consideration: (1) what that court has said in related areas; (2) the decisional law of the state intermediate courts; (3) federal cases interpreting state law; and (4) decisions from other jurisdictions that have discussed the issue.

Colliers Lanard & Axilbund v. Lloyds of London, __ F.3d __, 2006 WL 2327039, *3 (3rd Cir. Aug. 11, 2006).

Accordingly, the Trenwick decision does not require that this Court disregard the decisions of those courts that have determined that Delaware would recognize a cause of action for deepening insolvency. See, e.g., Smith v. Arthur Andersen LLP, 421 F.3d 989, 1004 (9th Cir. 2005) (finding complaint to state cognizable claim when it alleges that the defendants "prolonged" the existence of Delaware corporation, causing it to expend corporate assets that would not have been spent if the corporation had been dissolved in a timely manner); OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.), 340 B.R. 510, 531 (Bankr. D. Del. 2006)("this Court holds that Delaware, New York, and North Carolina courts would recognize deepening insolvency as a cause of action"); Limor v. Buerger (In re Del-Met

-3-

Corp.), 322 B.R. 781, 815 (Bankr. M.D. Tenn. 2005)("The courts of both New York and Delaware have recognized that deepening insolvency can be a breach of the fiduciary duties owed to a corporation by its officers and directors"); In re Exide Techs. Inc., 299 B.R. 732, 752 (Bankr. D. Del. 2003)("I conclude that Delaware Supreme Court would recognize a claim for deepening insolvency when there has been damage to corporate property").

>Indeed, in Trenwick the Vice Chancellor wrote:
>
>The rejection of an independent cause of action for deepening insolvency does not absolve directors of insolvent corporations of responsibility. Rather, it remits plaintiffs to the contents of their traditional toolkit, which contains, among other things, causes of action for breach of fiduciary duty and for fraud.

Trenwick, at *29. For that reason, Trenwick's statement about the existence of a deepening insolvency claim under Delaware law may be a mere semantic distinction, with little practical significance, since Buckley has asserted breach of fiduciary duty and fraud claims.

Finally, Trenwick's pronouncements about the protections of the business judgment rule are irrelevant. The Complaint here, unlike the one in Trenwick, is replete with factual allegations of acts and omissions that constituted breaches of the directors' duties of care and loyalty. See, for example, Complaint ¶¶ 60, 61, 62, 63, 67, 68, 81-100.

Accordingly, Buckley respectfully requests that this Court deny the Motions to Dismiss.

            MONZACK AND MONACO, P.A.

            By:__/s/Joseph J. Bodnar_____
              Francis A. Monaco, Jr. Esq. (#2078)
              Joseph J. Bodnar, Esq. (#2512)
            1201 Orange Street, Suite 400
            Wilmington, Delaware 19801
            (302) 656-8162

                - and -

            ANDERSON KILL & OLICK, P.C.
              Mark L. Weyman, Esq.
              Michael J. Venditto, Esq.
            1251 Avenue of the Americas
            New York, New York 10020
            (212) 278-1000

            Attorneys for Dennis J. Buckley, as
            Trustee of the DVI Liquidating Trust