UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DENNIS J. BUCKLEY, AS TRUSTEE OF THE DVI LIQUIDATING TRUST, | : | |
| | : | |
| Plaintiff, | : | NO: 04-955-GMS |
| | : | |
| -against- | : | |
| | : | |
| MICHAEL A. O'HANLON, STEVEN R. GARFINKEL, RICHARD E. MILLER, JOHN P. BOYLE, ANTHONY J. TUREK, RAYMOND D. FEAR, WILLIAM S. GOLDBERG, GERALD L. COHN, JOHN E. MCHUGH, HARRY T.J. ROBERTS, and NATHAN SHAPIRO, | : | |
| | : | |
| Defendant(s). | : | |

DEFENDANT HARRY T.J. ROBERTS'
ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Harry T.J. Roberts ("Mr. Roberts"), by and through his undersigned attorneys, Miller, Alfano & Raspanti, P.C., hereby submits his Answer to Plaintiff's Complaint ("Complaint"). In support thereof, Mr. Roberts avers as follows:

1. Admitted in part; denied in part. Mr. Roberts admits only that DVI, Inc. ("DVI") filed for bankruptcy protection on or about August 25, 2003. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 1, and, therefore, they are denied.

2.    Denied.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 2, and, therefore, they are denied.

3.    Admitted in part; denied in part.    It is admitted only that the Plaintiff alleges that the Official Committee of Unsecured Creditors of DVI, Inc. ("Committee") was appointed pursuant to 11 U.S.C. § 1102(a)(1).  By way of further response, by its Orders of September 20, 2005 and April 5, 2006, respectively, the Court dismissed the Complaint brought by the Committee, and reopened this action substituting Dennis J. Buckley, Trustee of the DVI Liquidating Trust, as Plaintiff.  The remaining allegations in paragraph 3 are denied.

4.    Admitted in part; denied in part.  It is admitted only that, in his Complaint, the Plaintiff alleges claims on behalf of the bankruptcy estates of DVI, Inc. and certain of its subsidiaries.    The remaining allegations in paragraph 4 are denied.

5.    Admitted in part; denied in part.  It is admitted only that part of DVI's business included providing loans and leases to finance the purchase of diagnostic imaging and other therapeutic medical equipment.    It is further admitted that part of DVI's business included providing lines of credit, which were backed by

2

healthcare receivables.   The remaining allegations in paragraph 5 are denied.

6.   Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 6 that relate to persons other than Mr. Roberts, and, therefore, they are denied.   The remaining allegations in paragraph 6 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

7.   Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 7 that relate to persons other than Mr. Roberts, and, therefore, they are denied.   The remaining allegations in paragraph 7 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

8.   Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 8 and its subparts that relate to persons other than Mr. Roberts, and, therefore, they are denied.   The remaining allegations in paragraph 8 and its subparts contain

3

659172-1

conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

9.   Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 9 and its subparts that relate to persons other than Mr. Roberts, and, therefore, they are denied.   The remaining allegations in paragraph 9 and its subparts contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

10.   Denied.   By way of further response, by its Orders of September 20, 2005 and April 5, 2006, respectively, the Court dismissed the Complaint brought by the Committee, and reopened this action substituting Dennis J. Buckley, Trustee of the DVI Liquidating Trust, as Plaintiff.

11.   Admitted in part; denied in part.   It is admitted only that DVI, Inc. ("DVI") is a Delaware corporation with offices in Jamison, Pennsylvania.   It is further admitted that DVI Financial Services, Inc. ("DVIFS") and DVI Business Credit Corporation ("DVIBC") were DVI's operating subsidiaries.

12.   Admitted.

4

13.  Admitted in part; denied in part.  It is admitted only that part of DVI's business included providing loans and leases to finance the purchase of diagnostic imaging and other therapeutic medical equipment.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 13, and, therefore, they are denied.

14.  Admitted in part; denied in part.  It is admitted only that part of DVI's business included providing loans and leases to finance the purchase of diagnostic imaging and other therapeutic medical equipment.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 14, and, therefore, they are denied.

15.  Admitted in part; denied in part.  It is admitted only that part of DVI's business included providing lines of credit, which were backed by healthcare receivables.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 15, and, therefore, they are denied.

16.  Admitted in part; denied in part.  It is admitted that Defendant Michael A. O'Hanlon ("O'Hanlon"), held, for some period of time, various positions, including:  DVI's President, Chief

5

Executive Officer, and/or a director of DVI.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 16, and, therefore, they are denied.

17.   Admitted in part; denied in part.   It is admitted that Defendant Steven R. Garfinkel ("Garfinkel"), held, for some period of time, various positions, including:   DVI's Executive Vice President and/or Chief Financial Officer.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 17, and, therefore, they are denied.

18.   Admitted in part; denied in part.   It is admitted that Defendant Richard E. Miller ("Miller"), held, for some period of time, various positions, including:   Executive Vice President of DVI and/or President of DVIFS.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 18, and, therefore, they are denied.

19.   Admitted in part; denied in part.   It is admitted that Defendant John P. Boyle ("Boyle"), held, for some period of time, various positions, including:   DVI's Vice President and Chief Accounting Officer.   After reasonable investigation, Mr. Roberts

6

lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 19, and, therefore, they are denied.

20.  Admitted in part; denied in part.  It is admitted that Defendant Anthony J. Turek ("Turek"), held, for some period of time, various positions, including:  DVI's Executive Vice President and/or Chief Credit Officer.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 20, and, therefore, they are denied.

21.  Admitted in part; denied in part.  It is admitted that Defendant Raymond D. Fear ("Fear") was, at some point in time, a Vice President of Credit for DVI.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 21, and, therefore, they are denied.

22.  Admitted in part; denied in part.  It is admitted only that Plaintiff, in its Complaint, sometimes uses the term "Officer Defendants" to refer to Defendants O'Hanlon, Garfinkel, Miller, Boyle, Turek and Fear.  The remaining allegations in paragraph 22 are denied.

23.  Admitted in part; denied in part.  It is admitted that Defendant William S. Goldberg ("Goldberg"), was, at some point in

7

time, a Director of DVI.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 23, and, therefore, they are denied.

24.    Admitted in part; denied in part.    It is admitted that Defendant Gerald L. Cohn ("Cohn"), was, at some point in time, a Director of DVI.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 24, and, therefore, they are denied.

25.    Admitted in part; denied in part.    It is admitted that Defendant John E. McHugh ("McHugh"), was, at some point in time, a Director of DVI.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 25, and, therefore, they are denied.

26.    Admitted in part; denied in part.    Mr. Roberts admits only that he was a member of DVI's Board of Directors between 1996 and 2003 and, at some point in time, was a member of the Executive and Compensation Committees of the Board of Directors.    Mr. Roberts denies the remaining allegations in paragraph 26, and demands specific proof from Plaintiff for these allegations.

27.    Admitted in part; denied in part.    It is admitted that Defendant Nathan Shapiro ("Shapiro"), was, at some point in time,

8

659172-1

a director of DVI.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 27, and, therefore, they are denied.

28.  Admitted in part; denied in part.  It is admitted only that Plaintiff, in its Complaint, sometimes uses the term "Director Defendants" to refer to Defendants O'Hanlon, Cohn, Goldberg, McHugh, Roberts and Shapiro.  The remaining allegations in paragraph 28 are denied.

29.  Denied.   The averments in paragraph 29 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

30.  Denied.   The averments in paragraph 30 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

31.  Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 31, and, therefore, they are denied.

32.  Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to

9

the truth or falsity of the averments in paragraph 32, and, therefore, they are denied.

33. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 33, and, therefore, they are denied.

34. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 34, and, therefore, they are denied.

35. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 35, and, therefore, they are denied.

36. Denied. In response to sentence one of paragraph 36, after reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in this sentence, and, therefore, they are denied. Sentence two of paragraph 36 is denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in this sentence that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied.

10

37. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 37, and, therefore, they are denied. To the extent that paragraph 37 purports to describe the contents of reports prepared by DVI's Workout Department, those documents speak for themselves.

38. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 38, and, therefore, they are denied.

39. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 39, and, therefore, they are denied.

40. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 40, and, therefore, they are denied.

41. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 41, and, therefore, they are denied.

42. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to

11

the truth or falsity of the averments in paragraph 42, and, therefore, they are denied.

43.   Admitted in part; denied in part.   Mr. Roberts admits only that, at some point in time, he was a member of the Executive Committee of DVI's Board of Directors.   The remaining averments in paragraph 43 are denied.

44.   Admitted in part; denied in part.   It is admitted only that, at some point in time, DVI's Board of Directors adopted a written Audit Committee Charter.   To the extent that paragraph 44 purports to quote from or otherwise describe the contents of DVI's Audit Committee Charter, that document speaks for itself.   The remaining averments in paragraph 44 are denied.

45.   Denied.   To the extent that paragraph 45 purports to quote from or otherwise describe the contents of DVI's Audit Committee Charter, that document speaks for itself.   The remaining averments in paragraph 45 are denied.

46.   Denied.   To the extent that paragraph 46 and its subparts purport to quote from or otherwise describe the contents of DVI's Audit Committee Charter, that document speaks for itself. The remaining averments in paragraph 46 are denied.

47.   Denied.   To the extent that paragraph 47 purports to quote or otherwise describe the contents of DVI's Audit Committee Charter, that document speaks for itself.   The remaining averments in paragraph 47 are denied.

12

48.   Denied.   With respect to sentence one of paragraph 48, after reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in this sentence, and, therefore, they are denied.   Sentence two is denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 48 that relate to persons other than Mr. Roberts, and, therefore, they are denied. The remaining averments in paragraph 48 are denied.

49.   Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 49, and, therefore, they are denied.

50.   Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 50, and, therefore, they are denied.

51.   Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 51, and, therefore, they are denied.

52.   Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to

13

the truth or falsity of the averments in paragraph 52, and, therefore, they are denied.

53. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 53 that relate to persons or entities other than Mr. Roberts, and, therefore, they are denied. The remaining averments in paragraph 53 are denied.

54. Denied. With respect to sentences one and two of paragraph 54, after reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in these sentences, and, therefore, they are denied. Sentence three of paragraph 54 and its subparts are denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in sentence three and its subparts that relate to the conduct of persons or entities other than Mr. Roberts, and, therefore, they are denied. The remaining averments in paragraph 54 are denied.

55. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 55, and, therefore, they are denied.

14

56. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 56, and, therefore, they are denied.

57. Admitted in part; denied in part. It is admitted only that Deloitte resigned as DVI's independent auditor. It is further admitted that DVI filed for bankruptcy protection on or about August 25, 2003. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments in paragraph 57, and, therefore, they are denied.

58. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 58 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining averments in paragraph 58 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, the averments in paragraph 58 are denied.

59. Denied. To the extent that paragraph 59 purports to quote from or otherwise describe the contents of DVI's "operating guidelines and/or servicing requirements," those materials speak for themselves. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the

15

truth or falsity of the remaining averments in paragraph 59, and, therefore, they are denied.

60. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the factual averments in paragraph 60, and, therefore, they are denied. The remaining averments in paragraph 60 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

61. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 61 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining averments in paragraph 61 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, the averments in paragraph 61 are denied.

62. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 62, and, therefore, they are denied.

63. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to

16

the truth or falsity of the averments in paragraph 63, and, therefore, they are denied.

64. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 64, and, therefore, they are denied.

65. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 65 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining averments in paragraph 65 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, the averments in paragraph 65 are denied.

66. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 66, and, therefore, they are denied.

67. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 67, and, therefore, they are denied.

68. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to

17

the truth or falsity of the averments in paragraph 68, and, therefore, they are denied. The remaining averments in paragraph 68 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

69. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 69 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining averments in paragraph 69 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

70. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 70, and, therefore, they are denied.

71. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 71, and, therefore, they are denied. The remaining averments in paragraph 71 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

18

72.   Denied.    After  reasonable  investigation,  Mr.  Roberts lacks sufficient knowledge or information to form a belief as to the  truth  or  falsity  of  the  averments  in  paragraph  72,  and, therefore, they are denied.

73.  Denied.    After  reasonable  investigation,  Mr.  Roberts lacks sufficient knowledge or information to form a belief as to the  truth  or  falsity  of  the  averments  in  paragraph  73,  and, therefore, they are denied.   The remaining averments in paragraph 73 contain conclusions of law to which no responsive pleading is required.    To  the  extent  that  a  response  is  required,  these allegations are denied.

74.   Denied.    After  reasonable  investigation,  Mr.  Roberts lacks sufficient knowledge or information to form a belief as to the  truth  or  falsity  of  the  averments  in  paragraph  74,  and, therefore, they are denied.

75.   Denied as to the alleged conduct of Mr. Roberts.   After reasonable  investigation,  Mr.  Roberts  lacks  sufficient  knowledge or information to form a belief as to the truth or falsity of the averments  in  paragraph  75  that  relate  to  the  alleged  conduct  of persons  other  than  Mr.  Roberts,  and,  therefore,  they  are  denied. The remaining averments in paragraph 75 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

19

76.   Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 76 that relate to the alleged conduct of persons or entities other than Mr. Roberts, and, therefore, they are denied.   To the extent that paragraph 76 purports to quote from or otherwise describe the contents of Deloitte's management letters, those documents speak for themselves.   The remaining averments in paragraph 76 also contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

77.   Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 77 that relate to persons other than Mr. Roberts, and, therefore, they are denied.   To the extent that paragraph 77 purports to quote from or otherwise describe the contents of Deloitte's management letters, those documents speak for themselves. The remaining averments in paragraph 77 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

78.   Denied.   To the extent that paragraph 78 purports to quote from or otherwise describe the contents of letters allegedly

20

659172-1

sent by the Securities and Exchange Commission ("SEC") to DVI, those documents speak for themselves.  The remaining averments in paragraph 78 are denied.

79.  Denied as to the alleged conduct of Mr. Roberts.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 79 that relate to persons or entities other than Mr. Roberts, and, therefore, they are denied.  The remaining allegations in paragraph 79 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

80.  Denied as to the alleged conduct of Mr. Roberts.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 80 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied.  The remaining averments in paragraph 80 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

81.  Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 81, and, therefore, they are denied.  The remaining allegations in paragraph 81 contain conclusions of law to which no responsive

21

pleading is required.  To the extent that a response is required, these allegations are denied.

82.  Admitted in part; denied in part.  It is admitted only that the Hit Factory ("THF") was a recording studio in New York and, at some point in time, DVI loaned money to THF.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 82, and, therefore, they are denied.

83.  Denied as to the alleged conduct of Mr. Roberts.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 83 that relate to the alleged conduct of persons or entities other than Mr. Roberts, and, therefore, they are denied.  The remaining averments in paragraph 83 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

84.  Denied as to the alleged conduct of Mr. Roberts.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 84 that relate to the alleged conduct of persons or entities other than Mr. Roberts, and, therefore, they are denied.  The remaining averments in paragraph 84 contain conclusions of law to which no responsive pleading is required.

22

To the extent that a response is required, these allegations are denied.

85.  Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 85, and, therefore, they are denied.

86.  Denied as to the alleged conduct of Mr. Roberts.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 86 that relate to persons other than Mr. Roberts, and, therefore, they are denied.  The remaining allegations in paragraph 86 are denied.

87.  Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 87, and, therefore, they are denied.

88.  Denied as to the alleged conduct of Mr. Roberts.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 88 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining averments in paragraph 88 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

23

89. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 89, and, therefore, they are denied.

90. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 90, and, therefore, they are denied.

91. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 91 that relate to persons other than Mr. Roberts, and, therefore, they are denied. By way of further response, the allegations in paragraph 91 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

92. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 92, and, therefore, they are denied.

93. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 93, and, therefore, they are denied.

24

94.   Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 94 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 94 are denied.

95.   Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 95, and, therefore, they are denied.   The remaining allegations in paragraph 95 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

96.   Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 96, and, therefore, they are denied.

97.   Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 97, and, therefore, they are denied.

98.   Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to

25

the truth or falsity of the averments in paragraph 98, and, therefore, they are denied.

99. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 99 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 99 are denied.

100. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 100 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 100 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

101. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 101, and, therefore, they are denied.

102. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 102, and, therefore, they are denied.

26

659172-1

103. Denied.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 103, and, therefore, they are denied.

104. Denied as to the alleged conduct of Mr. Roberts.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 104 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 104 contain conclusions of law to which no responsive pleading is required.    To the extent that a response is required, these allegations are denied.

105. Denied as to the alleged conduct of Mr. Roberts.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 105 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 105 are denied.

106. Denied as to the alleged conduct of Mr. Roberts.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 106 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 106 are denied.

27

107. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 107 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 107 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

108. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 108 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 108 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

109. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 109, and, therefore, they are denied.

110. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 110, and, therefore, they are denied.

28

111. Denied.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 111, and, therefore, they are denied.

112. Denied as to the alleged conduct of Mr. Roberts.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 112 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 112 are denied.

113. Denied as to the alleged conduct of Mr. Roberts.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 113 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. To the extent that paragraph 113 purports to quote from or otherwise describe Deloitte's management letters, those documents speak for themselves.    The remaining allegations in paragraph 113 contain conclusions of law to which no responsive pleading is required.    To the extent that a response is required, these allegations are denied.

114. Denied as to the alleged conduct of Mr. Roberts.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the

29

averments in paragraph 114 and its subparts that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 114 and its subparts contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

115. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 115 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 115 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

116. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 116 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. To the extent that paragraph 116 purports to quote from or otherwise describe Deloitte's management letters, those documents speak for themselves. The remaining allegations in paragraph 116 contain conclusions of law to which no responsive pleading is

30

required.    To the extent that a response is required, these allegations are denied.

117. Denied as to the alleged conduct of Mr. Roberts.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 117 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 117 contain conclusions of law to which no responsive pleading is required.    To the extent that a response is required, these allegations are denied.

118. Mr. Roberts sets forth his responses to paragraphs 1 through 117 as if fully set forth herein.

119. Denied.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 119, and, therefore, they are denied.    The remaining allegations in paragraph 119 contain conclusions of law to which no responsive pleading is required.    To the extent that a response is required, these allegations are denied.

120. Denied.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 120 and it subparts (a) through (i), and, therefore, they are denied. The remaining allegations in paragraph 120 and its subparts (a)

31

through (i) contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

121. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 121, and, therefore, they are denied. The remaining allegations in paragraph 121 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

122. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 122, and, therefore, they are denied. The allegations in paragraph 122 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

123. Denied. The allegations in paragraph 123 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

124. Mr. Roberts sets forth his responses to paragraphs 1 through 123 as if fully set forth herein.

32

125. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 125, and, therefore, they are denied. The remaining allegations in paragraph 125 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

126. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 126, and, therefore, they are denied. The remaining allegations in paragraph 126 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

127. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 127, and, therefore, they are denied. The remaining allegations in paragraph 127 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

128. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 128, and,

33

therefore, they are denied. The remaining allegations in paragraph 128 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

129. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 129, and, therefore, they are denied. The remaining allegations in paragraph 129 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

130. Denied. The allegations in paragraph 130 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

131. Mr. Roberts sets forth his responses to paragraphs 1 through 130 as if fully set forth herein.

132. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 132, and, therefore, they are denied. The remaining allegations in paragraph 132 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

34

133. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 133, and, therefore, they are denied.   The remaining allegations in paragraph 133 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

134. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 134, and, therefore, they are denied.   The remaining allegations in paragraph 134 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

135. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 135, and, therefore, they are denied.   The remaining allegations in paragraph 135 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

136. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 136, and,

35

therefore, they are denied. The remaining allegations in paragraph 136 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

137. Denied. The allegations in paragraph 137 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

138. Mr. Roberts sets forth his responses to paragraphs 1 through 137 as if fully set forth herein.

139. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 139, and, therefore, they are denied. The remaining allegations in paragraph 139 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

140. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 140, and, therefore, they are denied. The remaining allegations in paragraph 140 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

36

141. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 141, and, therefore, they are denied. The remaining allegations in paragraph 141 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

142. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 142, and, therefore, they are denied. The remaining allegations in paragraph 142 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

143. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 143, and, therefore, they are denied. The remaining allegations in paragraph 143 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

144. Denied. The allegations in paragraph 144 contain conclusions of law to which no responsive pleading is required.

37

659172-1

To the extent that a response is required, these allegations are denied.

145. Mr. Roberts sets forth his responses to paragraphs 1 through 144 as if fully set forth herein.

146. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 146, and, therefore, they are denied. The remaining allegations in paragraph 146 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

147. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 147, and, therefore, they are denied. The remaining allegations in paragraph 147 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

148. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 148, and, therefore, they are denied. The remaining allegations in paragraph 148 contain conclusions of law to which no responsive

38

pleading is required.  To the extent that a response is required, these allegations are denied.

149. Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 149, and, therefore, they are denied.  The remaining allegations in paragraph 149 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

150. Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 150, and, therefore, they are denied.  The remaining allegations in paragraph 150 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

151. Denied.  The allegations in paragraph 151 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

152. Mr. Roberts sets forth his responses to paragraphs 1 through 151 as if fully set forth herein.

153. Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to

39

the truth or falsity of the averments in paragraph 153, and, therefore, they are denied. The remaining allegations in paragraph 153 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

154. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 154, and, therefore, they are denied. The remaining allegations in paragraph 154 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

155. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 155, and, therefore, they are denied. The remaining allegations in paragraph 155 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

156. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 156, and, therefore, they are denied. The remaining allegations in paragraph 156 contain conclusions of law to which no responsive

40

pleading is required.  To the extent that a response is required, these allegations are denied.

157. Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 1157, and, therefore, they are denied.  The remaining allegations in paragraph 157 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

158. Denied.  The allegations in paragraph 158 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

159. Mr. Roberts sets forth his responses to paragraphs 1 through 158 as if fully set forth herein.

160. Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 160, and, therefore, they are denied.  The remaining allegations in paragraph 160 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

161. Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to

41

the truth or falsity of the averments in paragraph 161, and, therefore, they are denied. The remaining allegations in paragraph 161 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

162. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 162, and, therefore, they are denied. The remaining allegations in paragraph 162 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

163. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 163, and, therefore, they are denied. The remaining allegations in paragraph 163 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

164. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 164, and, therefore, they are denied. The remaining allegations in paragraph 164 contain conclusions of law to which no responsive

42

pleading is required.   To the extent that a response is required, these allegations are denied.

165. Denied.   The allegations in paragraph 165 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

166. Mr. Roberts sets forth his responses to paragraphs 1 through 165 as if fully set forth herein.

167. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 167, and, therefore, they are denied.   The remaining allegations in paragraph 167 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

168. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 168, and, therefore, they are denied.   The remaining allegations in paragraph 168 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

169. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to

43

the truth or falsity of the averments in paragraph 169, and, therefore, they are denied.    The remaining allegations in paragraph 169 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

170. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 170, and, therefore, they are denied.   The remaining allegations in paragraph 170 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

171. Denied.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 171, and, therefore, they are denied.    The remaining allegations in paragraph 171 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

172. Denied.   The allegations in paragraph 172 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

173. Mr. Roberts sets forth his responses to paragraphs 1 through 172 as if fully set forth herein.

174. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 174, and, therefore, they are denied. The remaining allegations in paragraph 174 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

175. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 175, and, therefore, they are denied. The remaining allegations in paragraph 175 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

176. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 176, and, therefore, they are denied. The remaining allegations in paragraph 176 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

45

177. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 177, and, therefore, they are denied. The remaining allegations in paragraph 177 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

178. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 178, and, therefore, they are denied. The remaining allegations in paragraph 178 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

179. Denied. The allegations in paragraph 179 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

180. Mr. Roberts sets forth his responses to paragraphs 1 through 179 as if fully set forth herein.

181. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 181, and, therefore, they are denied. The remaining allegations in

46

paragraph 181 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

182. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 182, and, therefore, they are denied. The remaining allegations in paragraph 182 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

183. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 183, and, therefore, they are denied. The remaining allegations in paragraph 183 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

184. Denied. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 184, and, therefore, they are denied. The remaining allegations in paragraph 184 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

47

185. Denied.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 185, and, therefore, they are denied.    The remaining allegations in paragraph 185 contain conclusions of law to which no responsive pleading is required.    To the extent that a response is required, these allegations are denied.

186. Denied.    The allegations in paragraph 186 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

187. Mr. Roberts sets forth his responses to paragraphs 1 through 187 as if fully set forth herein.

188. Denied as to the alleged conduct of Mr. Roberts.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 188 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 188 contain conclusions of law to which no responsive pleading is required.    To the extent that a response is required, these allegations are denied.

189. Denied as to the alleged conduct of Mr. Roberts.    After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the

48

averments in paragraph 189 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 189 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

190. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 190 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 190 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

191. Denied.   The allegations in paragraph 191 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

192. Mr. Roberts sets forth his responses to paragraphs 1 through 191 as if fully set forth herein.

193. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 193 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied.

49

The remaining allegations in paragraph 193 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

194. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 194 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 194 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

195. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 195 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 195 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

196. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 196 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied.

50

The remaining allegations in paragraph 196 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

197. Denied. The allegations in paragraph 197 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

198. Mr. Roberts sets forth his responses to paragraphs 1 through 197 as if fully set forth herein.

199. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 199 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 199 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

200. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 200 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 200 contain conclusions of

51

law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

201. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 201 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 201 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

202. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 202 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 202 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

203. Denied. The allegations in paragraph 203 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

204. Mr. Roberts sets forth his responses to paragraphs 1 through 203 as if fully set forth herein.

52

659172-1

205. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 205 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 205 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

206. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 206 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 206 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

207. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 207 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 207 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

53

208. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 208 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 208 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

209. Denied.    The  allegations  in  paragraph  209  contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

210. Mr. Roberts sets forth his responses to paragraphs 1 through 209 as if fully set forth herein.

211. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 211 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 211 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

212. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge

54

or information to form a belief as to the truth or falsity of the averments in paragraph 212 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 212 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

213. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 213 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 213 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

214. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 214 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 214 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

215. Denied. The allegations in paragraph 215 contain conclusions of law to which no responsive pleading is required.

To the extent that a response is required, these allegations are denied.

216. Mr. Roberts sets forth his responses to paragraphs 1 through 215 as if fully set forth herein.

217. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 217 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 217 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

218. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 218 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 218 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

219. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 219 that relate to the alleged conduct of

56

persons other than Mr. Roberts, and, therefore, they are denied.
The remaining allegations in paragraph 219 contain conclusions of
law to which no responsive pleading is required.   To the extent
that a response is required, these allegations are denied.

220. Denied as to the alleged conduct of Mr. Roberts.   After
reasonable investigation, Mr. Roberts lacks sufficient knowledge
or information to form a belief as to the truth or falsity of the
averments in paragraph 220 that relate to the alleged conduct of
persons other than Mr. Roberts, and, therefore, they are denied.
The remaining allegations in paragraph 220 contain conclusions of
law to which no responsive pleading is required.   To the extent
that a response is required, these allegations are denied.

221. Denied.   The allegations in paragraph 221 contain
conclusions of law to which no responsive pleading is required.
To the extent that a response is required, these allegations are
denied.

222. Mr. Roberts sets forth his responses to paragraphs 1
through 221 as if fully set forth herein.

223. Denied as to the alleged conduct of Mr. Roberts.   After
reasonable investigation, Mr. Roberts lacks sufficient knowledge
or information to form a belief as to the truth or falsity of the
averments in paragraph 223 that relate to the alleged conduct of
persons other than Mr. Roberts, and, therefore, they are denied.
The remaining allegations in paragraph 223 contain conclusions of

57

law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

224. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 224 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 224 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

225. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 225 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 225 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

226. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 226 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 226 contain conclusions of

58

law to which no responsive pleading is required.  To the extent
that a response is required, these allegations are denied.

227. Denied.   The  allegations  in  paragraph  227  contain
conclusions of law to which no responsive pleading is required.
To the extent that a response is required, these allegations are
denied.

228. Mr. Roberts sets forth his responses to paragraphs 1
through 227 as if fully set forth herein.

229. Denied as to the alleged conduct of Mr. Roberts.  After
reasonable investigation, Mr. Roberts lacks sufficient knowledge
or information to form a belief as to the truth or falsity of the
averments in paragraph 229 that relate to the alleged conduct of
persons other than Mr. Roberts, and, therefore, they are denied.
The remaining allegations in paragraph 229 contain conclusions of
law to which no responsive pleading is required.  To the extent
that a response is required, these allegations are denied.

230. Denied as to the alleged conduct of Mr. Roberts.  After
reasonable investigation, Mr. Roberts lacks sufficient knowledge
or information to form a belief as to the truth or falsity of the
averments in paragraph 230 that relate to the alleged conduct of
persons other than Mr. Roberts, and, therefore, they are denied.
The remaining allegations in paragraph 230 contain conclusions of
law to which no responsive pleading is required.  To the extent
that a response is required, these allegations are denied.

59

231. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 231 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 231 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

232. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 232 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 232 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, these allegations are denied.

233. Denied.   The allegations in paragraph 233 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

234. Mr. Roberts sets forth his responses to paragraphs 1 through 233 as if fully set forth herein.

235. Denied as to the alleged conduct of Mr. Roberts.   After reasonable investigation, Mr. Roberts lacks sufficient knowledge

60

or information to form a belief as to the truth or falsity of the averments in paragraph 235 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 235 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

236. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 236 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 236 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

237. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 237 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 237 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

238. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge

659172-1

or information to form a belief as to the truth or falsity of the averments in paragraph 238 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 238 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

239. Denied. The allegations in paragraph 239 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

240. Mr. Roberts sets forth his responses to paragraphs 1 through 239 as if fully set forth herein.

241. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 241 that relate to the alleged conduct of persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 241 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

242. Denied as to the alleged conduct of Mr. Roberts. After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 242 that relate to the alleged conduct of

62

persons other than Mr. Roberts, and, therefore, they are denied.
The remaining allegations in paragraph 242 contain conclusions of
law to which no responsive pleading is required.  To the extent
that a response is required, these allegations are denied.

243. Denied as to the alleged conduct of Mr. Roberts.  After
reasonable investigation, Mr. Roberts lacks sufficient knowledge
or information to form a belief as to the truth or falsity of the
averments in paragraph 243 that relate to the alleged conduct of
persons other than Mr. Roberts, and, therefore, they are denied.
The remaining allegations in paragraph 243 contain conclusions of
law to which no responsive pleading is required.  To the extent
that a response is required, these allegations are denied.

244. Denied as to the alleged conduct of Mr. Roberts.  After
reasonable investigation, Mr. Roberts lacks sufficient knowledge
or information to form a belief as to the truth or falsity of the
averments in paragraph 244 that relate to the alleged conduct of
persons other than Mr. Roberts, and, therefore, they are denied.
The remaining allegations in paragraph 244 contain conclusions of
law to which no responsive pleading is required.  To the extent
that a response is required, these allegations are denied.

245. Denied as to the alleged conduct of Mr. Roberts.  After
reasonable investigation, Mr. Roberts lacks sufficient knowledge
or information to form a belief as to the truth or falsity of the
averments in paragraph 245 that relate to the alleged conduct of

63

persons other than Mr. Roberts, and, therefore, they are denied. The remaining allegations in paragraph 245 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

246. Denied.  After reasonable investigation, Mr. Roberts lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments in paragraph 246, and, therefore, they are denied.  The remaining allegations in paragraph 246 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

247. Denied.  The allegations in paragraph 247 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Harry Roberts and fails to comply with Rule 9(b) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations.

659172-1

## THIRD AFFIRMATIVE DEFENSE

Mr. Roberts was entitled to, and did, rely upon recommendations, statements and representations of DVI's management.

## FOURTH AFFIRMATIVE DEFENSE

Mr. Roberts was entitled to, and did, rely upon recommendations, statements and representations of Deloitte.

## FIFTH AFFIRMATIVE DEFENSE

Mr. Roberts was entitled to, and did, rely upon recommendations, statements and representations of DVI's legal counsel.

## SIXTH AFFIRMATIVE DEFENSE

If any alleged misrepresentation or omission occurred, which Mr. Roberts denies, those misrepresentations or omissions were not material.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Mr. Roberts at all times acted with reasonable care and diligence with respect to the allegations that Plaintiff has made in his Complaint.

659172-1

## EIGHTH AFFIRMATIVE DEFENSE

The actions or inactions of Mr. Roberts were not the sole proximate cause, or the joint proximate cause, or any of the injuries alleged by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Mr. Roberts are barred because the injuries Plaintiff sustained, if any, were caused by the actions or inactions by parties outside the control of Mr. Roberts, or economic events that were, likewise, outside the control of Mr. Roberts. These actions, inactions and events were intervening or superseding causes of Plaintiff's alleged damages.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages, which Mr. Roberts denies, Plaintiff failed to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Mr. Roberts complied faithfully with all duties of disclosure to which he was subject and breached no duty of disclosure applicable to him.

## TWELFTH AFFIRMATIVE DEFENSE

Mr. Roberts denies making the misrepresentations or omissions alleged in the Complaint.

659172-1

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiffs did not actually, justifiably, reasonably or otherwise rely on any alleged misrepresentations or omissions by Harry Roberts alleged in the Complaint to have been false or misleading.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Harry Roberts acted in accordance with applicable state and federal law, and there is no liability for any such act or omission alleged.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's own unclean hands and wrongful conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff knew or in the exercise of reasonable care should have known of the alleged misrepresentations and omissions alleged in the Complaint, and thus was negligent.  This negligence was the cause in fact and proximate cause of the damages alleged in the Complaint, and thus Plaintiff's recovery is barred either in whole or in part.

67

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any losses under the circumstances alleged in the Complaint (which Harry Roberts denies), then Harry Roberts' liability, if any, must be limited to only that portion of damages that corresponds to their respective fault and responsibility and Harry Roberts is not liable for any damages attributable to the responsibility, negligence, or fault of any other person or entity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or the damages (if any) allegedly sustained by Plaintiff are reduced by, Plaintiff's contributory and/or comparative or proportional fault and/or the comparative or proportional fault, if any, of third parties.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by waiver and estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert some or all of its claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff had actual or constructive knowledge of all or part of

659172-1

the facts that were allegedly misrepresented or omitted by Harry Roberts.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

At all times, Mr. Roberts acted in good faith and exercised reasonable business judgment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that they are applicable to Mr. Roberts, Mr. Roberts hereby incorporates by reference any and all other defenses that have been or will be asserted by any other Defendant in this action.

Additional facts may be revealed by future discovery that supports additional affirmative defenses presently available to, but unknown to, Harry Roberts. Therefore, Harry Roberts reserves the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

### CROSS-CLAIM AGAINST ALL DEFENDANTS

Mr. Roberts denies he is in any way liable to the Plaintiff. However, in the event that he is found liable to the Plaintiff, then he demands contribution from all other Defendants and, if there is such a disproportion of fault among Defendants that an equal distribution of liability among them would be inequitable,

659172-1

he requests that the relative degrees of fault be determined pursuant to 10 Del C. Section 6302(d).

## DEMAND FOR JURY TRIAL

Mr. Roberts, by and through his undersigned counsel, hereby demands a trial by jury in the above-captioned matter.

## PRAYER FOR RELIEF

For these reasons, Harry Roberts asks that the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby; for the costs of suit, including reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper.

Peter B. Ladig, Esquire
Identification No. 3513
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899

OF COUNSEL:

Gregory P. Miller, Esquire
Stephen G. Stroup, Esquire
MILLER, ALFANO & RASPANTI, P.C.
1818 Market Street, Suite 3402
Philadelphia, PA    19103
(215) 972-6400

Dated: May 7, 2007

659172-1

## CERTIFICATE OF SERVICE

I, Peter B. Ladig, certify that on May 7, 2007, I caused a copy of the foregoing Defendant Harry T.J. Roberts' Answer to Plaintiff's Complaint with Affirmative Defenses to be filed with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following parties:

Francis A. Monaco, Jr., Esquire
Joseph J. Bodnar, Esquire
Monzack & Monaco, P.A.
1201 North Orange Street
Suite 400
Wilmington, DE   19899
***Attorney for Official Committee of Unsecured Creditors of DVI, Inc., et al. and Dennis J. Buckley, Trustee of the DVI Liquidating Trust***

David A. Felice, Esquire
Cozen & O'Connor
Chase Manhattan Centre
1201 North Market Street
Suite 1400
Wilmington, DE   19801
***Counsel for Anthony J. Turek***

David E. Brand, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE   19899
***Counsel for Richard E. Miller***

Martin James Weis, Esquire
Dilworth Paxson LLP
First Federal Plaza,
Suite 500
Wilmington, DE   19801
***Counsel for Steven R. Garfinkel***

Arthur G. Connolly, Jr., Esq.
Connolly, Bove, Lodge & Lutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE   19899
***Counsel for William S. Goldberg, John E. McHugh & Nathan Shapiro***

Kathleen M. McCormick, Esquire
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE   19899

Phillip Trainer, Jr., Esquire
Lauren E. Maguire, Esquire
Ashby & Geddes
222 Delaware Avenue 17th Floor
P.O. Box 1150
Wilmington, DE   19899

659173-1

And that on May 7, 2007, a copy of the foregoing Defendant Harry T.J. Robert's Answer to

Plaintiff's Complaint with Affirmative Defenses was served by first class mail on the following:

Thomas A. Leonard, Esquire
William Leonard, Esquire
Obermayer Rebmann Maxwell &
  Hippel, LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103
***Counsel for Gerald Cohn***

J. Andrew Rahl, Jr., Esquire
Melissa Rubestein, Esquire
Danielle Marlow, Esquire
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
***Attorney for Dennis J. Buckley, Trustee of the
DVI Liquidating Trust***

Richard L. Scheff, Esquire
Jeffrey Feldman, Esquire
Montgomery, McCracken, Walker &
  Rhoads, LLP
123 South Broad Street, 28th Floor
Philadelphia, PA  19109
***Counsel for Michael O'Hanlon***

Laurie A. Krepto, Esquire
Montgomery, McCracken Walker &
Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
***Counsel for Michael O'Hanlon***

David W. Marston, Jr., Esquire
William P. Quinn, Jr., Esquire
Karen Pieslak Pohlmann, Esquire
Thomas Ayala, Esquire
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA  19103-2921
**Counsel for Nathan Shapiro, John E. McHugh
and William S. Goldberg**

Maura Fay, Esquire
Dilworth Paxson LLP
1735 Market Street
Philadelphia, PA  19103
***Counsel for Steven R. Garfinkel***

William Taylor, Esquire
Kevin F. Berry, Esquire
John C. Barnoski, Esquire
Cozen & O'Connor
1900 Market Street
Philadelphia, PA  19103
***Counsel for Anthony J. Turek***

Patricia M. Hamill, Esquire
Paul Greco, Esquire
Vincent T. Cieslik, Esquire
Conrad, O'Brien, Gellman & Rohn, P.C.
1515 Market Street 16th Floor
Philadelphia, PA  19102-1916
***Counsel for Richard E. Miller***

Kelly D. Eckel, Esquire
Matthew A. Taylor, Esquire
Robert E. Kelly, Esquire
Duane Morris, LLP
One Liberty Place, Suite 4200
Philadelphia, PA  19103

Julian W. Friedman, Esquire
Stillman & Friedman, P.C.
425 Park Avenue
New York, NY  10022

_____
Peter B. Ladig (#3513)