UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OFFICIAL COMMITTEE OF UNSECURED        :
CREDITORS OF DVI, INC., et al., Debtors and    :
Debtors-in-Possession,                 :
                                       :
                                       :
            Plaintiff,                 :
                                       :
                                       :
    -against-                          :        C. A. No. 04-955  (GMS)
                                       :
MICHAEL A. O'HANLON, STEVEN R.         :
GARFINKEL, RICHARD E. MILLER,          :
JOHN P. BOYLE, ANTHONY J. TU REK,      :
RAYMOND D. FEAR, WILLIAM S.            :
GOLDBERG, GERALD L. COHN,              :
JOHN E. MCHUGH, HARRY T. J. ROBERTS,   :
and NATHAN SHAPIRO,                    :
                                       :
            Defendants.                :

## ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM OF DEFENDANTS NATHAN SHAPIRO, WILLIAM S. GOLDBERG AND JOHN E. MCHUGH TO PLAINTIFF'S COMPLAINT

Defendants Nathan Shapiro, William S. Goldberg and John E. McHugh (collectively "Director Defendants") hereby answer the allegations of the Complaint in accordance with the numbered paragraphs thereof as follows:

1. Admitted in part, denied in part. To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact, it is admitted that on August 25, 2003, DVI filed a petition for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code. The current status of the Bankruptcy Court's proceedings is a matter of public record; Plaintiff's characterization thereof is therefore denied. The allegations are otherwise denied as to Director Defendants.

2. Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. The current status of the Bankruptcy

Court's proceedings is a matter of public record; Plaintiff's characterization thereof is therefore denied.

3.    Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. The current status of the Bankruptcy Court's proceedings is a matter of public record; Plaintiff's characterization thereof is therefore denied.

4.    Admitted in part, denied in part. To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact, it is admitted that at certain times Director Defendants served as outside directors on DVI's Board. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

5.    Admitted in part, denied in part. Admitted that prior to filing a petition for bankruptcy on August 25, 2003, DVI was an independent specialty finance company that provided asset-backed financing to healthcare service providers. The allegations of this paragraph are otherwise denied.

6-9.    Denied. To the extent the allegations of these paragraphs are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact against Director Defendants, such allegations are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

10.    Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are based on a court order, that document that speaks for itself; Plaintiff's characterization thereof is therefore denied. Director Defendants are without knowledge or information sufficient to form a belief as

2

to the truth of the remaining allegations of this paragraph, and those allegations are therefore denied.

11.    Denied as stated.  Admitted that at certain times prior to DVI's filing of a petition for bankruptcy on August 25, 2003, DVI-FS and DVI-BC were incorporated in the State of Delaware, with principal places of business in Jamison, Pennsylvania.

12.    Denied as stated.  Admitted that prior to DVI's filing of a petition for bankruptcy on August 25, 2003, DVI was the parent company of DVI-FS and DVI-BC.

13.    Denied as stated.  Admitted that prior to filing a petition for bankruptcy under Chapter 11 on August 25, 2003, DVI was an independent specialty finance company that provided asset-backed financing to healthcare service providers.

14.    Admitted.

15.    Admitted.

16.    Admitted in part, denied in part.  The allegations contained in the first and second sentences of this paragraph are admitted.  Denied that O'Hanlon was a member of the Audit Committee from December 2002 to August 25, 2003.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they are therefore denied.

17.    Admitted in part, denied in part.  Admitted that Steven R. Garfinkel ("Garfinkel") was an Executive Vice President and Chief Financial Officer at certain times.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the last sentence of this paragraph, and they are therefore denied.

18.    Admitted in part, denied in part.  Admitted that Richard E. Miller ("Miller") was DVI's Executive Vice President and President of DVI FS at certain times.  Director Defendants

are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they are therefore denied.

19.    Admitted in part; denied in part. Admitted that John P. Boyle ("Boyle") was a Vice President, Secretary and Chief Accounting Officer for DVI at certain times. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they are therefore denied.

20.    Admitted in part; denied in part. Admitted that Anthony J. Turek ("Turek") was an Executive Vice President and the Chief Credit Officer for DVI at certain times. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they are therefore denied.

21.    Admitted in part, denied in part. Admitted that Raymond Fear ("Fear") was at certain times a Vice President of Credit for DVI and interacted with DVI's loan workout group. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they are therefore denied.

22.    Admitted in part, denied in part. Admitted that Plaintiff sometimes use the term "Officer Defendants" to refer to certain defendants in this action but deny that such characterization is appropriate.

23.    Admitted in part, denied in part. Admitted that William S. Goldberg ("Goldberg") was a member of the Board of Directors of DVI from 1995 to December 13, 2004. Director Defendants further admit that Goldberg was a member of the Audit Committee from March 2000 to July 2002 and at certain times was a member of the Compensation Committee. The remaining allegations of this paragraph are denied.

24.    Admitted in part, denied in part. Admitted that at certain times Gerald L. Cohn ("Cohn") served as a member of the Compensation Committee of DVI's Board of Directors. Director Defendants further admit that at certain times Cohn was an employee of DVI and served

as a member of DVI's Credit Committee. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they are therefore denied.

25.     Admitted in part, denied in part. Admitted that John E. McHugh ("McHugh") was a member of the Board of Directors of DVI from 1990 to December 13, 2004, and that at certain times he was on the Audit Committee of DVI's Board of Directors. The remaining allegations of this paragraph are denied.

26.     Admitted in part, denied in part. Admitted that Harry T.J. Roberts ("Roberts") was a Director at DVI at certain times. Denied that Roberts was on the Audit Committee of DVI's Board of Directors. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they are therefore denied.

27.     Admitted in part, denied in part. Admitted that Nathan Shapiro ("Shapiro") was a member of the Board of Directors of DVI from 1995 to December 13, 2004, and that at certain times he was a member of the Audit Committee of DVI's Board of Directors. The remaining allegations of this paragraph are denied.

28.     Admitted in part, denied in part. Admitted that Plaintiff sometimes use the term "Director Defendants" to refer to certain defendants in this action but deny that such characterization is appropriate.

29.     Denied. The allegations of this paragraph are conclusions of law to which no response is required, and they are therefore deemed denied.

30.     Denied. The allegations of this paragraph are conclusions of law to which no response is required, and they are therefore deemed denied.

31.     Admitted in part, denied in part. Admitted that DVI-FS and DVI-BC obtained credit from banks and other financial institutions. Director Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and those allegations are therefore denied.

32.    Admitted in part, denied in part.  Admitted that at certain times, Cohn served as a member of DVI's Credit Committee.  DVI's established protocols are reflected in documents that speak for themselves; Plaintiff's characterization thereof is therefore denied.  Director Defendants are without knowledge or information sufficient to form belief as to the truth of the allegations of this paragraph, and they are therefore denied.

33.    Admitted in part, denied in part.  On information and belief, admitted that internal records were maintained on DVI's InfoLease System.  Further admitted that it was represented to Director Defendants that the InfoLease System was a sophisticated computer database and software system designed for tracking and managing loan and lease receivable assets.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and those allegations are therefore denied.

34 – 38.    Denied as to Director Defendants.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

39.    Admitted in part; denied in part.  Admitted, based on information Director Defendants have as of the date of the filing of this Answer but did not know or have reason to know at any time prior to August 2003, that the Company's loss reserves and write-offs for bad debts remained virtually static despite the worsening payment histories of certain leases and loans.  The allegations of this paragraph are otherwise denied.

40 – 42.    Denied as to Director Defendants.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

43.    Admitted in part, denied in part.  Admitted that DVI had an Executive Committee. Further admitted that O'Hanlon, Miller and Turek were members of the Executive Committee at certain times.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and they are therefore denied.

44.    Admitted in part, denied in part.  Admitted that in or about May 2000, DVI's Board adopted a written Audit Committee Charter.  The Audit Committee Charter speaks for itself; Plaintiff's characterization thereof is therefore denied.

45.    Denied.  The allegations contained in this paragraph are based on the Audit Committee Charter, which is a document that speaks for itself, and Plaintiff's characterization thereof is denied.

46.    Denied.  The allegations contained in this paragraph are based on the Audit Committee Charter, which is a document that speaks for itself, and Plaintiff's characterization thereof is denied.

47.    Denied.  The allegations contained in this paragraph are based on the Audit Committee Charter, which is a document that speaks for itself, and Plaintiff's characterization thereof is denied.

48.    Admitted in part, denied in part. Admitted that from 2000 to July 2002, the Audit Committee included Goldberg, McHugh, and Shapiro.  Further admitted that subsequent thereto, the Audit Committee included McHugh, and Shapiro.  Denied that O'Hanlon, Cohn, or Roberts was a member of the Audit Committee.

49 – 53.    Admitted in part, denied in part. Admitted that Director Defendants were provided information indicating that, at certain times, DVI arranged for financing through securitization transactions or other forms of long-term financing.  Further admitted that Director Defendants were provided information indicating that securitization notes were sold to investors.

7

Upon information and belief, Director Defendants further admit only that they were provided information indicating that the principal and interest on these notes was to be paid from the cash flow produced by the transferred loans and leases. Director Defendants are without knowledge or information sufficient to form a belief as to the actual manner in which the various transactions were executed, and the allegations relating thereto are therefore denied. The allegations of these paragraphs are otherwise denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

54. Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

55. Denied. To the extent the allegations of this paragraph are against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

56. Denied. To the extent the allegations of this paragraph are against Director Defendants, they are denied. To the extent the allegations of this paragraph are directed at other parties, Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and they are therefore denied.

57. Admitted in part, denied in part. Admitted that Deloitte did not certify DVI's Form 10-Q for the quarterly period ended March 31, 2003 and that Deloitte resigned as DVI's independent auditors in June 2003. Director Defendants further admit that certain lenders

8

declared DVI in default in the summer of 2003. Director Defendants further admit that on August 25, 2003, DVI, Inc., DVI-FS, and DVI-BC filed a petition for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code. The allegations of this paragraph are otherwise denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

58.    Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

59.    Denied. The allegations in this paragraph concerning DVI's operating guidelines and/or servicing requirements are based on documents that speak for themselves, and Plaintiff's characterization thereof is denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they are therefore denied.

60 – 70.    Denied. To the extent that the allegations of these paragraphs are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

71.    Admitted in part; denied in part. Admitted, based on information Director Defendants have as of the date of the filing of this Answer but did not know or have reason to know at any time prior to August 2003, that transfers were made to certain entities to avoid

reporting losses or taking certain reserves against certain impaired contracts. The allegations of this paragraph are otherwise denied.

Denied. The allegations of this paragraph are directed to parties other than the Director Defendants and therefore no response is required. To the extent a response is required, Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and those allegations are therefore denied.

73 – 75.    Denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

76.    Admitted in part, denied in part. Admitted that Deloitte prepared certain Management Letters, which were distributed to DVI Management. Further admitted that some of such Management Letters were later provided to the Board and/or Audit Committee. The Management Letters referenced in this paragraph speak for themselves; Plaintiff's characterization thereof is therefore denied. The allegations of this paragraph are otherwise denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

77.    Denied. The Management Letters speak for themselves, and Plaintiff's characterization thereof is denied. The allegations are otherwise denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

78.    Admitted in part, denied in part. Admitted that the SEC sent a series of letters to DVI. The SEC letters speak for themselves; Plaintiff's characterization thereof is therefore denied. The allegations are otherwise denied.

79.    Denied. The SEC letters speak for themselves; Plaintiff's characterization thereof is therefore denied. The allegations of this paragraph are otherwise denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

80 – 84.    Denied. To the extent that the allegations of these paragraphs are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

85 – 88. Admitted in part, denied in part. Admitted that DVI management committed certain funds to Third Coast Capital. The allegations of these paragraphs are otherwise denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

89.    Admitted in part, denied in part. Admitted that DVI management committed certain funds to foreign operations. The allegations of this paragraph are otherwise denied.

90.    Denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

91.    Denied. To the extent that the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

92 – 93.    Admitted in part, denied in part. To the extent the allegations of these paragraphs are conclusions of law, no response in required, and they are therefore deemed denied. To the extent they are allegations of fact, it is admitted, based on information Director Defendants have as of the date of the filing of this Answer but did not know or have reason to know at any time prior to the end of July 2003, that ineligible collateral may have been pledged. The allegations of these paragraphs are otherwise denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of any factual allegations of these paragraphs which are directed to other parties, and those allegations, are therefore denied.

94 – 95.    Denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

96 – 97.    Admitted in part, denied in part. To the extent the allegations of these paragraphs are conclusions of law, no response in required, and they are therefore deemed denied. To the extent they are allegations of fact, it is admitted, based on information Director Defendants have as of the date of the filing of this Answer but did not know or have reason to know at any time prior to the end of July 2003, that certain loans may have been used several times as collateral for borrowing from different lenders. The allegations of these paragraphs are otherwise denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of any factual allegations of these paragraphs which are directed to other parties, and those allegations, are therefore denied.

98.    Denied. DVI's records speak for themselves; Plaintiff's characterization thereof is therefore denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and they are therefore denied.

99.    Denied.  Denied that issues involving the double pledging of collateral, the pledging of ineligible collateral or any other issues related thereto were raised in the presence of Director Defendants or at any board meetings which they attended prior to the end of July 2003. The allegations of this paragraph are otherwise denied as to Director Defendants.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

100.    Denied.  To the extent the allegations of these paragraphs are conclusions of law, no response in required, and they are therefore deemed denied.  To the extent they are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

101.    Admitted in part, denied in part.  Admitted, based on information Director Defendants have as of the date of the filing of this Answer but did not know or have reason to know at any time prior to August 2003, that DVI made certain substantial payments to Lisa Cruikshank, Matthew Goldenberg and Phillip Jackson upon their resignations.  The allegations of this paragraph are otherwise denied.

102.    Admitted in part, denied in part.  Admitted, based on information and belief that Director Defendants have as of the date of the filing of this Answer but did not know or have reason to know at any time prior to August 2003, that certain Treasury Department employees who received substantial severance packages may have expressed concerns to Garfinkel and O'Hanlon over certain improprieties related to the Company's pledging of certain collateral.  The allegations of this paragraph are otherwise denied.

103.    Denied.  The allegations of this paragraph are directed to parties other than Director Defendants and therefore no response is required.  To the extent a response is required,

Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and they are therefore denied.

104.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied.  To the extent they are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

105.    Denied as to Director Defendants.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

106.    Denied as to Director Defendants.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

107.    Denied.  To the extent the allegations of these paragraphs are conclusions of law, no response in required, and they are therefore deemed denied.  To the extent they are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

108.    Denied as to Director Defendants.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

109.    Denied.  The allegations of this paragraph are directed to parties other than the Director Defendants and therefore no response is required.  To the extent a response is required, Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and they are therefore denied.

110.    Denied. The allegations of this paragraph are directed to parties other than the Director Defendants and therefore no response is required. To the extent a response is required, Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and they are therefore denied.

111.    Denied.

112.    Denied.

113.    Denied. The Management Letters speak for themselves; Plaintiff's characterization thereof is therefore denied. The allegations are otherwise denied as to Director Defendants. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of any factual allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

114.    Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

115.    Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

116.    Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied. To the extent they are allegations of fact, the Management Letters speak for themselves; Plaintiff's characterization thereof is therefore denied. The allegations are otherwise denied as to Director Defendants. Director

Defendants are without knowledge or information sufficient to form a belief as to the truth of any factual allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

117.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required, and they are therefore deemed denied.  To the extent they are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are directed to other parties, and those allegations are therefore denied.

118.    Director Defendants incorporate by reference their responses to paragraphs 1 through 117 as if fully set forth herein

119 – 123.    Denied.  The allegations of these paragraphs are directed to parties other than Director Defendants and therefore no response is required.  The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied.  To the extent there are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

124.    Director Defendants incorporate by reference their responses to paragraphs 1 through 123 as if fully set forth herein

125 – 130.    Denied.  The allegations of these paragraphs are directed to parties other than Director Defendants and therefore no response is required. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied.  To the extent there are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as

to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

131.    Director Defendants incorporate by reference their responses to paragraphs 1 through 130 as if fully set forth herein

132 – 137.  Denied.  The allegations of these paragraphs are directed to parties other than Director Defendants and therefore no response is required. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied. To the extent there are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

138.    Director Defendants incorporate by reference their responses to paragraphs 1 through 137 as if fully set forth herein.

139 – 144.  Denied.  The allegations of these paragraphs are directed to parties other than Director Defendants and therefore no response is required. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied. To the extent there are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

145.    Director Defendants incorporate by reference their responses to paragraphs 1 through 144 as if fully set forth herein

146 – 151.   Denied.  The allegations of this paragraph are directed to parties other than Director Defendants and therefore no response is required. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied.

To the extent there are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

152.     Director Defendants incorporate by reference their responses to paragraphs 1 through 151 as if fully set forth herein

153 – 158.  Denied.  The allegations of these paragraphs are directed to parties other than Director Defendants and therefore no response is required. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied. To the extent there are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

159.     Director Defendants incorporate by reference their responses to paragraphs 1 through 158 as if fully set forth herein

160 – 165.  Denied.  The allegations of these paragraphs are directed to parties other than Director Defendants and therefore no response is required. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied. To the extent there are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

166.     Director Defendants incorporate by reference their responses to paragraphs 1 through 165 as if set forth fully herein.

167 – 172.    Denied.  The allegations of these paragraphs are directed to parties other than Director Defendants and therefore no response is required. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied.  To the extent there are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

173.    Director Defendants incorporate by reference their responses to paragraphs 1 through 172 as if set forth fully herein.

174 – 179.    Denied.  The allegations of these paragraphs are directed to parties other than Director Defendants and therefore no response is required. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied.  To the extent there are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

180.    Director Defendants incorporate by reference their responses to paragraphs 1 through 179 as if set forth fully herein.

181 – 186.    Denied.  The allegations of these paragraphs are directed to parties other than Director Defendants and therefore no response is required. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied.  To the extent there are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

187.    Director Defendants incorporate by reference their responses to paragraphs 1 through 186 as if set forth fully herein.

188 – 191.  Denied.  The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied.  To the extent there are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

192.    Director Defendants incorporate by reference their responses to paragraphs 1 through 191 as if set forth fully herein.

193 – 197.    Denied.  The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied.  To the extent there are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

198.    Director Defendants incorporate by reference their responses to paragraphs 1 through 197 as if set forth fully herein.

199 – 203.  Denied.  The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied.  To the extent there are allegations of fact against Director Defendants, they are denied.  Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

204.    Director Defendants incorporate by reference their responses to paragraphs 1 through 203 as if set forth fully herein.

205 – 209.    Denied.  The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied.  To the extent there are

allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

210.    Director Defendants incorporate by reference their responses to paragraphs 1 through 209 as if set forth fully herein.

211 – 215.    Denied. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied. To the extent there are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

216.    Director Defendants incorporate by reference their responses to paragraphs 1 through 215 as if set forth fully herein.

217 – 221.    Denied. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied. To the extent there are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

222.    Director Defendants incorporate by reference their responses to paragraphs 1 through 221 as if set forth fully herein.

223 – 227.    Denied. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied. To the extent there are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

228.    Director Defendants incorporate by reference their responses to paragraphs 1 through 227 as if set forth fully herein.

229 – 233.    Denied. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied. To the extent there are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

234.    Director Defendants incorporate by reference their responses to paragraphs 1 through 233 as if set forth fully herein.

235 – 239.    Denied. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied. To the extent there are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

240.    Director Defendants incorporate by reference their responses to paragraphs 1 through 239 as if set forth fully herein.

241 – 247.    Denied. The allegations of these paragraphs are conclusions of law to which no response is required, and they are therefore deemed denied. To the extent there are allegations of fact against Director Defendants, they are denied. Director Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs which are directed to other parties, and those allegations are therefore denied.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by the statute of limitations.

3.    Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

4.      Plaintiff does not have standing to pursue part or all of the claims advanced.

5.      Plaintiff's losses, if any, were caused by factors other than the conduct of Director Defendants, for which Director Defendants are not responsible, and/or acts of persons for whom Director Defendants are not responsible, and did not result from any acts or omissions of Director Defendants.

6.      Plaintiff's claims are barred in whole or in part for lack of proximate causation between the alleged conduct of Director Defendants and the alleged harm, and by superseding and intervening causation.

7.      Director Defendants acted in good faith and did not act with scienter or intentionally or recklessly.

8.      Director Defendants relied in good faith upon information, opinions, reports, and statements presented by its officers and employees; and upon other persons, including the Company's independent auditor and counsel, as to matters the Director Defendants reasonably believed were within those persons' professional and expert competence and who were selected with reasonable care on behalf of the Company.

9.      Plaintiff's claims against Director Defendants for breach of fiduciary duties fail in light of the exculpatory clause in DVI's certificate of incorporation and 8 Del. C. § 102(b)(7).

10.     Plaintiff's claims against Director Defendants for breach of fiduciary duties fail because of the protections of the business judgment rule.

11.     Plaintiff's claims against Director Defendants fail in light of 8 Del. C. § 141(e).

12.     Plaintiff's claims against Director Defendants are barred by the doctrine of *in pari delicto*.

13.     Director Defendants are not liable because they did not directly or indirectly induce the act or acts constituting the alleged violation(s).

14.     Plaintiff's damages, if any, are speculative, and thus are not recoverable.

23

15.    Plaintiff failed to mitigate its damages.

16.    Plaintiff is not entitled to recovery of its expenses, attorneys' fees, or expert fees.

17.    Director Defendants are entitled to receive contribution and/or indemnity from others for any liability they incur.

18.    The alleged liability of Director Defendants (which they deny) for any damages allegedly suffered by Plaintiff must be limited to only the portion of the alleged damages (if any) that corresponds to their respective fault and responsibility, and Director Defendants are not responsible for any damages attributable to the conduct, responsibility, negligence or fault of any other party.

19.    Director Defendants have insufficient knowledge or information on which to form a belief as to whether there may be additional affirmative defenses available to them, and therefore expressly reserve the right to amend and/or supplement their answers, defenses and other pleadings and reserve the right to assert such additional defenses in the event that discovery indicates they would be appropriate and to assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

20.    Director Defendants hereby adopt and incorporate by reference any and all other defenses asserted, or that may hereafter be asserted, by any other Defendant, to the extent such defenses may be available to Director Defendants.

WHEREFORE, Director Defendants pray for judgment in their favor and against Plaintiff, awarding Director Defendants their costs and expenses incurred in defending this lawsuit (including attorneys' fees) and such other relief as the Court deems just and proper.

## CROSS-CLAIM OF DEFENDANTS NATHAN SHAPIRO, WILLIAM S. GOLDBERG AND JOHN E. MCHUGH AGAINST ALL CO-DEFENDANTS

Director Defendants hereby assert a cross-claim against all co-defendants ("Co-Defendants") in this action. In support thereof, Director Defendants aver that Co-Defendants are or may be liable to Director Defendants for all or part of the claims asserted in this action against Director Defendants. In accordance with Title 10, Delaware Code, Sections 6302 and 6306, Director Defendants expressly reserve their right to have their liability, if any, apportioned in proportion to their relative degrees of fault, as opposed to a pro rata allocation of responsibility for any judgment.

Dated: May 7, 2007

OF COUNSEL:
William P. Quinn, Jr.
Karen Pieslak Pohlmann
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. (215) 963-5575
Fax (215) 963-5299

Arthur G. Connolly, III (I.D. #2667)
Arthur G. Connolly, Jr. (I.D. #496)
CONNOLLY BOVE LODGE &
HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Tel. (302) 658-9141
Fax. (302) 658-5614

Attorneys for Nathan Shapiro,
William S. Goldberg and
John E. McHugh

## CERTIFICATE OF SERVICE

I, Arthur G. Connolly, III, do hereby certify that on May 7, 2007, I electronically filed the

foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing

to the following counsel of record:

Francis A. Monaco, Jr.
Joseph J. Bodnar
Monzack & Monaco, P.A.
1201 North Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19899

David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King St.
P.O. Box 1328
Wilmington, DE 19899

David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 North Market St., Suite 1400
Wilmington, DE 19801

Joanne Ceballos
Adam L. Balick
Bifferato Gentilotti Biden & Balick
711 North King Street
Wilmington, DE 19801-3503

Martin James Weis
Dilworth Paxson LLP
First Federal Plaza
Suite 500
Wilmington, DE 19801

Arthur G. Connolly, III (#2667)

I further certify that on May 7, 2007 I did cause a copy of the foregoing to be mailed

Via the United States Postal Service to the following non-registered participants:

William P. Quinn, Jr., Esq.
Daren P. Pohlmann, Esq.
David W. Marston, Jr., Esq.
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19106

J. Andrew Rahl, Jr., Esq.
Mark L. Weyman, Esq.
Michael J. Venditto, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

Matthew A. Taylor, Esq.
Patrick J. Loftus, Esq.
Robert E. Kelly, Esq.
Kelly D. Ecket, Esq.
Duan Morris LLP
One Liberty Place, Suite 4200
Philadelphia, PA  19103-7396

Julian W. Freidman, Esq.
Maureen Nakly, Esq.
Stillman & Freidman, P.C.
425 Park Avenue
New York, NY  10022

Richard L. Scheff, Esq.
Montgomery, McCracken Walker & Rhoades,
LLP
123 South Broad Street
Philadelphia, PA  19109

Patricia M. Hamill, Esq.
Conrad, O'Brien, Gellman and Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA  19103

Gregory P. Miller, Esq.
Michael A. Morse, Esq.
Stephen G. Stroup, Esq.
Miller Alfano and Raspanti PC
1818 Market Street, Suite 3402
Philadelphia, PA  19103


_____
Arthur G. Connolly, III (#2667)