## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DENNIS J. BUCKLEY, AS TRUSTEE OF
THE DVI LIQUIDATING TRUST,

        Plaintiff,

v.

MICHAEL A. O'HANLON, STEVEN R.
GARFINKEL, RICHARD E. MILLER,
JOHN P. BOYLE, ANTHONY J. TUREK,
RAYMOND D. FEAR, WILLIAM S.
GOLDBERG, GERALD D. COHN, JOHN E.
MCHUGH, HARRY T.J. ROBERTS, and
NATHAN SHAPIRO,

        Defendants.

C.A. No. 04-955 (GMS)

DEMAND FOR JURY TRIAL

## ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIM OF RAYMOND D. FEAR

Defendant Raymond D. Fear, by and through his attorneys, Duane Morris LLP, hereby answers and responds to the allegations contained in the Complaint.

### NATURE OF THE ACTION

1.     Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraph contains conclusions of law, no response is required.

2.     Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraph contains conclusions of law, no response is required.

3.      Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraph contains conclusions of law, no response is required.

4.      Denied. The allegations in this paragraph are based on and relate to the Complaint, which is in writing and speaks for itself, and any characterization thereof is denied.

5.      Admitted.

6.      Denied. To the extent this paragraph contains conclusions of law, no response is required.

7.      It is denied that Fear violated any of his fiduciary duties or that he dissipated DVI's assets to the detriment of DVI and its creditors. To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations. To the extent this paragraph contains conclusions of law, no response is required.

8.      It is denied that Fear caused DVI's insolvency and materially exacerbated DVI's deepening insolvency over the course of several years. To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

9.      Denied. To the extent this paragraph contains conclusions of law, no response is required.

I.      **The DVI Entities**

10.     Denied. The allegations in this paragraph refer to a document, which is in writing and speaks for itself. To the extent this paragraph contains conclusions of law, no response is required.

11.   Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

12.   Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

13.   Admitted.

14.   Admitted.

15.   Admitted

## II.    Defendants

16.   Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

17.   Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

18.   Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

19.   Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

20.   Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

21.   Admitted in part, denied in part.  It is admitted that Fear was a Vice President of Credit for DVI.  All other factual allegations are denied.

22.   The allegations of this paragraph constitute characterizations of the Complaint, which document is in writing and speaks for itself.  Fear denies any characterizations thereof to the extent such are inconsistent therewith.  By way of further answer, Fear denies Plaintiff's characterization of him as one of the "Officer Defendants."

DM1\1118318.1

23.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

24.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

25.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

26.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

27.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

28.    The allegations of this paragraph constitute characterizations of the Complaint, which document is in writing and speaks for itself.  Fear denies any characterizations thereof to the extent such are inconsistent therewith.

## JURISDICTION AND VENUE

29.    This paragraph contains conclusions of law, to which no response is necessary.

30.    This paragraph contains conclusions of law, to which no response is necessary.

## FACTUAL ALLEGATIONS

I.    **DVI'S Business and Operations**

31.    Admitted.

32.    Admitted in part, denied in part.  It is admitted, upon information and belief, that DVI established protocols for originating lease financings by DVI-FS, which included credit review, documentation, workouts and collections.  It is admitted that Fear was a Vice President

of Credit for DVI. Fear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on this basis, Fear denies those allegations.

33.    Admitted.

34.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

## II.    **The Criticized Asset Reports**

35.    Admitted in part, denied in part. It is admitted that DVI's Workout Department prepared periodic reports, known as the "Criticized Asset Reports," which documents are in writing and speak for themselves. Fear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on this basis, Fear denies these allegations.

36.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

37.    The Criticized Asset Reports are documents, which are in writing and speak for themselves. Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

38.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

39.    Denied.

40.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

41.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

42.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

### III.    The Executive Committee

43.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

### IV.    The Audit Committee

44.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

45.    The allegations of this paragraph constitute characterizations of the Audit Committee Charter, which document is in writing and speaks for itself.  Fear denies any characterizations thereof to the extent such are inconsistent therewith.

46.    The allegations of this paragraph constitute characterizations of the Audit Committee Charter, which document is in writing and speaks for itself.  Fear denies any characterizations thereof to the extent such are inconsistent therewith.

47.    The allegations of this paragraph constitute characterizations of the Audit Committee Charter, which document is in writing and speaks for itself.  Fear denies any characterizations thereof to the extent such are inconsistent therewith.

48.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

### V.    DVI's Reliance On Securitizations To Raise Capital

49.    Admitted, upon information and belief.

50.    Admitted, upon information and belief.

51.    This paragraph contains conclusions of law to which no response is required.

6

52.    Denied.  By way of further answer, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies these allegations.

53.    Denied.  It is specifically denied that Fear engaged in or tolerated a variety of transactions or practices to avoid recognizing losses or creating reserves.

## VI.    DVI's Liquidity Crisis and Insolvency

54.    Denied.  It is specifically denied that Fear permitted DVI to continue expending large amounts of cash, inter alia, (i) repurchasing delinquent financial contracts that had previously been transferred into securitizations, (ii) investing in poorly performing foreign investments, and (iii) investments in a variety of non-core businesses that DVI was ill-equipped to manage.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

55.    Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

56.    Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

57.    Admitted in part, denied in part.  It is admitted that Deloitte & Touche USA LLC refused to approve DVI's Form 10-Q for the quarterly period ended March 31, 2003.  It is admitted that Deloitte resigned as DVI's independent auditors in June 2003.  It is admitted that on or about August 25, 2003, DVI filed for relief under Chapter 11 of the Bankruptcy Code.  As to all other allegations, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

## VII.    <u>Wrongful Conduct</u>

58.    Denied.  It is denied that Fear failed to (i) recognize or write-off loans, (ii) take adequate loss reserves, (iii) curtail investments into non-core or poorly performing businesses, and (iv) establish reliable procedures that would have reported and corrected for these matters.  It is denied that Fear perpetrated outright frauds.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

### A.    <u>Repurchasing Impaired Contracts to Avoid Reporting Delinquencies</u>

59.    DVI's operating guidelines and/or servicing requirements are documents, which are in writing and speak for themselves.  Fear denies any characterizations thereof to the extent such are inconsistent therewith.

60.    Denied.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

61.    Denied.  It is denied that Fear authorized and/or permitted this waste of corporate assets at the expense of DVI and its creditors, knew about it or should have known about it, and did nothing to investigate or stop it.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

### B.    Swapping Valuable DVI Lease Contracts for Delinquent Contracts in Securitization Pools

62.    Denied.

63.    Denied.

64.    Denied.  Any governing securitization documents would be in writing and speak for themselves, and Fear denies any characterizations thereof to the extent such are inconsistent therewith.

65.    Denied.  It is denied that Fear authorized and/or permitted this waste of corporate assets at the expense of DVI and its creditors, knew about it or should have known about it, and did nothing to investigate or stop it.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

C.    **Round-Trip Financing to Conceal Bad Credits**

66.    Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

67.    Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

68.    Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

69.    Denied.  It is denied that Fear authorized and/or permitted this waste of corporate assets at the expense of DVI and its creditors, knew about it or should have known about it, and did nothing to investigate or stop it.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

D.    **Transfers of Impaired Loans to Special Relationship Borrowers**

70.    Denied.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

71.    Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.  To the extent this paragraph contains conclusions of law, no response is required.

72.    Denied.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

73.    Denied.  It is denied that Fear engaged in any practice that was improper or that was prohibited by the applicable securitization documents.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

74.    Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

75.    Denied.  It is denied that Fear authorized and/or permitted this waste of corporate assets at the expense of DVI and its creditors, knew about it or should have known about it, and did nothing to investigate or stop it.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

E.    **Failure and Subversion of Internal Reporting Practices and Procedures**

    i.    **Disregard of Actual Notice from Deloitte of Improprieties in Internal Controls and Financial Reporting Practices**

10

76.     Denied.  The "Management Letters" are documents, which are in writing and speak for themselves, and Fear denies any characterizations thereof to the extent such are inconsistent therewith.  To the extent this paragraph contains conclusions of law, no response is required.

77.     Denied.  It is denied that Fear knowingly and willfully disregarded his duties to DVI and its creditors.  The "Management Letters" are documents, which are in writing and speak for themselves, and Fear denies any characterizations thereof to the extent such are inconsistent therewith.  To the extent this paragraph contains conclusions of law, no response is required.

   ii.     **Disregard of Problems Raised Prior to the Petition Date in Written Communications to DVI by the SEC**

78.     Denied.  The "SEC Letters" are documents, which are in writing and speak for themselves, and Fear denies any characterizations thereof to the extent such are inconsistent therewith.

79.     Denied.  The "SEC Letters" are documents, which are in writing and speak for themselves, and Fear denies any characterizations thereof to the extent such are inconsistent therewith.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

80.     Denied.  It is denied that Fear knew, or should have known, of any improper practices and transactions.  To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on this basis, Fear denies these allegations.

   F.     **Investments in Non-Core Businesses at Expense of Core Business and Operations**

81.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

### i.    The Hit Factory

82.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

83.    Denied. To the extent the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

84.    Denied. It is denied that Fear authorized and/or permitted this waste of corporate assets at the expense of DVI and its creditors, knew about it or should have known about it, and did nothing to investigate or stop it. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

### i.    Third Coast Capital

85.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

86.    Denied. It is denied that Fear knew, or should have known, that the venture capital business was not within DVI's core area of expertise, or was a business that DVI did not understand or was professionally and financially ill-equipped to operate. To the extent that the allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

87.     Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

88.     Denied.  It is denied that Fear authorized and/or permitted this waste of corporate assets at the expense of DVI and its creditors, knew about it or should have known about it, and did nothing to investigate or stop it.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

G.     **Investments in Failing Foreign Operations at Expense of Domestic Core Business and Operations**

89.     Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

90.     Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

91.     Denied.  It is denied that Fear authorized and/or permitted this waste of corporate assets at the expense of DVI and its creditors, knew about it or should have known about it, and did nothing to investigate or stop it.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

H.     **Pledging Ineligible Collateral to Obtain Advances from Warehouse Liens**

92.     Denied.  It is denied that Fear falsely certified to DVI's lenders that certain impaired leases and loans were in fact eligible collateral for further advances under DVI's lines of credit.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

13

93.    Denied.

94.    Denied.  It is denied that Fear had personal knowledge of any ineligible pledging. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

95.    Denied.  It is denied that Fear knew about any ineligible pledging.  It is denied that Fear authorized and/or permitted this practice to the detriment of DVI and its creditors, knew about it or should have known about it, and did nothing to investigate or stop it.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

I.    **Double Pledging Collateral to Lenders**

96.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

97.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

98.    DVI's records are documents, which are in writing and speak for themselves. Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

99.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

100.    Denied.  It is denied that Fear authorized and/or permitted this practice to the detriment of DVI and its creditors, knew about it or should have known about it, and did nothing

to investigate or stop it. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

### J.     Buying Silence Through Compensation Package

101.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

102.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

103.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

104.    Denied. It is denied that Fear authorized and/or permitted this practice to the detriment of DVI and its creditors, knew about it or should have known about it, and did nothing to investigate or stop it. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

### VIII.   Deepening Insolvency

105.    Denied. It is denied that Fear engaged in any activities that caused DVI to incur additional debts beyond its ability to repay or that he dissipated the assets available to repay DVI's creditors. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

106.    Denied. By way of further answer, Fear performed his duties in a timely, responsible and competent manner. To the extent that allegations in this paragraph are directed

15

to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

107.    Denied. By way of further answer, Fear performed his duties in a timely, responsible and competent manner. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

## IX.    Wrongdoing by Director Defendants

108.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

109.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

110.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

111.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

112.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

113.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. The Management Letters are documents, which are in writing and speak for themselves.

114.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

16

115.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

116.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  The Management Letters are documents, which are in writing and speak for themselves.

117.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

**FIRST CLAIM FOR RELIEF**
**Common Law Fraud As Against Defendants O'Hanlon, Garfinkel and Miller**

118.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

119-123.        Denied.  To the extent that allegations in Paragraphs 119 through 123 are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent these paragraphs contain conclusions of law, no response is required.

**SECOND CLAIM FOR RELIEF**
**Breach of Fiduciary Duty As Against The Officer Defendants**

124.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

125.    This paragraph contains conclusions of law to which no response is required.

126.    Denied.  It is denied that Fear breached any fiduciary duties to DVI and its creditors by causing and/or permitting DVI to repurchase delinquent loans at par value from the securitizations into which they had been transferred without obtaining commensurate value for DVI.  It is denied that Fear caused the waste of corporate assets at the expense of DVI and its creditors.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this

paragraph, and on this basis, Fear denies those allegations. To the extent this paragraph contains conclusions of law, no response is required.

127. Denied. It is denied that Fear knew, or should have known, that DVI was repurchasing delinquent loans at par value as described above, but did not act in good faith, on an informed basis, or in the best interests of the Company, or failed to take any steps to prevent or remedy the resulting waste of corporate assets. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

128. This paragraph contains conclusions of law, to which no response is required. By way of further answer, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

129. Denied. To the extent this paragraph contains conclusions of law, no response is required. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

130. Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

### THIRD CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Officer Defendants

131. Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

132. This paragraph contains conclusions of law, to which no response is required.

133. Denied. It is denied that Fear breached his fiduciary duties to the Company by causing and/or permitting the swapping of performing leases from the DVI portfolios with

18

delinquent leases in securitizations without obtaining commensurate value for DVI, which caused the waste of corporate assets at the expense of DVI and its creditors. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

134.    Denied. It is denied that Fear knew or should have known that the Company was swapping performing leases with delinquent leases as described above, but did not act in good faith, on an informed basis, or in the best interests of the Company, or failed to take any steps to prevent or remedy the resulting waste of corporate assets. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

135.    This paragraph contains conclusions of law, to which no response is required. By way of further answer, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

136.    Denied. To the extent this paragraph contains conclusions of law, no response is required. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

137.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

## FOURTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Officer Defendants

138.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

139.    This paragraph contains conclusions of law, to which no response is required.

140.    Denied.  It is denied that Fear breached his fiduciary duties to the Company by causing and/or permitting DVI to engage in "Round-Tripping."  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent this paragraphs contains conclusions of law, no response is required.

141.    Denied.  It is denied that Fear knew or should have known of the "Round-Tripping" as described above, but did not act in good faith, on an informed basis, or in the best interests of the Company, or failed to take any steps to prevent or remedy the resulting waste of corporate assets.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent this paragraphs contains conclusions of law, no response is required.

142.    This paragraph contains conclusions of law, to which no response is required.  By way of further answer, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

143.    Denied.  To the extent this paragraph contains conclusions of law, no response is required.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

20

144.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

## FIFTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Officer Defendants

145.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

146.    This paragraph contains conclusions of law, to which no response is required.

147.    Denied.  It is denied that Fear breached his fiduciary duties to the Company by causing and/or permitting DVI to transfer impaired leases to a select group of Special Relationship Borrowers for the purpose of characterizing such impaired loans as restructured loans.  It is denied that Fear caused the waste of corporate assets at the expense of DVI and its creditors.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent this paragraphs contains conclusions of law, no response is required.

148.    Denied.  It is denied that Fear knew or should have known that the Company was making the above-referenced transfers to Special Relationship Borrowers, but did not act in good faith, on an informed basis, or in the best interests of the Company, or failed to take any steps to prevent or remedy the resulting waste of corporate assets.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent this paragraphs contains conclusions of law, no response is required.

DM1\1118318.1

149.    This paragraph contains conclusions of law, to which no response is required. By way of further answer, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

150.    Denied. To the extent this paragraph contains conclusions of law, no response is required. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

151.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

### SIXTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Officer Defendants

152.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

153.    This paragraph contains conclusions of law, to which no response is required.

154.    Denied. It is denied that Fear breached his fiduciary duties to the Company by causing and/or permitting DVI to invest in and extend credit to non-core businesses that drained millions of dollars critically needed liquidity from DVI's core operations. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

155.    Denied. It is denied that Fear knew or should have known that the Company was extending credit to non-core businesses, but did not act in good faith, on an informed basis, or in the best interests of the Company, or failed to take any steps to prevent or remedy the resulting waste of corporate assets. To the extent that allegations in this paragraph are directed to other

22

defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

156.    This paragraph contains conclusions of law, to which no response is required. By way of further answer, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

157.    Denied. To the extent this paragraph contains conclusions of law, no response is required. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

158.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

## SEVENTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Officer Defendants

159.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

160.    This paragraph contains conclusions of law, to which no response is required.

161.    Denied. It is denied that Fear breached his fiduciary duties to the Company by causing and/or permitting DVI to invest in excess of $110 million in foreign lending operations, despite their consistently poor performance and lack of profitability, without investigating the magnitude of or stopping the losses resulting from these investments. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

23

162.   Denied.  It is denied that Fear knew or should have known of the above-referenced foreign lending operations, but did not act in good faith, on an informed basis, or in the best interests of the Company, or failed to take any steps to prevent or remedy the resulting waste of corporate assets.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent this paragraphs contains conclusions of law, no response is required.

163.   This paragraph contains conclusions of law, to which no response is required.  By way of further answer, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

164.   Denied.  To the extent this paragraph contains conclusions of law, no response is required.  To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

165.   Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

### EIGHTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Officer Defendants

166.   Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

167.   This paragraph contains conclusions of law, to which no response is required.

168.   Denied.  It is denied that Fear breached his fiduciary duties to the Company by causing and/or permitting DVI to pledge as collateral to DVI's lenders leases and loans that failed to meet the respective lender's eligibility criteria in order to obtain otherwise unavailable advances from DVI's lines of credit.  To the extent that allegations in this paragraph are directed

24

to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

169. Denied. It is denied that Fear knew or should have known that DVI was pledging as collateral leases and loans that failed to meet DVI's lenders' eligibility criteria as described above, but did not act in good faith, on an informed basis, or in the best interests of the Company, or failed to take any steps to prevent or remedy the resulting waste of corporate assets. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

170. This paragraph contains conclusions of law, to which no response is required. By way of further answer, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

171. Denied. To the extent this paragraph contains conclusions of law, no response is required. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

172. Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

### NINTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Officer Defendants

173. Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

174. This paragraph contains conclusions of law, to which no response is required.

175.    Denied. It is denied that Fear breached his fiduciary duties to the Company by causing and/or permitting DVI to double-pledge collateral to its lenders in order to increase DVI's availability under its lines of credit. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

176.    Denied. It is denied that Fear knew or should have known that DVI was double-pledging collateral to its lenders, but did not act in good faith, on an informed basis, or in the best interests of the Company, or failed to take any steps to prevent or remedy the resulting waste of corporate assets. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

177.    This paragraph contains conclusions of law, to which no response is required. By way of further answer, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

178.    Denied. To the extent this paragraph contains conclusions of law, no response is required. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

179.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

## TENTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Officer Defendants

26

180.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

181.    This paragraph contains conclusions of law, to which no response is required.

182.    Denied. It is denied that Fear breached his fiduciary duties to the Company by causing and/or permitting DVI to award substantial raises and severance packages, in 2001 and 2002, to certain officers of DVI who raised concerns over improprieties and deficiencies in DVI's reporting practices and internal controls regarding the eligibility and collectibility of collateral and creditworthiness of borrowers in various securitization and warehouse pools. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

183.    Denied. It is denied that Fear knew or should have known that DVI was awarding substantial raises and severance packages as described above, but did not act in good faith, on an informed basis, or in the best interests of the Company, or failed to take any steps to prevent or remedy the resulting waste of corporate assets. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

184.    This paragraph contains conclusions of law, to which no response is required. By way of further answer, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

185.    Denied. To the extent this paragraph contains conclusions of law, no response is required. To the extent that allegations in this paragraph are directed to other defendants, Fear

27

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

186.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

## ELEVENTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Director Defendants

187.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

188-191.    Denied.  To the extent that allegations in Paragraphs 188 through 191 are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent these paragraphs contain conclusions of law, no response is required.

## TWELFTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Director Defendants

192.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

193-197.    Denied.  To the extent that allegations in Paragraphs 193 through 198 are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent these paragraphs contain conclusions of law, no response is required.

## THIRTEENTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Director Defendants

198.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

199-203.    Denied.  To the extent that allegations in Paragraphs 199 through 203 are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent these paragraphs contain conclusions of law, no response is required.

28

## FOURTEENTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Director Defendants

204.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

205-209.    Denied.  To the extent that allegations in Paragraphs 205 through 209 are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent these paragraphs contain conclusions of law, no response is required.

## FIFTEENTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Director Defendants

210.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

211-215.    Denied.  To the extent that allegations in Paragraphs 211 through 215 are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent these paragraphs contain conclusions of law, no response is required.

## SIXTEENTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Director Defendants

216.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

217-221.    Denied.  To the extent that allegations in Paragraphs 217 through 221 are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent these paragraphs contain conclusions of law, no response is required.

## SEVENTEENTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty As Against The Director Defendants

222.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

DM1\1118318.1

223-227.    Denied.  To the extent that allegations in Paragraphs 223 through 227 are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent these paragraphs contain conclusions of law, no response is required.

**EIGHTEENTH CLAIM FOR RELIEF**
**Breach Of Fiduciary Duty As Against The Director Defendants**

228.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

229-233.    Denied.  To the extent that allegations in Paragraphs 229 through 233 are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent these paragraphs contain conclusions of law, no response is required.

**NINETEENTH CLAIM FOR RELIEF**
**Breach Of Fiduciary Duty As Against The Director Defendants**

234.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

235-239.    Denied.  To the extent that allegations in Paragraphs 235 through 239 are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.  To the extent these paragraphs contain conclusions of law, no response is required.

**TWENTIETH CLAIM FOR RELIEF**
**Deepening Insolvency As Against The Defendants**

240.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

241.    Denied.  It is denied that Fear engaged in numerous improper transactions, made numerous misrepresentations of material facts, or omitted to state numerous material facts to DVI's lenders, investors, buyers of securitized notes, and creditors, in order to hide DVI's true financial condition and to induce DVI's lenders, investors, buyers of securitized notes, and

30

creditors to extend financing, cash investments and/or credit to DVI. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

242. Denied. It is denied that Fear committed any grossly negligent, reckless, or fraudulent actions. It is denied that Fear permitted DVI to issue false and misleading financial statements. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

243. Denied. It is denied that Fear committed any grossly negligent, reckless, or fraudulent actions while DVI was insolvent or in the zone of insolvency. It is denied that Fear continuously alienated and dissipated assets through improper transfers of funds. To the extent that allegations in this paragraph are directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

244. Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

245. Denied. It is denied that Fear artificially or improperly prolonged DVI through the actions or willful inaction as alleged above. To the extent that allegations in this paragraph are

directed to other defendants, Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations. To the extent this paragraphs contains conclusions of law, no response is required.

246.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

247.    Fear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, Fear denies those allegations.

## PRAYER FOR RELIEF

The averments in Plaintiff's prayer for relief are denied. It is denied that Plaintiff is entitled to any relief pursuant to the allegations and claims set forth in the Complaint, and Fear respectfully requests that the Court dismiss the Complaint in its entirety and with prejudice and award Fear his attorneys' fees and costs incurred in responding to this Action, in addition to such other and further relief as the Court deems just and proper.

## CROSS CLAIM
### Contribution as Against All Other Defendants

248.    Fear repeats and restates the foregoing paragraphs as if fully set forth herein.

249.    Fear denies he is in any way liable to Plaintiff. However, in the event that he is found liable to Plaintiff, then he demands contribution from all other defendants pursuant to 10 Del. C. § 6306(b)(1) on the grounds that said other defendants are or may be liable to him for all or part of the claims asserted against him by Plaintiff. In addition, Fear reserves his right to seek a judicial determination of his pro rata share of any joint, several, and/or common liability found against him in this action pursuant to 10 Del. C. § 6302(d) and/or Delaware's Uniform Contributions Among Tort-Feasors Law.

## AFFIRMATIVE DEFENSES

32

1.    Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state any claim upon which relief may be granted.

2.    Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered by Plaintiff were caused by its own acts or omissions or by the acts or omissions of persons or entities beyond the control of Fear.

3.    Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered by Plaintiff are the result of Plaintiff's own contributory negligence and/or contributory fault.

4.    Plaintiff's claims are barred, in whole or in part, because Fear made no material misrepresentations, omissions of material facts, or untrue or misleading statements.

5.    Plaintiff's claims are barred, in whole or in part, because at all times, Fear was justified in his actions and/or inactions.

6.    Plaintiff's claims are barred, in whole or in part, because at all times, Fear acted in good faith and has not violated any rights that might be available to Plaintiff under any applicable law, regulation, rule, or guideline.

7.    Plaintiff's claims are barred, in whole or in part, because Fear acted in accordance with applicable professional standards and there is no liability for any such act or omission alleged.

8.    Plaintiff's claims are barred, in whole or in part, because the public documents issued by DVI during the relevant time period contained sufficient cautionary language to bespeak caution with respect to the subject matter of each alleged misrepresentation or omission alleged against Fear in the Complaint.

33

9.    Plaintiff's claims are barred, in whole or in part, because some or all of the misrepresentations and omissions alleged in the Complaint are forward-looking statements, and satisfy the requirement of the statutory "safe harbor" provisions set forth in the Securities Act and the Exchange Act, precluding Plaintiff from any recovery based on any such statements.

10.    Plaintiff's claims are barred, in whole or in part, because Plaintiff were expressly advised in DVI's public statements regarding material facts and risks concerning securities.

11.    Plaintiff's claims are barred, in whole or in part, because Fear engaged in no conduct with an intent to induce Plaintiff's reliance.

12.    Plaintiff's claims are barred, in whole or in part, because Fear engaged in no conduct with an intent to defraud Plaintiff.

13.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not actually, justifiably, reasonably, or otherwise rely on any alleged misrepresentations or omissions by Fear alleged in the Complaint to have been false or misleading.

14.    Plaintiff's claims are barred, in whole or in part, because Fear did not know, and in the exercise of reasonable care could not have known, of the alleged untruths and omissions as now claimed by Plaintiff.

15.    Plaintiff's claims are barred, in whole or in part, because Fear is not vicariously liable for the acts and conduct of the other defendants to this action.

16.    Plaintiff's claims are barred, in whole or in part, because Fear was entitled to and did justifiably rely on material information provided to him by others.

17.    Plaintiff's claims are barred, in whole or in part, because the conduct of Plaintiff and/or others was a superseding or intervening cause of any damage, loss or injury sustained by Plaintiff.

34

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, were caused by the actions and/or inactions of third parties for whom Fear is neither liable nor responsible.

19. If Plaintiff sustained any losses under the circumstances alleged in the Complaint (which Fear denies), then Fear's liability, if any, must be limited to only that portion of damages that corresponds to his respective fault and responsibility, and Fear is not liable for any damages attributable to the responsibility, negligence, or fault of any other person or entity.

20. Plaintiff's claims are barred, in whole or in part, because factors other than the allegedly untrue statements of material fact, omissions of material fact, misleading statements or other alleged actions by Fear caused some or all of Plaintiff's alleged damages.

21. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate any alleged damages it may have sustained.

22. Plaintiff's claims are barred, in whole or in part, because Plaintiff knew or, in the exercise of reasonable care, should have known of the alleged misrepresentations and omissions alleged in the Complaint, and thus Plaintiff was negligent. This negligence was the cause in fact and proximate cause of the damages alleged in the Complaint.

23. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, and/or *in pari delicto*.

24. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or laches.

25. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert some or all of its claims.

26.    Plaintiff's claims are barred, in whole or in part, because matters now claimed in the Complaint to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiff.

27.    Plaintiff's claims are barred, in whole or in part, because Fear did not know, and in the exercise of reasonable care, could not have known or have reasonable grounds to believe that, any misstatements or omission of material fact existed in any of DVI's publicly filed annual or quarterly reports or any other statement attributable to DVI, or any statement issued in connection therewith.

28.    Plaintiff's claims are barred, in whole or in part, because Plaintiff had actual or constructive knowledge of the facts that were allegedly misrepresented or omitted by Fear.

29.    Plaintiff's claims are barred, in whole or in part, because all or some of the statements in DVI's publicly filed annual or quarterly reports described in the Complaint at issue were not made, prepared, or certified by Fear, and thus those statements are not expressly attributable to Fear.

30.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's losses, if any, were not caused by Fear.

31.    Plaintiff's claims are barred, in whole or in part, because the Complaint is a "shotgun complaint" and fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a) of the Federal Rules of Civil Procedure.

32.    Any claim for breach of fiduciary duty is barred in whole or in part by the economic loss doctrine.

33.    Any claim for breach of fiduciary duty is barred in whole or in part by the "gist of the action" doctrine or test.

36

34.    Any claim for breach of fiduciary duty is barred in whole or in part by the business judgment rule.

35.    Fear incorporates by reference the affirmative defenses set forth by himself or any other defendant in this action or these coordinate proceedings, to the extent consistent with the answer of this defendant, as though the same were set forth at length herein.

36.    Fear demands a trial by jury.

37.    Fear reserves the right to raise any additional defenses that are uncovered during the course of discovery in this litigation.

WHEREFORE, Defendant Raymond D. Fear demands judgment in his favor and against Plaintiff, dismissing the Complaint with prejudice and awarding his costs and expenses of this action, including reasonable attorneys' fees as allowed by law, and such other and further relief as the Court may deem just and proper.

**DUANE MORRIS LLP**

Date:   May 7, 2007

/s/ Kathaleen S. McCormick
Kathaleen McCormick, Esquire (I.D. No.4579)
1100 North Market Street, Suite 1200
Wilmington, DE 19801
(302) 657-4930

Patrick J. Loftus, Esquire
Robert E. Kelly, Esquire
Kelly D. Eckel, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000
(admitted *pro hac vice*)

*Counsel for Defendant*
*Raymond D. Fear*