IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DENNIS J. BUCKLEY, AS TRUSTEE OF THE DVI LIQUIDATING TRUST | : | |
| | : | |
| Plaintiff, | : | C.A. NO. 04-955 (GMS) |
| | : | |
| MICHAEL A. O'HANLON, et al. Defendants. | : | **JURY TRIAL DEMAND** |
| | : | |

**ANSWER TO PLAINTIFF'S COMPLAINT
AND CROSS CLAIMS OF RICHARD E. MILLER**

Defendant Richard E. Miller hereby responds to plaintiff's Complaint as follows.  By Court Order dated April 6, 2006 Dennis J. Buckley ("Buckley") was substituted as plaintiff for the Official Committee of Unsecured Creditors of DVI, Inc. ("Official Committee"), and by Court Order dated March 28, 2007, the Court dismissed "any claims Buckley asserts on behalf of the debtors' creditors."  Thus, Mr. Miller is not required to answer any allegations in the Complaint by the Official Committee and/or by Buckley on behalf of the DVI, DVIBC or DVIFS' creditors.  In addition, many of the headings in the Complaint improperly contain allegations and argument, and therefore Miller does not include such headings in his answer. Any allegations in headings are denied.

1.      Admitted only that on August 25, 2003, DVI, DVIFS and DVIBC filed joint petitions for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code.

2.      Miller is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and they are therefore deemed denied.

3.      Pursuant to the Order of the Court dated April 6, 2006, Buckley was substituted as plaintiff for the Official Committee.  Pursuant to the Order of the Court dated March 28, 2007,

all claims by Buckley on behalf of the "debtors' creditors" were dismissed. As such, Mr. Miller is not required to respond to any allegations by the Official Committee and/or on behalf of "debtor's creditors." Miller is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and they are therefore deemed denied.

4.    Pursuant to the Order of the Court dated April 6, 2006, Buckley was substituted as plaintiff for the Official Committee. Pursuant to the Order of the Court dated March 28, 2007, all claims by Buckley on behalf of the "debtors' creditors" were dismissed. As such, Mr. Miller is not required to respond to any allegations by the Official Committee and/or on behalf of "debtor's creditors." To the extent he is required to respond, Miller admits only that while he was employed by DVIFS, he and other defendants served as officers and/or members of the DVI Board.

5.    Denied as stated. Miller admits only that paragraph 5 is a generally accurate description of the business of DVI, DVIFS and DVIBC while he was employed by DVIFS.

6.    Pursuant to the Order of the Court dated April 6, 2006, Buckley was substituted as plaintiff for the Official Committee. Pursuant to the Order of the Court dated March 28, 2007, all claims by Buckley on behalf of the "debtors' creditors" were dismissed. As such, Mr. Miller is not required to respond to any allegations by the Official Committee and/or on behalf of "debtor's creditors." To the extent he is required to respond, Miller denies plaintiff's characterizations and/or legal conclusions concerning his alleged duties to DVI, DVIBC, DVIFS, and he further denies any alleged breach of said duties. In addition, Miller is without knowledge or information sufficient to form a belief concerning what plaintiff considers to be "all relevant times" or what plaintiff alleges was the "zone of insolvency," and those allegations are therefore deemed denied. The remaining allegations are denied.

7.    Miller incorporates his answer to paragraphs 4 and 6. To the extent these allegations are directed to other defendants or third parties, no response from Miller is required, but if Miller is required to respond, he is without knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore deemed denied. To the extent the allegations of this paragraph are directed to Miller, they are denied. In particular, Miller denies plaintiff's characterizations and/or legal conclusions concerning his alleged duties to DVI, DVIBC, DVIFS, and further denies he violated or breached any alleged duties.

8.    To the extent the allegations of these paragraphs are directed to Miller, they are denied. In particular, Miller denies he caused DVI's alleged insolvency and/or deepening insolvency; denies plaintiff's characterizations and/or legal conclusions concerning his alleged duties of care, loyalty, and good faith, fiduciary or otherwise; denies he violated any duties or laws; denies he was involved in, responsible for or knew about any alleged misuse of corporate resources, preferential transfers, wrongful and/or fraudulent transfers; denies he was involved in any improper or wrongful scheme, transaction, or practice; denies he was involved in, responsible for or knew about any alleged misrepresentations and omissions of material facts or any alleged fraud perpetrated against DVI, DVIFS or DVIBC; and denies he received any improper benefits or engaged in any wrongful conduct of any kind. To the extent these allegations are directed to other defendants or third parties, no response from Miller is required, but if Miller is required to respond, he is without knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore deemed denied.

9.    To the extent the allegations of these paragraphs are directed to Miller, they are denied. In particular, Miller denies plaintiff's characterizations and/or legal conclusions concerning his alleged duties of care, loyalty, and good faith, fiduciary or otherwise; denies he

violated any duties or laws; denies he was involved in, responsible for or knew of any allegedly wrongful conduct in connection with DVI's securitizations, alleged handling of loans or contracts, credit policies or procedures, accounting policies or procedures; denies he was involved in, responsible for or knew about any improper or wrongful scheme, transaction, or practice; denies he was involved in, responsible for or knew about any alleged misrepresentations and omissions of material facts or any alleged fraud perpetrated against DVI, DVIFS or DVIBC; and denies he received any improper benefits or engaged in any wrongful conduct of any kind. To the extent these allegations are directed to other defendants or third parties, no response from Miller is required, but if Miller is required to respond, he is without knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore deemed denied. By way of further answer, many of the allegations of the complaint are not "simple, concise and direct" but consist instead of generalizations and argument and are thus improper under Fed. R. Civ. P. 8.

10.    The order is in writing and speaks for itself, and any characterization of its contents is denied. Miller is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and they are therefore deemed denied.

11.    Denied as stated. Miller admits only that DVI was a holding company; conducted business through two operating subsidiaries, DVI Financial Services, Inc. (DVIFS) and DVI Business Credit Corporation (DVIBC); and owned the common stock of those subsidiaries.

12.    Miller incorporates his answer to paragraph 11.

13.    Denied as stated. Miller admits only that paragraph 13 is a generally accurate description of the business of DVI, DVIFS and DVIBC while he was employed by DVIFS.

14.    Miller incorporates his answer to paragraph 13.

15.     Miller incorporates his answer to paragraph 13.

16-17.  Paragraphs 16-17 are directed to defendants other than Miller and no response is required.  To the extent a response is required, Miller admits that those defendants held the referenced officer and/or board positions at certain points in time.  Miller also generally admits that during certain periods of time DVI had and prepared a report known as the Criticized Asset Report, and that the identities, activities, and responsibilities of the people involved in the preparation or review of the reports changed from time to time.  The remaining allegations are denied.

18.     Admitted only that Miller is a citizen and resident of the Commonwealth of Pennsylvania and that he was an Executive Vice-President of DVI, President of DVIFS, and a member of DVI's Executive Committee.  The remaining allegations are denied.

19-27.  Paragraphs 19-27 are directed to defendants other than Miller and no response is required.  To the extent a response is required, Miller admits only that those defendants held the referenced officer and/or board positions at certain points in time.  The remaining allegations are denied.

28.     Paragraph 28 is directed to defendants other than Miller and no response is required.  Miller's answers to paragraphs 16-17 and 19-27 are incorporated.

29.     Denied.

30.     Denied.

31-34.  The allegations consist primarily of generalizations and are denied as stated.  To the extent any of the allegations in this paragraph are directed to Miller, Miller admits only that while he was employed at DVIFS, DVIFS's operations accounted for a substantial volume of DVI's business; the generation of revenues generally began with origination of new contracts;

the loans and lease financing originated by DVIFS ranged substantially in amount; the equipment was specialized in nature and site improvements were generally required in order to install the equipment; and certain DVIFS records were maintained on DVI's InfoLease System. To the extent the allegations suggest Miller had or breached any responsibilities with respect to investigation of credit-worthiness, documentation of loans, entry of contracts into "InfoLease," or handling of "CARDS," they are denied. Miller's answers to paragraphs 8-9 are incorporated. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

35-42. Miller denies the allegations of paragraphs 35-42 to the extent they are directed to him, except that Miller generally admits that DVI had, during certain periods of time, a workout department and/or reports known as Criticized Asset Reports, and that the identities, activities, and responsibilities of the people involved in the preparation or review of the reports changed from time to time. Miller's answers to paragraphs 8-9, and 16 are incorporated. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct in connection with DVI's Criticized Asset Reports, Watch List Reports, loan loss reserves/allowances, internal reporting, alleged handling of workouts, collections, loans or contracts, credit policies or procedures, and accounting policies or procedures. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

43-48. Miller admits he was a member of DVI's Executive Committee and that the defendants held the stated positions at certain points in time. The remaining allegations in paragraphs 43-48 are directed to defendants other than Miller and no response is required. To the extent a response is required, Miller is without knowledge or information sufficient to form a

belief as to the remaining allegations of paragraphs 43-48. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

49-53. The allegations consist primarily of generalizations and are denied as stated. Miller admits only that DVI financed certain transactions through lines of credit, that some loans and leases were handled by means of a securitization process. Miller's answers to paragraphs 8-9 are incorporated. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct in connection with securitizations, loan loss reserves/allowances, internal reporting, alleged handling of workouts, collections, loans or contracts, credit policies or procedures, and accounting policies or procedures. Miller is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and they are therefore deemed denied. To the extent the allegations suggest Miller had or breached any responsibilities with respect to recognition of losses or establishing loan loss reserves/allowances, or alleged handling of workouts, collections, loans or contracts, they are denied. Miller's answers to paragraphs 8-9 are incorporated.

54-57. The allegations consist primarily of generalizations and/or argument, and are denied as stated. Miller admits Deloitte refused to approve DVI's Form 10-Q and that certain of DVI's lenders declared defaults on DVI's lines of credit. Miller also admits DVI, DVIFS and DVIBC filed joint petitions for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code on August 25, 2003. Miller is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and they are therefore deemed denied. To the extent the allegations suggest Miller had or breached any responsibilities with respect to DVI's alleged handling of workouts, collections, loans or contracts, investments, cash

management, securitizations, credit policies or procedures, and accounting practices or procedures, they are denied.

58.    Miller denies the allegations to the extent they are directed to him and incorporates his answers to paragraphs 8-9, and to the paragraphs below.

59-61. Miller denies the allegations of paragraphs 59-61 to the extent they are directed to him and incorporates his answers to paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct in connection with DVI's credit transactions, financial reporting, revenue recognition, non-compliance issues, credit policies or procedures, accounting policies or procedures, and/or alleged waste of corporate assets. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

62-65. Miller denies the allegations of paragraphs 62-65 to the extent they are directed to him. Miller incorporates his answers to paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct in connection with DVI's securitizations, alleged handling of loans or contracts, revenue recognition, credit policies or procedures, accounting policies or procedures, and/or alleged waste of corporate assets. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

66-69. Miller denies the allegations of paragraphs 66-69 to the extent they are directed to him. Miller incorporates his answers to paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct in connection with DVI's securitizations, alleged handling of loans or contracts, credit policies or procedures, accounting policies and procedures, and/or alleged waste

of corporate assets. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

70-75. Miller denies the allegations of paragraphs 70-75 to the extent they are directed to him, except that Miller admits DVI had business relationships with PresGar, Dolphin and OnCure, the so-called "Special Relationship Borrowers." Miller incorporates his answers to paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct in connection with DVI's securitizations, alleged handling of loans or contracts, credit policies or procedures, accounting policies and procedures, or relationships with the so-called "Special Relationship Entity Defendants." By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

76-77. The allegations of paragraphs 76-77 do not pertain to Miller and no response is required. To the extent the allegations are directed to Miller, he admits only that at some point in time Deloitte was the auditor of DVI, denies the remaining allegations and incorporates the answers to paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew about any alleged wrongful conduct, fraud, misstatements, improper financial reporting, or inadequate policies or controls. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

78-80. Miller denies the allegations of paragraphs 78-80 to the extent they are directed to him and incorporates his answers to the foregoing paragraphs, including paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew of any alleged wrongful conduct, including allegedly wrongful conduct in connection with DVI's financial reporting, SEC compliance and reporting, treatment of loans, handling of loan loss reserves/allowances,

pledging of collateral, credit policies or procedures, and accounting policies or procedures. Miller further denies he had or breached any fiduciary duties. By way of further answer, any referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

81-91. Miller denies the allegations of paragraphs 81-91 to the extent they are directed to him, except that Miller admits DVI had business relationships with The Hit Factory, Third Coast Capital, and with borrowers located in foreign countries. Miller incorporates his answer to paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct in connection with DVI's alleged handling of loans or contracts, DVI's investments, DVI's foreign investments, credit policies or procedures, accounting policies or procedures, and/or alleged waste of corporate assets. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

92-100. Miller denies the allegations of paragraphs 92-100 to the extent they are directed to him and incorporates his answer to paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct in connection with DVI's credit transactions, alleged use of ineligible or double pledged contracts as collateral, or alleged non-compliance issues. Miller also denies he was involved in, responsible for or knew of any alleged misrepresentations or material omissions, and denies he is responsible for any alleged harm. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

101-104. Miller denies the allegations of paragraphs 101-104 to the extent they are directed to him and incorporates his answer to paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct in connection with the alleged severance packages, DVI's credit transactions, alleged use of ineligible or double pledged contracts as collateral, alleged non-compliance issues, and/or alleged waste of corporate assets. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

105-107. Miller denies the allegations of paragraphs 105-107 to the extent they are directed to him and incorporates his answers to paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct in connection with DVI's debt, financial management, ability to repay debt, solvency and/or alleged insolvency. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

108-117. Miller denies the allegations of paragraphs 108-117 to the extent they are directed to him and incorporates his answers to paragraphs 8-9. In particular, Miller denies he was involved in, responsible for or knew of any allegedly wrongful conduct, including allegedly wrongful conduct by DVI's Board. By way of further answer, the referenced documents are in writing and speak for themselves, and any characterization of their contents is denied.

**FIRST CLAIM FOR RELIEF**

**Common Law Fraud as Against Defendants O'Hanlon, Garfinkel and Miller**

118.     Miller repeats and alleges his answers to paragraphs 1-117 as if fully set forth herein.

119-123.  Miller denies the allegations of paragraphs 119-123 to the extent they are directed to him, and further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## SECOND CLAIM FOR RELIEF

### Breach of Fiduciary Duty as Against Officer Defendants

124.    Miller repeats and alleges his answers to paragraphs 1-123 as if fully set forth herein.

125-130.  Miller denies the allegations of paragraphs 125-130 to the extent they are directed to him, and further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## THIRD CLAIM FOR RELIEF

### Breach of Fiduciary Duty as Against Officer Defendants

131.    Miller repeats and alleges his answers to paragraphs 1-130 as if fully set forth herein.

132-137.  Miller denies the allegations of paragraphs 132-137 to the extent they are directed to him, and further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## FOURTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty As Against Officer Defendants

138.    Miller repeats and alleges his answers to paragraphs 1-137 as if fully set forth herein.

139-144.  Miller denies the allegations of paragraphs 139-144 to the extent they are directed to him, and incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## FIFTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty As Against Officer Defendants

145.    Miller repeats and alleges his answers to paragraphs 1-144 as if fully set forth herein.

146-151.  Miller denies the allegations of paragraphs 146-151 to the extent they are directed to him, and further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## SIXTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty As Against Officer Defendants

152.    Miller repeats and alleges his answers to paragraphs 1-151 as if fully set forth herein.

153-158.  Miller denies the allegations of paragraphs 153-158 to the extent they are directed to him, and further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## SEVENTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty As Against Officer Defendants

159.    Miller repeats and alleges his answers to paragraphs 1-158 as if fully set forth herein.

160-165.  Miller denies the allegations of paragraphs 160-165 to the extent they are directed to him, and further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## EIGHTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty As Against Officer Defendants

166.    Miller repeats and alleges his answers to paragraphs 1-165 if fully set forth herein.

167-172.  Miller denies the allegations of paragraphs 167-172 to the extent they are directed to him, and further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## NINTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty As Against Officer Defendants

173.    Miller repeats and alleges his answers to paragraphs 1-172 as if fully set forth herein.

174-179.  Miller denies the allegations of paragraphs 174-179 to the extent they are directed to him, and further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## TENTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty As Against Officer Defendants

180.    Miller repeats and alleges his answers to paragraphs 1-179 as if fully set forth herein.

181-186.  Miller denies the allegations of paragraphs 181-186 to the extent they are directed to him, and further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## ELEVENTH – NINETEENTH CLAIMS FOR RELIEF

### Breach of Fiduciary Duty As Against Officer Defendants

187.    Miller repeats and alleges his answers to paragraphs 1-186 as if fully set forth herein.

188-239.  Paragraphs 188-239 are directed to defendants other than Miller and no response is required.  To the extent the allegations of paragraphs 188-239 are directed to him, they are denied, and Miller further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## TWENTIETH CLAIM FOR RELIEF

### Deepening Insolvency As Against Officer Defendants

240.    Miller repeats and alleges his answers to paragraphs 1-239 as if fully set forth herein.

241-247.  Miller denies the allegations of paragraphs 241-247 to the extent they are directed to him, and further incorporates his answers to the foregoing paragraphs, including paragraphs 8-9.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Richard E. Miller prays for judgment as follows: that the Complaint be dismissed with prejudice and that the plaintiff take nothing thereby, and that defendant be awarded his costs of suit, including reasonable attorneys' fees, as well as any other relief which the Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim against Miller upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims should be dismissed for failure to plead fraud with particularity in accordance with Fed. R. Civ. P. 9(b).

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Miller acted in accordance with applicable state and federal law, and there is no liability for any act or omission alleged.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because each and every alleged act or omission of Miller was performed or omitted in good faith and in conformity with applicable rules and regulations, and therefore there is no liability for any such act or omission.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Miller did not breach any duty of care, good faith, loyalty, or any other duty owed to DVI or its creditors.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Miller did not commit any fraudulent, intentional, or wrongful act.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because plaintiff had actual or constructive knowledge of the facts that were allegedly misrepresented or omitted.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by plaintiff's own unclean hands, wrongful conduct, and/or under the doctrine of *in pari delicto*.

## NINTH DEFENSE

Plaintiff's claims are barred by the business judgment rule.

## TENTH DEFENSE

Plaintiff's claims are barred by the exculpatory clause in DVI's Certificate of Incorporation, which is based in part, on Section 102(b)(7) of the Delaware General Corporation Law.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because plaintiff lacks standing to assert some or all of its claims.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent Miller did not cause any alleged damage suffered by plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and/or laches.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, or the damages (if any) allegedly sustained by plaintiff are reduced by, plaintiff's contributory, comparative, and/or proportional fault, and/or the comparative or proportional fault of any third parties.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by waiver and estoppel.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the conduct of plaintiff and/or others over whom Miller lacked any control or right to control was a superseding or intervening cause of any damage, loss or injury sustained by plaintiff.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because plaintiff failed to mitigate its alleged damages.

## EIGHTEENTH DEFENSE

The facts of transactions in which Mr. Miller was involved were known to DVI's attorneys, and Mr. Miller relied reasonably and in good faith on the attorneys' advice and conclusions.

## NINETEENTH DEFENSE

The facts of transactions in which Mr. Miller was involved were known to DVI's accountants, and Mr. Miller relied reasonably and in good faith on the accountants' advice and conclusions.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part because each and every alleged act or omission of Miller was performed or omitted in good faith and in conformity with the rules and regulations of the Securities and Exchange Commission, and therefore there is no liability for any such act or omission.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because the public documents issued by DVI during the relevant time period contained sufficient cautionary language to bespeak caution with respect to the subject matter of each alleged misrepresentation or omission.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by its assumption of the risk.

## INCORPORATION AND RESERVATION OF AFFIRMATIVE DEFENSES

Miller adopts and incorporates by reference any AFFIRMATIVE DEFENSE asserted by any other defendant to this action, to the extent such AFFIRMATIVE DEFENSE applies to Miller, and reserves the right to assert any other defense that may become available or appear during discovery proceedings or otherwise on this case.

## JURY TRIAL DEMANDED

Miller requests a trial by jury.

## CROSSCLAIMS AGAINST ALL DEFENDANTS

Miller denies he is in any way liable to the plaintiff. However, in the event that he is found liable to the plaintiff, then he demands contribution from all other defendants and, if there is such a disproportion of fault among defendants that an equal distribution of liability among them would be inequitable, he requests that the relative degrees of fault be determined pursuant to 10 Del C. Section 6302(d).

By:

Dated:  May 7, 2007

David E. Brand, Esq. (Del Bar. No. 201)
Prickett, Jones & Elliot, P.A.
1310 King Street
Wilmington, DE 19899

Patricia M. Hamill, Esquire
Vincent T. Cieslik, Esquire
CONRAD O'BRIEN GELLMAN & ROHN, P.C.
1515 Market Street, Sixteenth Floor
Philadelphia, PA 19102-1916
(215) 864-9600

*Attorneys for Defendant*
*Richard E. Miller*