IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                :

DENNIS J. BUCKLEY, AS TRUSTEE OF    :
THE DVI LIQUIDATING TRUST,           :
                                :
          Plaintiff,         :
                                :
         v.              : C.A. No. 04-955-GMS
                                :
MICHAEL A. O'HANLON, et al.,      :
                                :
         Defendants.     :
_____:

**ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIM**
**OF DEFENDANT ANTHONY J. TUREK TO THE COMPLAINT**

Defendant Anthony J. Turek ("Turek"), by and through his undersigned counsel, hereby answers the Complaint of plaintiff Dennis J. Buckley, as trustee of the DVI Liquidating Trust, as follows:

1.    Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to certain "petitions" filed pursuant to the Bankruptcy Code, which are writings that speak for themselves.  Turek therefore denies any characterization by plaintiff of the writings, and demands strict proof of the same at trial.

2.    Denied.  Turek denies the allegations in this paragraph as legal conclusions, to which no responsive pleading is required.

3.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

4.    Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to the Complaint, which is a writing that speaks for itself.  Turek therefore denies any

characterization by plaintiff of the Complaint, and demands strict proof of such allegations at trial.

5.    Admitted on information and belief.

6.    Denied.  Turek denies the allegations in this paragraph as legal conclusions, to which no responsive pleading is required.

7.    Denied.  Turek denies the allegations in this paragraph as legal conclusions, to which no responsive pleading is required.

8.    Denied.  Turek denies the allegations in this paragraph as legal conclusions, to which no responsive pleading is required.

9.    Denied.  Turek denies the allegations in this paragraph as legal conclusions, to which no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

10.    Denied.  The allegations in this paragraph are based on and relate to an Order of the United States Bankruptcy Court for the District of Delaware, which is a writing that speaks for itself.  Turek therefore denies any characterization by plaintiff of the Order, and demands strict proof of such allegations at trial.

11.    Turek denies the allegations in this paragraph to the extent he lacks sufficient knowledge and information to form a belief as to the truth of the allegations related to the current status of DVI, DVI-FS and DVI-BC.

12.    Admitted in part, and denied in part.  Turek admits only that during the time he was employed by DVI, DVI was the parent company of DVI-FS and DVI-BC.  As to the current relationship between DVI and DVI-FS and DVI-BC, Turek lacks sufficient knowledge and

information to form a belief as to the truth of such allegations, and therefore denies the same and demands strict proof at trial.

13.     Admitted on information and belief.

14.     Admitted on information and belief.

15.     Admitted on information and belief.

16.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek, such that no responsive pleading is required.

17.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek, such that no responsive pleading is required.

18.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek, such that no responsive pleading is required.

19.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek, such that no responsive pleading is required.

20.     Admitted in part, and denied as stated, in part.  Turek admits that he joined DVI in 1988 and subsequently served as an Executive Vice-President and Chief Credit Officer of DVI.  Turek admits that he was a member of DVI's Credit Committee, and also had involvement in DVI's acquisition of Third Coast Capital, and DVI's Criticize Asset Committee.  Turek also admits that he was involved in the credit oversight of DVI's international operations and the review of delinquent international loans, but otherwise denies the allegations in this paragraph, as stated.

21.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek, such that no responsive pleading is required.

22.     The allegations of this paragraph do not require a responsive pleading.

23.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek, such that no responsive pleading is required.

24.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek, such that no responsive pleading is required.

25.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek, such that no responsive pleading is required.

26.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek, such that no responsive pleading is required.

27.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek, such that no responsive pleading is required.

28.     The allegations in this paragraph require no responsive pleading.

29.     Denied.  The allegations in this paragraph constitute legal conclusions to which no responsive pleading is required.

30.     Denied.  The allegations in this paragraph constitute legal conclusions to which no responsive pleading is required.

31.     Admitted on information and belief.

32.     Admitted in part, and denied in part.  Turek admits only that he was DVI's Chief Credit Officer, that Fear and Cohn also served on the Credit Committee, and that contract proposals were submitted to the Committee for review.  Turek denies the remaining allegations in that they are directed to parties other than Turek.

33.     Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to certain documentation and/or digital information, which speaks for themselves.

Turek therefore denies any characterization by plaintiff of such information and demands strict proof of such allegations at trial.

34.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

35.    Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to "Criticized Asset Reports," which are writings that speak for themselves.  Turek therefore denies any characterization by plaintiff of the Criticized Asset Reports, and demands strict proof of such allegations at trial.

36.    Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to "Criticized Asset Reports," which are writings that speak for themselves.  Turek therefore denies any characterization by plaintiff of the Criticized Asset Reports, and demands strict proof of such allegations at trial.  By way of further response, Turek denies the allegations in this paragraph to the extent that they are directed to defendants other than Turek.

37.    Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to "Criticized Asset Reports," which are writings that speak for themselves.  Turek therefore denies any characterization by plaintiff of the Criticized Asset Reports, and demands strict proof of such allegations at trial.

38.    Admitted in part, and denied in part.  Turek admits only that he was involved in reviewing certain Criticized Asset Reports.  Turek denies the remaining allegations in this paragraph in that they are based on and relate to Criticized Asset Reports, which are writings that speak for themselves.  Turek therefore denies any characterization by plaintiff of the Criticized Asset Reports, and demand strict proof of such allegations at trial.

39.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

40.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

41.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

42.     Denied.  Turek denies the allegations in this paragraph in that they are directed to a party other than Turek.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

43.     Admitted in part, and denied in part.  Turek admits only that he is a former Executive Vice-President and Chief Credit Officer of DVI.  Turek denies the remaining allegations in this paragraph in that they are directed to defendants other than Turek.

44.     Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to an Audit Committee Charter, which is a writing that speaks for itself.  Turek therefore denies any characterization by plaintiff of the Audit Committee Charter, and demands strict proof of such allegations at trial.

45.     Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to an Audit Committee Charter, which is a writing that speaks for itself.  Turek therefore denies any characterization by plaintiff of the Audit Committee Charter, and demands strict proof of such allegations at trial.

46.     Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to an Audit Committee Charter, which is a writing that speaks for itself.  Turek therefore denies any characterization by plaintiff of the Audit Committee Charter, and demands strict proof of such allegations at trial.

47.     Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to an Audit Committee Charter, which is a writing that speaks for itself.  Turek therefore denies any characterization by plaintiff of the Audit Committee Charter, and demands strict proof of such allegations at trial.

48.     Admitted on information and belief.

49.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

50.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

51.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

52.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

53.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

54.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

55.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

56.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

57.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

58.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

59.     Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to "operating guidelines," which are writings that speaks for themselves.  Turek

therefore denies any characterization by plaintiff of the operating guidelines, and demands strict proof of such allegations at trial.

60.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

61.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

62.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

63.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

64.     Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to "securitization documents," which are writings that speaks for themselves.  Turek therefore denies any characterization by plaintiff of the securitization documents, and demands strict proof of such allegations at trial.

65.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

66.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

67.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

68.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

69.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

70.     Admitted in part, and denied in part.  Turek admits only that he has knowledge of the entities identified in this paragraph as Presgar, RadNet and Dolphin.  Turek denies the remaining allegations in this paragraph in that they are directed to parties other than Turek, such that no responsive pleading is required.

71.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

72.     Denied.  Turek denies the allegations in this paragraph in that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the

allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

73.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

74.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

75.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

76.    Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to certain letters from Deloitte & Touche, which are writings that speak for themselves.  Turek therefore denies any characterization by plaintiff of the letters, and demands strict proof of such allegations at trial.

77.    Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to certain letters from Deloitte & Touche, which are writings that speak for themselves.  Turek therefore denies any characterization by plaintiff of the letters, and demands strict proof of such allegations at trial.

78.    Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to a "series of letters" from the SEC to DVI, which are writings that speak for themselves.  Turek therefore denies any characterization by plaintiff of the SEC letters, and demands strict proof of such allegations at trial.

79.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

80.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

81.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

82.    Admitted in part, and denied in part.  Turek admits only that during the time he was employed by DVI, DVI extended credit and loans to The Hit Factory.  As to the remaining allegations in this paragraph, Turek lacks sufficient knowledge and information to form a belief as to the truth of the same, and therefore denies such allegations and demands strict proof at trial.

83.    Denied.  Turek denies the allegations in this paragraph in that they are directed to parties other than Turek, such that no responsive pleading is required.

84.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

85.    Admitted in part, and denied in part.  Turek admits only that DVI acquired Third Coast Capital.  As to the remaining allegations in this paragraph, Turek lacks sufficient knowledge and information to form a belief as to the truth of such allegations, and therefore denies the same and demands strict proof at trial.

86.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

87.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

88.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

89.    Admitted in part, and denied in part.  Turek admits only that DVI invested funds in its "foreign operations."  Turek lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

90.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

91.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

92.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

93.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

94.    Denied.   Turek specifically denies that he had "personal knowledge" of "Ineligible Pledging" during the time that he was employed by DVI.  Turek denies the remaining allegations in this paragraph in that they are directed to parties other than Turek, such that no responsive pleading is required.

95.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

96.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

97.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

98.    Denied.  Turek denies the allegations in this paragraph in that they are based on and relate to "DVI's records," which are writings that speaks for themselves.  Turek therefore denies any characterization by plaintiff of the DVI records, and demands strict proof of such allegations at trial.

99.    Denied.  Turek denies the allegations in this paragraph in that they are directed to parties other than Turek, such that no responsive pleading is required.

100.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

101.    Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

102.    Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

103.    Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

104.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

105.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

106.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

107.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

108.    Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

109.    Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

110.    Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the

truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

111.     Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

112.     Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

113.     Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

114.     Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

115.    Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

116.    Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

117.    Denied.  Turek denies the allegations in this paragraph to the extent that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE FIRST CLAIM FOR RELIEF

118.    Turek incorporates by reference his responses to paragraphs 1 through 117 above, as if fully set forth at length herein.

119.    Denied.  Turek denies the allegations in this paragraph in that they are directed to parties other than Turek, such that no responsive pleading is required.

120.    Denied.  Turek denies the allegations in this paragraph in that they are directed to parties other than Turek, such that no responsive pleading is required.

121.     Denied.  Turek denies the allegations in this paragraph in that they are directed to parties other than Turek, such that no responsive pleading is required.

122.     Denied.  Turek denies the allegations in this paragraph in that they are directed to parties other than Turek, such that no responsive pleading is required.

123.     Denied.  Turek denies the allegations in this paragraph in that they are directed to parties other than Turek, such that no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE SECOND CLAIM FOR RELIEF

124.     Turek incorporates by reference his responses to paragraphs 1 through 123 above, as if fully set forth at length herein.

125.     Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

126.     Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

127.     Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

128.     Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

129.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

130.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE THIRD CLAIM FOR RELIEF

131.    Turek incorporates by reference his responses to paragraphs 1 through 130 above, as if fully set forth at length herein.

132.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

133.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

134.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

135.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

136.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

137.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE FOURTH CLAIM FOR RELIEF

138.    Turek incorporates by reference his responses to paragraphs 1 through 137 above, as if fully set forth at length herein.

139.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

140.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

141.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

142.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

143.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

144.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE FIFTH CLAIM FOR RELIEF

145.    Turek incorporates by reference his responses to paragraphs 1 through 144 above, as if fully set forth at length herein.

146.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

147.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

148.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

149.     Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

150.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

151.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE SIXTH CLAIM FOR RELIEF

152.     Turek incorporates by reference his responses to paragraphs 1 through 151 above, as if fully set forth at length herein.

153.     Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

154.     Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

155.     Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

156.     Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

157.     Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

158.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE SEVENTH CLAIM FOR RELIEF

159.    Turek incorporates by reference his responses to paragraphs 1 through 158 above, as if fully set forth at length herein.

160.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

161.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

162.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

163.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

164.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

165.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE EIGHTH CLAIM FOR RELIEF

166.    Turek incorporates by reference his responses to paragraphs 1 through 165 above, as if fully set forth at length herein.

167.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

168.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

169.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

170.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

171.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

172.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE NINTH CLAIM FOR RELIEF

173.    Turek incorporates by reference his responses to paragraphs 1 through 172 above, as if fully set forth at length herein.

174.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

175.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

176.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

177.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

178.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

179.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE TENTH CLAIM FOR RELIEF

180.    Turek incorporates by reference his responses to paragraphs 1 through 179 above, as if fully set forth at length herein.

181.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

182.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

183.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

184.    Denied.  Turek denies the allegations in this paragraph in that they constitute legal conclusions, to which no responsive pleading is required.

185.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

186.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and demands strict proof at trial.

## AS TO THE ELEVENTH CLAIM FOR RELIEF

187.    Turek incorporates by reference his responses to paragraphs 1 through 186 above, as if fully set forth at length herein.

188.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

189.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

190.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

191.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

## AS TO THE TWELFTH CLAIM FOR RELIEF

192.    Turek incorporates by reference his responses to paragraphs 1 through 191 above, as if fully set forth at length herein.

193.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

194.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

195.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

196.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

197.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

## AS TO THE THIRTEENTH CLAIM FOR RELIEF

198.    Turek incorporates by reference his responses to paragraphs 1 through 197 above, as if fully set forth at length herein.

199.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

200.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

201.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

202.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

203.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

## AS TO THE FOURTEENTH CLAIM FOR RELIEF

204.    Turek incorporates by reference his responses to paragraphs 1 through 203 above, as if fully set forth at length herein.

205.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

206.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

207.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

208.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

209.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

## AS TO THE FIFTEENTH CLAIM FOR RELIEF

210.    Turek incorporates by reference his responses to paragraphs 1 through 209 above, as if fully set forth at length herein.

211.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

212.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

213.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

214.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

215.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

## AS TO THE SIXTEENTH CLAIM FOR RELIEF

216.    Turek incorporates by reference his responses to paragraphs 1 through 215 above, as if fully set forth at length herein.

217.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

218.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

219.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

220.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

221.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

## AS TO THE SEVENTEENTH CLAIM FOR RELIEF

222.    Turek incorporates by reference his responses to paragraphs 1 through 221 above, as if fully set forth at length herein.

223.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

224.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

225.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

226.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

227.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

## AS TO THE EIGHTEENTH CLAIM FOR RELIEF

228.    Turek incorporates by reference his responses to paragraphs 1 through 227 above, as if fully set forth at length herein.

229.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

230.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

231.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

232.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

233.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

## AS TO THE NINETEENTH CLAIM FOR RELIEF

234.    Turek incorporates by reference his responses to paragraphs 1 through 233 above, as if fully set forth at length herein.

235.    The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

236.     The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

237.     The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

238.     The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

239.     The allegations in this paragraph do not require a responsive pleading as they are directed to defendants other than Turek.

## AS TO THE TWENTIETH CLAIM FOR RELIEF

240.     Turek incorporates by reference his responses to paragraphs 1 through 239 above, as if fully set forth at length herein.

241.     Denied.  The allegations in this paragraph constitute legal conclusions, to which no responsive pleading is required.   By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

242.     Denied.  The allegations in this paragraph constitute legal conclusions, to which no responsive pleading is required.

243.     Denied.  The allegations in this paragraph constitute legal conclusions, to which no responsive pleading is required.   By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

244.     Denied.  The allegations in this paragraph constitute legal conclusions, to which no responsive pleading is required.

245.    Denied.  The allegations in this paragraph constitute legal conclusions, to which no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

246.    Denied.  Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

247.    Denied.  The allegations in this paragraph constitute legal conclusions, to which no responsive pleading is required.  By way of further response, Turek lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same and demands strict proof at trial.

WHEREFORE, defendant Anthony J. Turek respectfully requests that the Court enter judgment in his favor, together with costs of suit, attorneys' fees and such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Turek.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and/or laches.

### THIRD AFFIRMATIVE DEFENSE

Turek was entitled to, and did, rely upon the audits, recommendations, statements, analyses, representations and legal advice regarding DVI provided to him by others, including but not limited to, DVI's management and/or other Defendants in this case.

## FOURTH AFFIRMATIVE DEFENSE

Turek was entitled to, and did, rely upon audits, recommendations, audits, opinions, statements, analyses and representations made or issued by Deloitte.

## FIFTH AFFIRMATIVE DEFENSE

Turek was entitled to, and did, rely upon recommendations, statements, opinions and representations of DVI's legal counsel.

## SIXTH AFFIRMATIVE DEFENSE

Turek complied faithfully with all duties of disclosure to which he was subject and breached no duty applicable to him.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Turek at all times acted with reasonable care and diligence with respect to the transactions described by Plaintiff in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The actions or inactions of Turek were not the direct or proximate cause of any of the injuries alleged by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Turek are barred, in whole or in part, because the injuries Plaintiff sustained, if any, were caused by the actions or inactions of parties outside the control of Turek, or economic events that were, likewise, outside the control of Turek.  These actions, inactions and events were intervening or superseding causes of Plaintiff's alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the acts and/or events complained of arose from the acts or omissions of third parties over whom Turek had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

The actions or inactions of Turek were not the sole or partial cause of any decision by Plaintiff to enter into or perform under a contractual relationship with DVI.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk and, therefore, may not recover under the claims in the Complaint, in whole or in part.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own unclean hands and/or wrongful conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, in that Plaintiff failed to mitigate its damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any losses under the circumstances alleged in the Complaint (which Turek denies), then Turek's liability, if any, must be limited only to that portion of damages that corresponds to his respective fault and responsibility, and Turek is not liable for any damages attributable to the responsibility, negligence, or fault of any other person or entity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or the damages (if any) allegedly sustained by Plaintiff are reduced by, Plaintiff's contributory and/or comparative or proportional fault and/or the comparative or proportional fault of other parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims on behalf of the Debtors are barred in that the Debtors assigned any and all claims that they had, or may have had, as against Turek.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims on behalf of the unsecured creditors are barred in that Plaintiff has no standing to pursue claims on behalf of the creditors, as reflected in the Order and Opinion of the Honorable Gregory M. Sleet, U.S.D.J., dated March 28, 2007.

## TWENTIETH AFFIRMATIVE DEFENSE

Turek hereby adopts and incorporates by reference any other defenses asserted or to be asserted by any other Defendant to the extent that such defense may be applicable to Turek. Further, Turek reserves the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

## CROSSCLAIM

Turek specifically denies any liability with respect to the claims alleged in the Complaint. To the extent, however, that Turek is found to be in any way liable for such claims in the Complaint and/or for any additional claim that may be asserted by Plaintiff, Turek demands contribution and/or indemnification from all defendants pursuant to 10 Del. C. § 6306(b)(1), on the grounds that such defendants are, or may be, liable to him for all or part of the claims asserted by Plaintiff.  In addition, Turek expressly reserves his right to seek a judicial determination of his pro rata share of any joint, several, and/or common liability found against

him in this action pursuant to 10 Del. C. § 6302(d) and/or Delaware's Uniform Contribution

Among Tort-Feasors Law.


Dated: May 7, 2007                              */s/ Sean J. Bellew*
                                               Sean J. Bellew (#4072)
                                               David A. Felice (#4090)
                                               Cozen O'Connor
                                               1201 North Market Street, Suite 1400
                                               Wilmington, DE  19801
                                               Telephone:  (302) 295-2000
                                               Facsimile:  (302) 295-2013

                                               *Attorneys for Defendant Anthony J. Turek*

*Of Counsel*:

Kevin F. Berry, Esquire
William J. Taylor, Esquire
John C. Barnoski, Esquire
John P. Johnson, Jr., Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA   19103
Telephone:  (215) 665-2000
Facsimile:  (215) 665-2013