**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| DENNIS J. BUCKLEY, TRUSTEE OF THE DVI LIQUIDATING TRUST, | : : : |
| v. | : : No. 04-955-GMS |
| MICHAEL A. O'HANLON, *et al.* | : : : |

**DEFENDANT MICHAEL A. O'HANLON'S
ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM**

Defendant Michael O'Hanlon ("Mr. O'Hanlon"), through his attorneys, answers the

Complaint filed in this action as follows:

1.     Admitted in part and denied in part.  Mr. O'Hanlon admits, upon

information and belief, that DVI, Inc. ("DVI"), DVI Financial Services, Inc. ("DVIFS"), and

DVI Business Credit Corporation ("DVIBC") filed for Chapter 11 bankruptcy protection in the

United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court") on or

about August 25, 2003.  The remaining allegations of this paragraph are denied.  By way of

further answer, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in this paragraph and, therefore, they are

denied.

2.     Denied.  By way of further answer, Mr. O'Hanlon is without knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations in this

paragraph and, therefore, they are denied.

3.     Admitted in part and denied in part.  By way of further answer, Mr.

O'Hanlon admits, upon information and belief, that the Official Committee of Unsecured

Creditors of DVI, Inc. (the "Committee") was appointed by the Acting United States Trustee on or about September 4, 2003.  The remaining allegations of this paragraph are denied.  By way of further answer, by order of this Court dated April 6, 2006, plaintiff Dennis J. Buckley, Trustee of the DVI Liquidating Trust ("Mr. Buckley") was substituted for the Committee as the plaintiff in this action.  The Committee is therefore no longer the plaintiff in this action.

4.    Denied.  By way of further answer, the Complaint is a written document that speaks for itself; Mr. O'Hanlon denies any characterization of the Complaint by Mr. Buckley.  Moreover, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

5.    Admitted in part and denied in part.  Mr. O'Hanlon admits that DVI was an independent specialty finance company for certain kinds of health care providers worldwide and that DVI provided lines of credit for working capital, backed by health care receivables and loans and leases, to finance the purchase of diagnostic imaging and other therapeutic medical equipment.  The remaining allegations of this paragraph are denied.

6.    Denied.

7.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.[1]

---

[1] It is a matter of public record that in December 2006, defendant Steven R. Garfinkel pleaded guilty to two federal charges contained in a criminal information brought by the United States Attorney's Office.  It is also a matter of public record that in March 2006, Mr. Garfinkel was

(continued…)

8.      Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

9.      Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

10.      Denied.  By way of further answer, the Order of the Bankruptcy Court signed on May 10, 2004 and entered on May 11, 2004 is a written document that speaks for itself; Mr. O'Hanlon denies any characterization of that Order by Mr. Buckley

11.      Admitted.

12.      Admitted.

13.      Admitted in part and denied in part.  Mr. O'Hanlon admits that DVI was an independent specialty finance company for certain kinds of health care providers worldwide and that DVI provided lines of credit for working capital, backed by health care receivables and

---

(continued…)
sentenced for those crimes.  By asserting a lack of knowledge or information sufficient to form a belief as to the truth or falsity of certain allegations directed to either (a) the defendants as a whole or (b) a subset of defendants inclusive of Mr. Garfinkel, it is not Mr. O'Hanlon's intention to mount any sort of collateral attack on the propriety of either Mr. Garfinkel's criminal conviction or his criminal sentence.

loans and leases, to finance the purchase of diagnostic imaging and other therapeutic medical equipment. The remaining allegations of this paragraph are denied.

14.    Admitted in part and denied in part. Mr. O'Hanlon admits that, prior to the petition date, DVIFS, among other things, provided lease or loan financing to healthcare providers for the acquisition or lease of medical equipment, including MRI units and CT scanners. The remaining allegations of this paragraph are denied.

15.    Admitted in part and denied in part. Mr. O'Hanlon admits that, prior to the petition date, DVIBC, among other things, extended to healthcare providers revolving lines of credit for working capital that were backed by health care receivables. The remaining allegations of this paragraph are denied.

16.    Admitted in part and denied in part. Mr. O'Hanlon admits that he was DVI's Chief Executive Officer from 1995 until August 25, 2003, when, at the request of the Board of Directors, he involuntarily resigned as CEO of DVI. Mr. O'Hanlon further admits that he became a Director of DVI in 1993. Mr. O'Hanlon further admits that he was a member of a group of individuals at DVI that regularly reviewed DVI's "criticized assets" and determined related loss allowances. The remaining allegations of this paragraph are denied. By way of further answer, denies that that he ever resigned as a board member of DVI. Mr. O'Hanlon also denies that he served as a member of DVI's Board's Audit Committee.

17.    Admitted in part and denied in part. Mr. O'Hanlon admits that Mr. Garfinkel was a member of a group of individuals at DVI that regularly reviewed DVI's "criticized assets" and determined related loss allowances. The remaining allegations of this paragraph are admitted.

18.     Admitted in part and denied in part.  Mr. O'Hanlon admits that Richard Miller ("Mr. Miller") joined DVI in 1994, and that Mr. Miller was Executive Vice President of DVI and President of DVIFS.  Mr. O'Hanlon denies that Mr. Miller was a member of DVI's Credit Committee.  The remaining allegations of this paragraph are denied.  Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those remaining allegations.

19.     Admitted in part and denied in part.  Mr. O'Hanlon admits that John P. Boyle ("Mr. Boyle") joined DVI in 1995 and was it Chief Accounting Officer, Vice President, and Secretary.  The remaining allegations of this paragraph are denied.  Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those remaining allegations.

20.     Admitted in part and denied in part.  Mr. O'Hanlon admits that Anthony J. Turek ("Mr. Turek") joined DVI in 1988 and served as its Chief Credit Officer and Executive Vice President.  Mr. O'Hanlon further admits that Mr. Turek was a member of DVI's Credit Committee.  Mr. O'Hanlon further admits that Mr. Turek was, at certain points in time, a member of a group of individuals at DVI that regularly reviewed DVI's "criticized assets" and determined related loss allowances.  Mr. O'Hanlon further admits that Mr. Turek was involved in the oversight of Third Coast Capital.  Mr. O'Hanlon further admits that Mr. Turek was, at certain points in time, responsible for oversight of DVI's international operations, including the review of delinquent international loans.  The remaining allegations of this paragraph are denied.  Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those remaining allegations.

21.     Admitted in part and denied in part.  Mr. O'Hanlon admits, upon information and belief, that Mr. Fear was a Vice President of Credit for DVI and a member of DVI's Credit Committee.  The remaining allegations of this paragraph are denied. Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those remaining allegations.

22.     Admitted in part and denied in part.  Mr. O'Hanlon admits that he, Mr. Garfinkel, Mr. Miller, Mr. Boyle, Mr. Turek and Mr. Fear were officers of DVI, as set forth in his answers to paragraphs 16-21 above.  The remaining allegations of this paragraph are denied. To the extent that the allegations of this paragraph imply or suggest that "group pleading" or other group treatment of the defendants named herein is appropriate or otherwise proper, those allegations are denied.

23.     Admitted.

24.     Admitted in part and denied in part.  Mr. O'Hanlon admits that Gerald L. Cohn ("Mr. Cohn") became a director of DVI in 1986 and was, at all relevant times, a member of DVI's Credit Committee and the Audit and Compensation Committees of DVI's Board of Directors.  Mr. O'Hanlon further admits that Mr. Cohn was involved in the oversight of Third Coast Capital.  The remaining allegations of this paragraph are denied.   Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those remaining allegations.

25.     Admitted.

26.     Admitted in part and denied in part.  Mr. O'Hanlon admits that  Harry T. J. Roberts ("Mr. Roberts") became a director of DVI in 1996.   Mr. O'Hanlon further admits that Mr. Roberts was a member of the Executive Committee of DVI's Board of Directors.  Mr.

O'Hanlon further admits that Mr. Roberts was also an employee of DVI.   The remaining allegations of this paragraph are denied.  By way of further answer, Mr. O'Hanlon denies that Mr. Roberts had responsibilities for seeking out funding for DVI.  Mr. O'Hanlon also denies that Mr. Roberts was a member of DVI's Audit Committee.

      27.    Admitted.

      28.    Admitted in part and denied in part.  Mr. O'Hanlon admits that he, Mr. Cohn, Mr. Goldberg, Mr. McHugh, Mr. Roberts and Mr. Shapiro were directors of DVI, as set forth in his answers to paragraphs 16 and 23-27 above.  The remaining allegations of this paragraph are denied.  To the extent that the allegations of this paragraph imply or suggest that "group pleading" or other group treatment of the defendants named herein is appropriate or otherwise proper, those allegations are denied.

      29.    Admitted in part and denied in part.  Mr. O'Hanlon admits that the Court has subject matter jurisdiction over this dispute as it is presently configured subject to U.S. District Court Judge Gregory M. Sleet's Order dated March 28, 2007, which granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Mr. O'Hanlon reserves his right to contest the Court's subject matter jurisdiction over this dispute in the event that Mr. Buckley amends his pleadings or the parties to this dispute change.

      30.    Mr. O'Hanlon admits that venue lies in this District pursuant to 28 U.S.C. § 1409(a) because this is the District in which DVI's, DVIFS's, and DVIBC's Chapter 11 bankruptcy proceedings are pending.  Mr. O'Hanlon reserves his right to contest the propriety of venue in this District pursuant to the doctrine of *forum non conveniens,* in the event that Mr.

Buckley amends his pleadings, and/or in the event that the Chapter 11 bankruptcy proceedings terminate.

31.     Admitted.

32.     Admitted in part and denied in part.  As a general matter, contract proposals that involved DVI's Loan Workout Department may not have been submitted to the Credit Department for review.  The remaining allegations of this paragraph are admitted.

33.     Admitted in part and denied in part.  By way of further answer, certain information (such as information from new credit applications) was entered into the InfoLease system prior to Credit Department approval.  The remaining allegations of this paragraph are admitted.

34.     Admitted in part and denied in part.  Mr. O'Hanlon admits that DVI had a procedure or system known as the "Contract Adjustment Request Document" or "CARD" procedure.  Mr. O'Hanlon further admits, upon information and belief, that only a limited number of individuals at DVI were authorized to utilize the CARD procedure.  The remaining allegations of this paragraph are denied.  Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

35.     Admitted in part and denied in part.  Mr. O'Hanlon admits that DVI's Workout Department prepared periodic reports known as "Criticized Asset Reports."  The Criticized Asset Reports are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of their contents by Mr. Buckley.

36.     Admitted in part and denied in part.  Mr. O'Hanlon denies that the "Criticized Asset Reports" were distributed to all of the Officer Defendants.  The remaining allegations of this paragraph are admitted.

37.    Denied.  By way of further answer, the Criticized Asset Reports are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of their contents by Mr. Buckley.

38.    Admitted in part and denied in part.  By way of further answer, the composition of the group of individuals at DVI that regularly reviewed DVI's "criticized assets" and determined related loss allowances changed over time.  Mr. O'Hanlon admits that, at certain points in time, Mr. O'Hanlon, Mr. Garfinkel, Mr. Boyle and Mr. Turek were members of that group.  The remaining allegations of this paragraph are denied.  By way of further answer, Mr. O'Hanlon denies Mr. Buckley's characterization of the responsibilities and activities of the group of individuals at DVI that regularly reviewed DVI's "criticized assets" and determined related loss allowances.  Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Admitted.

44.    Admitted in part and denied in part.  Mr. O'Hanlon admits that, at some point in time, DVI's Board of Directors adopted a written Audit Committee Charter.  The remaining allegations of this paragraph are denied.  By way of further answer, the Audit Committee Charter is a written document that speaks for itself; Mr. O'Hanlon denies any characterization of its contents by Mr. Buckley.  Mr. O'Hanlon is without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

45.    Denied.  By way of further answer, the Audit Committee Charter is a written document that speaks for itself; Mr. O'Hanlon denies any characterization or selective quotation of its contents by Mr. Buckley.

46.    Denied.  By way of further answer, the Audit Committee Charter is a written document that speaks for itself; Mr. O'Hanlon denies any characterization or selective quotation of its contents by Mr. Buckley.

47.    Denied.  By way of further answer, the Audit Committee Charter is a written document that speaks for itself; Mr. O'Hanlon denies any characterization or selective quotation of its contents by Mr. Buckley.

48.    Admitted in part and denied in part.  Mr. O'Hanlon admits that Mr. Goldberg, Mr. Shapiro, Mr. McHugh, and Mr. Cohn were members of DVI's Audit Committee. The remaining allegations of this paragraph are denied.  By way of further answer, Mr. O'Hanlon denies that either Mr. O'Hanlon or Mr. Roberts were members of DVI's Audit Committee.  Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

49.    Admitted in part and denied in part.  Mr. O'Hanlon admits that DVI periodically raised capital through the process of securitization, in which DVI transferred certain loans and leases to a securitization trust through a third-party Special Purpose Entity ("SPE"). Mr. O'Hanlon further admits that the Securitization Trusts each were designated as a separate SPE called "DVI Receivables Corp.," and that when an SPE was created and received a pool of loans and leases, another SPE was created and designated "DVI Receivables LLC" (the "SPE

Issuer"). Mr. O'Hanlon admits that for each securitization transaction (the "Securitization"), a pool of loans and leases was transferred from the respective SPE to an SPE Issuer. Mr. O'Hanlon further admits that, upon Securitization of the pool of loans and leases, the SPE Issuer offered and sold notes (the "Securitization Notes") to investors. Mr. O'Hanlon further admits that the notes issued by the SPE Issuer were secured by the pool of loans and leases transferred to it, and the principal and interest on these notes was to be paid from the cash flow produced by the transferred loans and leases. The remaining allegations of this paragraph are denied.

50.    Admitted in part and denied in part. Mr. O'Hanlon admits that funds raised from the SPEs were transferred to the DVI entity that had transferred the pool of loans and leases, and that the DVI entity that received the funds raised from the SPEs would use those funds for various purposes. The remaining allegations of this paragraph are denied. By way of further answer, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

51.    Denied. By way of further answer, the documents governing the each of the Securitizations for DVIFS and/or DVIBC are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of their contents by Mr. Buckley.

52.    Denied.

53.    Denied. By way of further answer, the documents governing the each of the Securitizations for DVIFS and/or DVIBC and the documents governing each of DVI's credit lines are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of the contents of those documents by Mr. Buckley. Further, Mr. O'Hanlon specifically denies that he ever enacted, participated in, or perpetrated a strategy or tactic to avoid recognizing losses or establishing reserves on non-performing contracts.

54.     Denied.  By way of further answer, Mr. O'Hanlon denies having any knowledge that DVI was experiencing a "financial crisis" prior to his conversation with defendant Steven Garfinkel in mid-July 2003, during which Mr. Garfinkel told Mr. O'Hanlon that he had engaged in "double-pledging."

55.     Denied.  By way of further answer, Mr. O'Hanlon denies having any knowledge that DVI was experiencing a "financial crisis" prior to his conversation with defendant Steven Garfinkel in mid-July 2003, during which Mr. Garfinkel told Mr. O'Hanlon that he had engaged in "double-pledging."

56.     Admitted in part and denied in part.  Mr. O'Hanlon admits that in May 2003, Deloitte refused to approve the accounting for transactions involving a facility located in Corpus Christi, Texas.   Mr. O'Hanlon further admits that Deloitte eventually resigned as DVI's independent auditor, and that Deloitte's resignation triggered defaults under DVI's credit facilities and under the indenture for DVI's Senior Notes.  Mr. O'Hanlon further admits that on or about August 1, 2003, DVI was not able to make interest payments on its 9⅞ % Senior Notes, and that DVI had depleted its credit facilities by that date.  Mr. O'Hanlon further admits, upon information and belief, that DVI, DVIFS, and DVIBC filed for Chapter 11 bankruptcy protection in the Bankruptcy Court on or about August 25, 2003.  The remaining allegations of this paragraph are denied.  By way of further answer, Mr. O'Hanlon denies having any knowledge that DVI was experiencing a "financial crisis" prior to his conversation with defendant Steven Garfinkel in mid-July 2003, during which Mr. Garfinkel told Mr. O'Hanlon that he had engaged in "double-pledging."  Further, Deloitte consistently informed the DVI Board of Directors that the Corpus Christi issue was the only issue of concern.

57.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

58.    Denied.  By way of further answer, the terms "operating guidelines" and "servicing requirements" are vague, ambiguous, and undefined; as a result, the averments of this paragraph are incapable of an intelligible response.  To the extent that the allegations of this paragraph reference written policies, procedures, accounting standards, agreements, contracts, or other documents, those documents are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of their contents by Mr. Buckley.

59.    Denied.  By way of further answer, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

60.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

61.    Denied.  By way of further answer, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

62.     Denied.  By way of further answer, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

63.     Denied.  By way of further answer, the documents governing the terms of DVI's securitizations are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of their contents by Mr. Buckley.

64.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

70.    Admitted in part and denied in part.  By way of further answer, Mr. O'Hanlon admits solely that PresGar had business relationships with DVI that involved certain non-performing loans and treatment centers, that RadNet had business relationships with DVI, and that Dolphin had business relationships with DVI.  The remaining allegations of this paragraph are denied.  By way of further answer, Mr. O'Hanlon denies that PresGar, RadNet, or Dolphin was a "special relationship entity" as Mr. Buckley uses that term.  Mr. O'Hanlon further denies that there was any purportedly improper "special relationship" between DVI and the entities that DVI engaged to work out and solve problems with certain non-performing facilities and loans.  Further, to the extent that the remaining allegations are directed to defendants other than Mr. O'Hanlon, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

76.    Admitted in part and denied in part.  Mr. O'Hanlon admits that he received certain Management Letters from Deloitte while he served as a Director of DVI.  The remaining allegations of this paragraph are denied.  By way of further answer, Deloitte's Management Letters are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of their contents by Mr. Buckley.

77.     Denied.  By way of further answer, Deloitte's Management Letters are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of their contents by Mr. Buckley.  Further, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

78.     Admitted in part and denied in part.  Mr. O'Hanlon admits that, at certain points in time, the Securities and Exchange Commission ("SEC") sent letters to DVI.  The remaining allegations of this paragraph are denied.  Those letters are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of their contents by Mr. Buckley.

79.     Denied.  By way of further answer, the letters sent by the SEC to DVI are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of their contents by Mr. Buckley.

80.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

81.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

82.     Admitted in part and denied in part.  Mr. O'Hanlon admits, upon information and belief, that The Hit Factory ("THF") is a recording studio business with a related

equipment rental business.  Mr. O'Hanlon further admits that DVI extended credit and loans to THF.  Mr. O'Hanlon further admits that THF was started by the late Edward Germano, and that Mr. Germano was a business acquaintance of Mr. O'Hanlon's.  The remaining allegations of this paragraph are denied.

83.    Admitted in part and denied in part.  Mr. O'Hanlon admits, upon information and belief, that, on certain occasions, THF did not make timely payments on its loans, and that he was generally aware of that fact.  Mr. O'Hanlon also admits, upon information and belief, that on certain occasions, DVI modified its payment arrangements with THF.  The remaining allegations of this paragraph are denied.  By way of further answer, Mr. O'Hanlon denies that he ever knowingly disregarded the best interests of DVI or that he ever knew that anyone at DVI ever knowingly disregarded the best interests of DVI.  To the extent that the remaining allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the remaining allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

84.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

85.    Admitted in part and denied in part.  Mr. O'Hanlon admits that, in 1998, DVI acquired certain businesses affiliated with Third Coast Capital.  The terms of DVI's acquisition of Third Coast Capital are set forth in various written agreements that speak for themselves; Mr. O'Hanlon denies any characterization of their contents by Mr. Buckley.  The remaining allegations of this paragraph are denied.  By way of further answer, Mr. O'Hanlon is

without knowledge or information sufficient to form a belief as to the truth or falsity of those remaining allegations.

86.    Denied.

87.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

88.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

89.    Admitted in part and denied in part.  Mr. O'Hanlon admits that DVI expanded its business into various foreign markets, including South America, Europe, Australia, and Asia, and that the expansion was done with the knowledge and approval of DVI's Board of Directors and its major shareholders.  The remaining allegations of this paragraph are denied.  Mr. O'Hanlon denies that DVI's foreign operations were a "consistent failure."  Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

90.    Denied.

91.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

92.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and

Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

93.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

94.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

95.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, Mr. O'Hanlon denies that "[t]he practice of ineligible pledging was widely known among DVI's management and Directors."   To the extent that the remaining allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the remaining allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those remaining allegations.

96.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of

this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

97. Denied. By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied. To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

98. Denied. By way of further answer, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

99. Denied. By way of further answer, Mr. O'Hanlon denies that the practice of double-pledging was discussed at DVI board meetings in 2002 or at DVI board meetings in 2003 prior to the date in mid-July 2003 when Steven Garfinkel told Mr. O'Hanlon that he had engaged in "double-pledging." Mr. O'Hanlon also denies that he authorized or approved the practice of "double-pledging." To the extent that the remaining allegations of this paragraph are directed to Mr. O'Hanlon, they are denied. To the extent that the remaining allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

100. Denied. By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC. Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied. To

the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

      101.    Denied.  By way of further answer, the allegations of this paragraph are not directed to Mr. O'Hanlon and, therefore, no response from Mr. O'Hanlon is required.  To the extent that the allegations of this paragraph may be deemed to be directed to Mr. O'Hanlon, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

      102.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

      103.    Denied.  By way of further answer, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

      104.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

105.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

106.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

107.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

108.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

109.     Denied.  By way of further answer, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

110.     Denied.  By way of further answer, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

111.     Denied.  By way of further answer, Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

112.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

113.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Further, the Management Letters that DVI's auditors sent to DVI are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of the Management Letters by Mr. Buckley.

114.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

115.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or

falsity of those allegations.  Further, the Management Letters that DVI's auditors sent to DVI are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of the Management Letters by Mr. Buckley.

116.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Further, the Management Letters that DVI's auditors sent to DVI are written documents that speak for themselves; Mr. O'Hanlon denies any characterization of the Management Letters by Mr. Buckley.

117.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

### FIRST CLAIM FOR RELIEF
### Common Law Fraud As Against Defendants O'Hanlon, Garfinkel, and Miller

118.    Mr. O'Hanlon's responses to paragraphs 1 through 117 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

119.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed

Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

      120.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

      121.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

      122.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and

Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

123.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

**SECOND CLAIM FOR RELIEF**
**Breach of Fiduciary Duty As Against The Officer Defendants**

124.    Mr. O'Hanlon's responses to paragraphs 1 through 123 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

125.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

126.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

127.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and

Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

128.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

129.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

130.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

### THIRD CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Officer Defendants

131.    Mr. O'Hanlon's responses to paragraphs 1 through 130 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

132.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

133.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the

extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied. To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

134.     Denied. By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied. To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

135.     Denied. By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

136.     Denied. By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied. To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

137.     Denied. By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

**FOURTH CLAIM FOR RELIEF**
**Breach of Fiduciary Duty As Against The Officer Defendants**

138.    Mr. O'Hanlon's responses to paragraphs 1 through 137 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

139.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

140.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

141.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

142.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

143.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of

this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

144.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

### FIFTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Officer Defendants

145.     Mr. O'Hanlon's responses to paragraphs 1 through 144 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

146.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

147.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

148.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and

Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

149.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

150.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

151.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## SIXTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Officer Defendants

152.     Mr. O'Hanlon's responses to paragraphs 1 through 151 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

153.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

154.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and

Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

155.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

156.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

157.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

158.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## SEVENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Officer Defendants

159.    Mr. O'Hanlon's responses to paragraphs 1 through 158 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

160.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

161.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

162.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

163.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

164.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

165.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## EIGHTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Officer Defendants

166.     Mr. O'Hanlon's responses to paragraphs 1 through 165 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

167.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

168.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

169.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

170.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

171.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

172.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## NINTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Officer Defendants

173.    Mr. O'Hanlon's responses to paragraphs 1 through 172 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

174.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

175.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

176.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and

Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

177.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

178.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

179.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## TENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Officer Defendants

180.     Mr. O'Hanlon's responses to paragraphs 1 through 179 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

181.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

182.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and

Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

183.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

184.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

185.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

186.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## ELEVENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Director Defendants

187.    Mr. O'Hanlon's responses to paragraphs 1 through 186 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

188.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

189.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

190.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

191.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## TWELFTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Director Defendants

192.     Mr. O'Hanlon's responses to paragraphs 1 through 191 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

193.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

194.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

195.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

196.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

197.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

### THIRTEENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Director Defendants

198.    Mr. O'Hanlon's responses to paragraphs 1 through 197 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

199.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

200.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

201.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response

from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

202.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

203.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

### FOURTEENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Director Defendants

204.    Mr. O'Hanlon's responses to paragraphs 1 through 203 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

205.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

206.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

207.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

208.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

209.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## FIFTEENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Director Defendants

210.    Mr. O'Hanlon's responses to paragraphs 1 through 209 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

211.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

212.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response

from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

213.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

214.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

215.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## SIXTEENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Director Defendants

216.    Mr. O'Hanlon's responses to paragraphs 1 through 215 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

217.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

218.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the

extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

219.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

220.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

221.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

### SEVENTEENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Director Defendants

222.    Mr. O'Hanlon's responses to paragraphs 1 through 221 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

223.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

224.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

225.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

226.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

227.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## EIGHTEENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Director Defendants

228.     Mr. O'Hanlon's responses to paragraphs 1 through 227 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

229.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

230.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

231.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

232.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

233.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## NINETEENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty As Against The Director Defendants

234.     Mr. O'Hanlon's responses to paragraphs 1 through 233 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

235.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

236.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

237.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

238.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

239.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

## TWENTIETH CLAIM FOR RELIEF
### Deepening Insolvency As Against The Defendants

240.    Mr. O'Hanlon's responses to paragraphs 1 through 239 of Mr. Buckley's Complaint are incorporated by reference as if fully set forth at length herein.

241.    Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

242.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

243.    Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and

Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

244.     Denied.  By way of further answer, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

245.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

246.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.

247.     Denied.  By way of further answer, by Order dated March 28, 2007, U.S. District Court Judge Gregory M. Sleet granted the defendants' motions to dismiss and dismissed Mr. Buckley's claims on behalf of the creditors of DVI, DVIFS, and DVIBC.  Further, to the extent that the allegations of this paragraph are directed to Mr. O'Hanlon, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, no response

from Mr. O'Hanlon is required, and Mr. O'Hanlon is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

**WHEREFORE**, defendant Michael O'Hanlon respectfully requests that this Honorable Court enter judgment in his favor and against plaintiff Dennis J. Buckley, Trustee of the DVI, Inc. Liquidating Trust, on all of Mr. Buckley's claims, and that this Honorable Court grant him his costs, expenses, and such other relief as this Honorable Court may deem appropriate.

## GENERAL DENIAL

Mr. O'Hanlon denies each and every allegation not specifically admitted or denied.

## AFFIRMATIVE DEFENSES

In asserting the following defenses, Mr. O'Hanlon does not assume the burden of proof of any defense that would otherwise rest with Plaintiff.

## FIRST DEFENSE

The Complaint and the purported causes of action asserted against Mr. O'Hanlon fail to state a claim upon which relief can be granted against Mr. O'Hanlon.

## SECOND DEFENSE

The Complaint fails to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

The alleged misstatements and omissions and other conduct alleged in the Complaint to have been made by Mr. O'Hanlon or for which Mr. O'Hanlon is alleged to be liable were not material.

## FOURTH DEFENSE

The claims of Plaintiff are barred in whole or in part by the applicable statute(s) of limitations and/or the equitable doctrine of laches.

## FIFTH DEFENSE

Mr. O'Hanlon reasonably relied on the statements, audits, examinations, representations and assessments made or issued by others, including, but not limited to, those of Deloitte & Touche, its representatives and agents.

## SIXTH DEFENSE

The claims of Plaintiff are barred in whole or in part because DVI, DVIFS, and/or DVIBC had actual or constructive knowledge of the alleged omissions and alleged conduct complained of, and, therefore, assumed the risk of any alleged damages proximately cause thereby.

## SEVENTH DEFENSE

Mr. Buckley is barred from claiming injury and damages, if any, because it failed to make reasonable efforts to mitigate such alleged injury or damage, which would have prevented its injury or damage.

## EIGHTH DEFENSE

Mr. Buckley's claims are barred in whole or in part by the doctrine of unclean hands.

## NINTH DEFENSE

Mr. Buckley's claims are barred in whole or in part because the alleged misstatements and omissions and other conduct alleged in the Complaint did not cause the purported damages.

## TENTH DEFENSE

Mr. O'Hanlon did not make any false or misleading statements or omissions of material fact.

## ELEVENTH DEFENSE

Mr. O'Hanlon did not act with scienter.

## TWELFTH DEFENSE

Mr. O'Hanlon acted at all times in good faith and in conformity with applicable state law, federal law, and/or the rules and regulations of the Securities Exchange Commission.

## THIRTEENTH DEFENSE

Mr. Buckley's claims are barred, in whole or in part, for lack of proximate causation between Mr. O'Hanlon's alleged conduct and the alleged harm, and by superseding and intervening causes.

## FOURTEENTH DEFENSE

Mr. O'Hanlon hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Mr. O'Hanlon may share in such defense.

## FIFTEENTH DEFENSE

Mr. O'Hanlon reserves and asserts all affirmative defenses available under any applicable federal and state law. Mr. O'Hanlon presently has insufficient knowledge or information upon which to form a belief as to whether he may have other, as yet unstated, affirmative defenses available. Therefore, Mr. O'Hanlon reserves the right to assert defenses in the event that discovery indicates that they would be appropriate.

## SIXTEENTH DEFENSE

Mr. Buckley's claims are barred in whole or in part because Mr. O'Hanlon did not knowingly or recklessly make false statements, or fail to disclose information, in connection with DVI.

## SEVENTEENTH DEFENSE

Mr. Buckley's claims are barred in whole or in part because factors other than the allegedly untrue statements of material fact, omissions of material fact, misleading statements or other alleged actions by Mr. O'Hanlon caused some or all of the alleged damages.

## EIGHTEENTH DEFENSE

The Complaint, and each cause of action, fails because the conduct of Mr. Buckley, DVI, DVIFS, DVIBC and/or others was a superseding or intervening cause of any damage, loss or injury sustained.

## NINETEENTH DEFENSE

If Mr. Buckley sustained any losses under the circumstances alleged in the Complaint (which Mr. O'Hanlon denies), then Mr. O'Hanlon's liability, if any, must be limited to only that

portion of damages that corresponds to his respective fault and responsibility and Mr. O'Hanlon is not liable for any damages attributable to the responsibility, negligence, or fault of any other person or entity.

### TWENTIETH DEFENSE

Mr. Buckley's claims are barred, or the damages (if any) allegedly sustained by Mr. Buckley are reduced by, Mr. Buckley's contributory and/or comparative or proportional fault and/or the comparative or proportional fault of other defendants and/or third parties.

### TWENTY-FIRST DEFENSE

Mr. Buckley's claims are barred in whole or in part by the business judgment rule.

### TWENTY-SECOND DEFENSE

Mr. Buckley's claims are barred in whole or in part by waiver and estoppel.

### TWENTY-THIRD DEFENSE

Mr. Buckley's claims are barred in whole or in part because the acts complained of arose from the acts and omissions of third parties over whom Mr. O'Hanlon lacked any control.

### TWENTY-FOURTH DEFENSE

Mr. Buckley's claims are barred, in whole or in part, by the exculpatory clause in DVI's Certificate of Incorporation, which is based on section 102(b)(7) of the Delaware General Corporation Law, and which states that no director of DVI shall be personally liable to DVI or its stockholders.

### TWENTY-FIFTH DEFENSE

Mr. O'Hanlon was entitled to and did justifiably rely on the audits, assessments and financial analysis of DVI provided to DVI by others, including but not limited to, DVI's auditors, consultants, and other defendants in this case.

### TWENTY-SIXTH DEFENSE

Mr. Buckley's claims are barred, in whole or in part, by any and all applicable offsets.

### TWENTY-SEVENTH DEFENSE

To the extent that Mr. Buckley has claimed punitive or exemplary damages, such damages are limited and/or barred by the Constitution of Delaware, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the State of Delaware.

### TWENTY-EIGHTH DEFENSE

Mr. Buckley's claims are barred, in whole or in part, because Mr. O'Hanlon did not breach any fiduciary duties owed to DVI, Inc. or any of its subsidiaries, either in his capacity as an officer of DVI or in his capacity as a director of DVI.

### TWENTY-NINTH DEFENSE

Mr. Buckley's claims are barred, in whole or in part, by the doctrine of *in pari delicto.*

### THIRTIETH DEFENSE

Mr. Buckley's claims are barred, in whole or in part, because Mr. O'Hanlon did not engage in any bad faith conduct and there is no general duty to liquidate an insolvent company under Delaware law.

**MR. O'HANLON'S CROSS-CLAIM AGAINST ALL OTHER DEFENDANTS**

Mr. O'Hanlon denies that he is in any way liable to Mr. Buckley. However, in the event that he is found liable to Mr. Buckley, then Mr. O'Hanlon demands contribution from all of the other defendants pursuant to 10 Del. C. § 6306(b)(1) on the grounds that said other defendants are or may be liable to him for all or part of the claims asserted against him by Mr. Buckley. In addition, Mr. O'Hanlon reserves his right to seek a judicial determination of his pro rata share of any joint, several, and/or common liability found against him in this action pursuant to 10 Del. C. § 6302(d) and/or Delaware's Uniform Contribution Among Tort-Feasors Law.

**DEMAND FOR JURY TRIAL**

Mr. O'Hanlon demands a trial by jury on both Mr. Buckley's claims and his Cross-Claim.

**WHEREFORE**, Michael O'Hanlon respectfully requests that this Court:

1.     Enter judgment in his favor on Mr. Buckley's claims, or, in the alternative, enter judgment in his favor on his Cross-Claim against all other defendants;

2.     Award him costs and expenses incurred in defending this action; and

3.     Grant him such other and further relief as the Court deems just and proper.

Respectfully submitted,

MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP

/s/  NOEL C. BURNHAM

Dated: May 7, 2007

Noel C. Burnham, Esquire
(DE Bar I.D. No. 3483)
Laurie A. Krepto, Esquire
(DE Bar I.D. No. 4109)
300 Delaware Avenue, Suite 750

Wilmington, DE 19801
Tel: (302) 504-7800
E-mail: nburnham@mmwr.com
E-mail: lkrepto@mmwr.com

*Counsel for defendant*
*Michael A. O'Hanlon*

**Of counsel:**

Richard L. Scheff, Esquire
Jeffrey S. Feldman, Esquire
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
123 South Broad Street, 24th Floor
Philadelphia, PA 19109-1099
Tel: (215) 772-1500
E-mail: rscheff@mmwr.com;
        jfeldman@mmwr.com