UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS J. BUCKLEY, AS TRUSTEE OF THE
DVI LIQUIDATING TRUST,

                    Plaintiff,

          -against-                                        No. 04-955

MICHAEL A. O'HANLON, STEVEN R.
GARFINKEL, RICHARD E. MILLER, JOHN P.
BOYLE, ANTHONY J. TUREK, RAYMOND D.
FEAR, WILLIAM S. GOLDBERG, GERALD L.          **ANSWER**
COHN, JOHN E. MCHUGH, HARRY T. J.
ROBERTS, and NATHAN SHAPIRO,
                    Defendants.

          Defendant Gerald L. Cohn, by his attorneys Stillman, Friedman & Shechtman,

P.C., and Obermayer Rebmann Maxwell & Hippell LLP, hereby states as follows for his Answer

to the Complaint in this action:

          1.     Admits, upon information and belief, the allegations in paragraph 1 of

the Complaint.

          2.     Admits, upon information and belief, the allegations in paragraph 2 of

the Complaint.

          3.     Denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 3 of the Complaint, except admits, upon information and

belief, that the plaintiff Committee was appointed on the date and in the manner therein

described, that the Complaint was originally filed by the Committee on August 19, 2004, and

that the Committee was subsequently dissolved and Dennis J. Buckley was appointed as

Trustee for the DVI Liquidating Trust ("Buckley") by order of the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court") on November 24, 2004; Buckley was substituted as plaintiff in this action by this Court's order of April 6, 2006.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except admits, upon information and belief, that the action appears to assert claims as therein described.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, except admits that DVI provided diagnostic medical equipment lease financing and receivable financing for health care providers.

6.    Denies the allegations in the first sentence of paragraph 6 of the Complaint, and states that the remaining allegations of this paragraph constitute legal conclusions and thus no answer is required. If, however, an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, except denies that Defendant Cohn violated any fiduciary duty owing from him.

7.    Denies the allegations of paragraph 7 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

8.    Denies the allegations of paragraph 8 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

9.      Denies the allegations of paragraph 9 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     Admits the allegations in paragraph 11 of the Complaint.

12.     Admits the allegations in paragraph 12 of the Complaint.

13.     Admits the allegations in paragraph 13 of the Complaint.

14.     Admits the allegations in paragraph 14 of the Complaint.

15.     Admits the allegations in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, except admits that Michael A. O'Hanlon ("O'Hanlon") served at various times as Chief Executive Officer of DVI, Inc., DVI-FS, and DVI-BC (collectively, "DVI") and on DVI's Board of Directors both as a member of the Board and as a member of the Audit Committee.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admits that Steven R. Garfinkel ("Garfinkel") served at various times as Executive Vice President and Chief Financial Officer of DVI, Inc.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except admits that Richard E. Miller ("Miller") served at various times as Executive Vice President of DVI, Inc. and President of DVI-FS.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, except admits that John P. Boyle ("Boyle") served at various times as Vice President, Chief Accounting Officer and Secretary of DVI, Inc.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except admits that Anthony J. Turek ("Turek") served at various times as Executive Vice President and Chief Credit Officer of DVI, Inc. and on DVI, Inc.'s Credit Committee.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, except admits that Raymond D. Fear ("Fear") served at various times as Vice President of Credit of DVI, Inc.

22.    Makes no response to paragraph 22 of the Complaint, as none is required.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, except admits that William S. Goldberg ("Goldberg") served at various times as a director of DVI, Inc. and on the Board's audit and compensation committees.

24.    Denies the allegations of paragraph 24 of the Complaint, except admits that Mr. Cohn was a director of DVI, Inc. from 1986 through its bankruptcy, and served as a member of the Board's compensation and credit committees at various times.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, except admits that John E. McHugh

("McHugh") served at various times on the Board of DVI, Inc. and was a member of the Audit Committee.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, except admits that Harry T.J. Roberts ("Roberts") served at various times as a member of DVI Inc.'s Board of Directors and on the Executive Committee.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, except admits that Nathan Shapiro ("Shapiro") served at various times as a member of DVI Inc.'s Board of Directors and on the Audit Committee.

28.    Makes no response to paragraph 28 of the Complaint, as none is required.

29.    States that the allegations of paragraph 29 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, denies the allegations of this paragraph, except admits that plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1334(b) and 1367.

30.    States that the allegations of paragraph 30 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, denies the allegations of this paragraph, except admits that plaintiff purports to base venue on 28 U.S.C. § 1409(a).

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.    Denies the allegations in paragraph 32 of the Complaint, except admits that DVI had procedures for originating lease financings by DVI-FS which included credit review, documentation, workouts and collections, that the Sales Department operated under the direction of Mr. Miller, and that Messrs. Turek, Fear and Cohn were on the Credit Committee.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, except admits, upon information and belief, that after approval by the Credit Department, the Documentation Department was responsible for documenting the contract and funding upon finalization of the terms thereof, and that a computer system called "Infolease" was used by the Company.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, except admits that at various times a report titled "Criticized Asset Report" was generated by DVI.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, except admits, upon information and belief, that these reports were kept at DVI's Jamison, Pennsylvania offices in the regular course of business.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, except admits that DVI, Inc. had an Executive Committee.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, except admits that the Audit Committee Charter is in writing, and refers to that document for the contents thereof.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, except admits that the Audit Committee Charter is in writing, and refers to that document for the contents thereof.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, except admits that the Audit Committee Charter is in writing, and refers to that document for the contents thereof.

48.     Admits, upon information and belief, the allegations in paragraph 48 of the Complaint, except denies that Mr. Cohn was a member of the Audit Committee at any time relevant to this action.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint, except admits that DVI periodically raised capital through securitizations, which involved the sale of notes secured by pledged assets.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     Denies the allegations of the first sentence of paragraph 52 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 52.

53.     Denies the allegations of paragraph 53 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

54.     Denies the allegations of paragraph 54 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

55.     Denies the allegations of paragraph 55 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, except admits that Deloitte did not approve DVI's Form 10-Q for the period ended March 31, 2003, and that it resigned as DVI's independent auditor in June 2003, admits that DVI's lenders began to declare defaults and prohibit DVI from drawing further on their lines of credit in or about June 2003, admits that DVI, Inc. was unable to pay interest due on its senior unsecured notes on or about August 1, 2003, and admits that DVI filed for relief under Chapter 11 of the Bankruptcy Code on or about August 25, 2003.

58.     Denies the allegations of paragraph 58 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

59.     Denies the allegations of paragraph 59 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

60.     Denies the allegations of paragraph 60 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

61.     Denies the allegations of paragraph 61 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

62.    Denies the allegations of paragraph 62 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

63.    Denies the allegations of paragraph 63 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.    Denies the allegations of paragraph 65 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

66.    Denies the allegations of paragraph 66 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

67.    Denies the allegations of paragraph 67 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

68.    Denies the allegations of paragraph 68 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

69.    Denies the allegations of paragraph 69 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

70.    Denies the allegations of paragraph 70 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, except admits that some contracts were assumed by Special Relationship Borrowers.

71.    Denies the allegations of paragraph 71 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.    Denies the allegations of paragraph 73 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

74.    Denies the allegations of paragraph 74 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

75.    Denies the allegations of paragraph 75 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

76.    Denies the allegations of paragraph 76 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, except admits, upon information and belief, that at various times Deloitte prepared and sent Management Letters to DVI's Audit Committee.

77.     Denies the allegations of paragraph 77 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

78.     Denies the allegations of paragraph 78 of the Complaint, excepts admits, upon information and belief, that at various times the Securities and Exchange Commission ("SEC") sent letters to DVI requesting information on certain accounting policies and practices.

79.     Denies the allegations of paragraph 79 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

80.     Denies the allegations of paragraph 80 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

81.     Denies the allegations of paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Complaint, except admits that DVI extended credit and loans to The Hit Factory, a music industry business.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Complaint.

84.     Denies the allegations of paragraph 84 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Complaint, except admits that DVI acquired Third Coast Capital Venture Lease Partners I, LP, Third Coast Capital GP-1, LLC and Third Coast Capital LLC (collectively "Third Coast Capital").

86.    Denies the allegations of paragraph 86 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, except admits that Third Coast Capital's business was not within DVI's core area of expertise.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88.    Denies the allegations of paragraph 88 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint, except admits that between 1995 and 2002, DVI invested in foreign operations including in South America, Europe, Australia and Asia.

90.    Denies the allegations of paragraph 90 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

91.    Denies the allegations of paragraph 91 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

92.     Denies the allegations of paragraph 92 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

93.     Denies the allegations of paragraph 93 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

94.     Denies the allegations of paragraph 94 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

95.     Denies the allegations of paragraph 95 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

96.     Denies the allegations of paragraph 96 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

97.     Denies the allegations of paragraph 97 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of the Complaint.

99.     Denies the allegations of paragraph 99 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

100.    Denies the allegations of paragraph 100 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of the Complaint, except admits, upon information and belief, that Matthew Goldenberg and Philip Jackson received severance packages upon their resignations, and further states that he did not learn about such events until after they had occurred.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Complaint.

104.    Denies the allegations of paragraph 104 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

105.    Denies the allegations of paragraph 105 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

106.    Denies the allegations of paragraph 106 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

107.    Denies the allegations of paragraph 107 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

108.    Denies the allegations of paragraph 108 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

109.    Denies the allegations of paragraph 109 of the Complaint.

110.    Denies the allegations of paragraph 110 of the Complaint.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 of the Complaint.

112.    Denies the allegations of paragraph 112 of the Complaint.

113.    Denies the allegations of paragraph 113 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

114.    Denies the allegations of paragraph 114 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

115.    Denies the allegations of paragraph 115 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

116.    Denies the allegations of paragraph 116 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

117.     Denies the allegations of paragraph 117 of the Complaint to the extent they are directed at Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

118.     Makes no response to paragraph 118 of the Complaint, as none is required.

119.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 of the Complaint.

120.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 of the Complaint.

121.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 of the Complaint.

122.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 122 of the Complaint.

123.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123 of the Complaint.

124.     Makes no response to paragraph 124 of the Complaint, as none is required.

125.     States that the allegations of paragraph 125 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 of the Complaint.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 of the Complaint.

128.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Complaint.

129.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129 of the Complaint.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 of the Complaint.

131.    Makes no response to paragraph 131 of the Complaint, as none is required.

132.    States that the allegations of paragraph 132 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133 of the Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 of the Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135 of the Complaint.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136 of the Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 of the Complaint.

138.    Makes no response to paragraph 138 of the Complaint, as none is required.

139.    States that the allegations of paragraph 139 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140 of the Complaint.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 of the Complaint.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 142 of the Complaint.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143 of the Complaint.

144.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 144 of the Complaint.

145.    Makes no response to paragraph 145 of the Complaint, as none is required.

146.    States that the allegations of paragraph 146 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, denies

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147 of the Complaint.

148.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148 of the Complaint.

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 149 of the Complaint.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150 of the Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151 of the Complaint.

152.    Makes no response to paragraph 152 of the Complaint, as none is required.

153.    States that the allegations of paragraph 153 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154 of the Complaint.

155.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155 of the Complaint.

156.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 156 of the Complaint.

157.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 157 of the Complaint.

158.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 of the Complaint.

159.   Makes no response to paragraph 159 of the Complaint, as none is required.

160.   States that the allegations of paragraph 160 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

161.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 of the Complaint.

162.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 of the Complaint.

163.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 of the Complaint.

164.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 of the Complaint.

165.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 of the Complaint.

166.    Makes no response to paragraph 166 of the Complaint, as none is required.

167.    States that the allegations of paragraph 167 of the Complaint constitute legal conclusions and thus no answer is required. If, however, an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168 of the Complaint.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 of the Complaint.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 of the Complaint.

171.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 171 of the Complaint.

172.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172 of the Complaint.

173.    Makes no response to paragraph 173 of the Complaint, as none is required.

174.    States that the allegations of paragraph 174 of the Complaint constitute legal conclusions and thus no answer is required. If, however, an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 175 of the Complaint.

176.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176 of the Complaint.

177.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 177 of the Complaint.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 178 of the Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 179 of the Complaint.

180.    Makes no response to paragraph 180 of the Complaint, as none is required.

181.    States that the allegations of paragraph 181 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

182.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 182 of the Complaint.

183.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 183 of the Complaint.

184.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 184 of the Complaint.

185.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 185 of the Complaint.

186.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 186 of the Complaint.

187.    Makes no response to paragraph 187 of the Complaint, as none is required.

188.    States that the allegations of paragraph 188 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, admits that the Director Defendants owed fiduciary duties to DVI, denies that he ever violated any such duties and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph.

189.    Denies the allegations of paragraph 189 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

190.    Denies the allegations of paragraph 190 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

191.    Denies the allegations of paragraph 191 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

192.    Makes no response to paragraph 192 of the Complaint, as none is required.

193.    States that the allegations of paragraph 193 of the Complaint constitute legal conclusions and thus no answer is required. If, however, an answer is required, admits that the Director Defendants owed fiduciary duties to DVI, denies that he ever violated any such duties and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph.

194.    Denies the allegations of paragraph 194 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

195.    Denies the allegations of paragraph 195 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

196.    Denies the allegations of paragraph 196 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

197.    Denies the allegations of paragraph 197 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

198.    Makes no response to paragraph 198 of the Complaint, as none is required.

199.    States that the allegations of paragraph 199 of the Complaint constitute legal conclusions and thus no answer is required. If, however, an answer is required, admits that the Director Defendants owed fiduciary duties to DVI, denies that he ever violated any

such duties and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph.

200.    Denies the allegations of paragraph 200 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

201.    Denies the allegations of paragraph 201 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

202.    Denies the allegations of paragraph 202 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

203.    Denies the allegations of paragraph 203 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

204.    Makes no response to paragraph 204 of the Complaint, as none is required.

205.    States that the allegations of paragraph 205 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, admits that the Director Defendants owed fiduciary duties to DVI, denies that he ever violated any such duties and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph.

206.  Denies the allegations of paragraph 206 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

207.  Denies the allegations of paragraph 207 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

208.  Denies the allegations of paragraph 208 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

209.  Denies the allegations of paragraph 209 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

210.  Makes no response to paragraph 210 of the Complaint, as none is required.

211.  States that the allegations of paragraph 211 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, admits that the Director Defendants owed fiduciary duties to DVI, denies that he ever violated any such duties and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph.

212.  Denies the allegations of paragraph 212 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

213.    Denies the allegations of paragraph 213 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

214.    Denies the allegations of paragraph 214 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

215.    Denies the allegations of paragraph 215 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

216.    Makes no response to paragraph 216 of the Complaint, as none is required.

217.    States that the allegations of paragraph 217 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, admits that the Director Defendants owed fiduciary duties to DVI, denies that he ever violated any such duties and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph.

218.    Denies the allegations of paragraph 218 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

219.    Denies the allegations of paragraph 219 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

220.    Denies the allegations of paragraph 220 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

221.    Denies the allegations of paragraph 221 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

222.    Makes no response to paragraph 222 of the Complaint, as none is required.

223.    States that the allegations of paragraph 223 of the Complaint constitute legal conclusions and thus no answer is required.  If, however, an answer is required, admits that the Director Defendants owed fiduciary duties to DVI, denies that he ever violated any such duties and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph.

224.    Denies the allegations of paragraph 224 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

225.    Denies the allegations of paragraph 225 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

226.    Denies the allegations of paragraph 226 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

227.    Denies the allegations of paragraph 227 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

228.    Makes no response to paragraph 228 of the Complaint, as none is required.

229.    States that the allegations of paragraph 229 of the Complaint constitute legal conclusions and thus no answer is required. If, however, an answer is required, admits that the Director Defendants owed fiduciary duties to DVI, denies that he ever violated any such duties and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph.

230.    Denies the allegations of paragraph 230 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

231.    Denies the allegations of paragraph 231 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

232.    Denies the allegations of paragraph 232 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

233.    Denies the allegations of paragraph 233 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

234. Makes no response to paragraph 234 of the Complaint, as none is required.

235. States that the allegations of paragraph 235 of the Complaint constitute legal conclusions and thus no answer is required. If, however, an answer is required, admits that the Director Defendants owed fiduciary duties to DVI, denies that he ever violated any such duties and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph.

236. Denies the allegations of paragraph 236 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

237. Denies the allegations of paragraph 237 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

238. Denies the allegations of paragraph 238 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

239. Denies the allegations of paragraph 239 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

240. Makes no response to paragraph 240 of the Complaint, as none is required.

241.     Denies the allegations of paragraph 241 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

242.     Denies the allegations of paragraph 242 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

243.     Denies the allegations of paragraph 243 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

244.     Denies the allegations of paragraph 244 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

245.     Denies the allegations of paragraph 245 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

246.     Denies the allegations of paragraph 246 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

247.     Denies the allegations of paragraph 247 of the Complaint to the extent they are directed to Mr. Cohn, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Gerald Cohn.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Mr. Cohn was entitled to, and did, rely upon the audits, recommendations, statements, analyses, representations and legal advice regarding DVI provided to him by others, including but not limited to, DVI's management and/or other Defendants in this case. As a result of that reasonable reliance, Mr. Cohn did not know, in the exercise of reasonable diligence could not have known, and had no reasonable grounds to believe that DVI was being managed by any of the Officer Defendants in a manner which violated the rights of any DVI creditors.

### FOURTH AFFIRMATIVE DEFENSE

Mr. Cohn was entitled to, and did, rely upon audits, recommendations, audits, opinions, statements, analyses and representations made or issued by Deloitte. As a result of that reasonable reliance, Mr. Cohn did not know, in the exercise of reasonable diligence could not have known, and had no reasonable grounds to believe that DVI was being managed by any of the Officer Defendants in a manner which violated the rights of any DVI creditors.

### FIFTH AFFIRMATIVE DEFENSE

Mr. Cohn was entitled to, and did, rely upon recommendations, statements, opinions and representations of DVI's legal counsel. As a result of that reasonable reliance, Mr.

Cohn did not know, in the exercise of reasonable diligence could not have known, and had no reasonable grounds to believe that DVI was being managed by any of the Officer Defendants in a manner which violated the rights of any DVI creditors.

## SIXTH AFFIRMATIVE DEFENSE

Mr. Cohn complied faithfully with all duties of disclosure to which he was subject and breached no duty applicable to him.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Mr. Cohn at all times acted with reasonable care and diligence with respect to the transactions, accounting and financial reporting issues described by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The actions or inactions of Mr. Cohn were not the direct or proximate cause of any of the injuries alleged by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Mr. Cohn are barred because the injuries Plaintiff sustained, if any, were caused by the actions or inactions of parties outside the control of Mr. Cohn, or economic events that were, likewise, outside the control of Mr. Cohn. These actions, inactions and events were intervening or superseding causes of Plaintiff's alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the act complained of arose from the acts or omissions of third parties over whom Mr. Cohn had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

The actions or inactions of Mr. Cohn were not the sole or partial cause of any decision by Plaintiff to enter into or perform under a contractual relationship with DVI.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk and, therefore, it may not recover under its claims, in whole or in part.

## THIRTEENTH AFFIRMATIVE DEFENSE

The doctrine of *in pari delicto* applies such that Plaintiff's claims are barred, in whole or in part, by Plaintiff's own unclean hands and wrongful conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver and estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any losses under the circumstances alleged in the Complaint (which Mr. Cohn denies), then Mr. Cohn's liability, if any, must be limited to only that portion of damages that corresponds to his respective fault and responsibility, and Mr. Cohn is not liable for any damages attributable to the responsibility, negligence, or fault of any other person or entity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or the damages (if any) allegedly sustained by Plaintiff are reduced by, Plaintiff's contributory and/or comparative or proportional fault and/or the comparative or proportional fault of other parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Mr. Cohn is not liable under the business judgment rule.

## NINETEENTH AFFIRMATIVE DEFENSE

Mr. Cohn hereby adopts and incorporates by reference any other defenses asserted or to be asserted by any other Defendant to the extent that such defense may be applicable to Mr. Cohn. Further, Mr. Cohn reserves the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

## CROSS CLAIM FOR CONTRIBUTION

Defendant Gerald Cohn, hereby states for his cross claim for contribution against Michael A. O'Hanlon, Steven R. Garfinkel, Richard E. Miller, John P. Boyle, Anthony J. Turek, Raymond D. Fear, William S. Goldberg, John E. McHugh, Harry T.J. Roberts and Nathan Shapiro (together, "Co-Defendants"):

1.    To the extent that Mr. Cohn is found liable for any of the alleged damages as stated in the Complaint, then Co-Defendants are responsible for such liability and should contribute, under Delaware's Uniform Contribution Among Tort-Feasors Law, 47 Del. Laws, c. 151; 10 Del. C. §§ 6301-6308 ("Delaware Contribution Law"), to any and all damages Mr. Cohn shall be required to pay in an amount equal to the proportion of such damages that the Court concludes is the responsibility of each of the Co-Defendants.

2.    If any of the Co-Defendants reaches a pre-trial settlement with Plaintiff, Plaintiff's claim shall, under the Delaware Contribution Law cited above, be reduced by the amount paid by the settling defendant or the pro rata share of liability assigned to the settling defendant by the Court, whichever is greater.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Gerald L. Cohn respectfully requests that the Court:

1.    Dismiss the Complaint with prejudice as against him.

2.    With respect to his cross-claim, award damages in an amount equal to the value of each Co-Defendant's proportionate share of any damages for which Mr. Cohn is adjudged responsible based on any claim asserted against him by Plaintiff.

2.    Award him costs and expenses, including reasonable attorneys' fees.

3.    Grant him such other and further relief as the Court deems just and proper.

Dated: May 7, 2007

Respectfully submitted,

OF COUNSEL:

Julian W. Friedman
Mary Margulis-Ohnuma
STILLMAN, FRIEDMAN & SHECHTMAN, P.C.
425 Park Avenue
New York, New York 10022 .
Phone: 212-223-0200
Fax: 212-223-1942

Kellie M. MacCready (Del. I.D. No. 4574)

OBERMAYER, REBMANN MAXWELL
    & HIPPELL LLP
3 Mill Road, Suite 306A
Wilmington, Delaware 19806
Phone: 302-655-9094
Fax: 302-658-8051

Counsel for Defendant Gerald L. Cohn