IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS J. BUCKLEY, AS TRUSTEE OF THE DVI LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>- against -<br><br>MICHAEL A. O'HANLON, STEVEN R. GARFINKEL, RICHARD E. MILLER, JOHN P. BOYLE, ANTHONY J. TUREK, RAYMOND D. FEAR, WILLIAM S. GOLDBERG, GERALD L. COHN, JOHN E. MCHUGH, HARRY T.J. ROBERTS, and NATHAN SHAPIRO,<br><br>Defendants. | Civil Action No. 04-955-GMS |

## JOINT STATUS REPORT

Pursuant to this Court's Order dated October 11, 2007 (the "October11 Order"), plaintiff Dennis J. Buckley, the Trustee of the DVI Liquidating Trust (the "Liquidating Trustee"), as successor-in-interest to the claims of the Official Committee of Unsecured Creditors of DVI, Inc. (the "Official Committee") and defendants Michael A. O'Hanlon, Steven R. Garfinkel, Richard E. Miller, John P. Boyle, Anthony J. Turek, Raymond D. Fear, William S. Goldberg, Gerald L. Cohn, John E. McHugh, Harry T.J. Roberts, and Nathan Shapiro (the "Defendants") (collectively with the Liquidating Trustee, "the Parties") jointly submit this Joint Status Report:

1. **Jurisdiction and Service**

This Court has jurisdiction over all Parties to this action. This Court has jurisdiction over the subject matter of this Action pursuant to 28 U.S.C. §§ 1334(b) and 1367.

Venue of this Action is proper in this district pursuant to 28 U.S.C. § 1409(a), in that this is the district in which the Debtors' bankruptcy cases are pending. None of the Parties remains to be served.

**2.     Substance of the Action**

　　A.     <u>The Complaint</u>

This action brings claims against a number of former officers and directors of DVI, Inc. and its subsidiaries, DVI Financial Services, Inc. ("DVIFS") and DVI Business Credit Corporation ("DVIBC") (collectively "DVI" or the "Debtors") and emanates from the financial collapse of DVI. The complaint alleges twenty specified claims including common law fraud (First Claim), breaches of fiduciary duty (Second through Nineteenth Claims) and deepening insolvency (Twentieth Claim)

The Complaint alleges that the Defendants caused DVI's financial deterioration and materially exacerbated DVI's deepening insolvency over the course of several years, culminating in DVI's bankruptcy filing on August 25, 2003, by, <u>inter</u> <u>alia</u>: (i) disregarding DVI's manifest operational, financial and reporting problems; (ii) patently disregarding their duties of good faith, loyalty, and care to DVI and its creditors; (iii) improperly expending corporate resources; and, (iv) making preferential transfers, and wrongful and fraudulent transfers, of DVI's assets without obtaining commensurate benefit for DVI. The Defendants' alleged wrongdoings included, <u>inter</u> <u>alia</u>,

- Repurchasing at par delinquent loans from securitizations into which they had been transferred without obtaining commensurate value;

- Transferring to various securitizations performing leases in exchange for delinquent leases without obtaining commensurate value;

- "Round-Tripping," which was the practice of transferring funds from DVI-FS to DVI-BC for the purpose of DVI-BC advancing or over-advancing the same funds as working capital loans to troubled

- borrowers, who would in turn use the funds to repay their delinquent lease obligations;

- Transferring delinquent leases to a select group of borrowers for the purpose of characterizing such delinquent loans as performing loans;

- Investing in, and extending credit to, non-core businesses that drained millions of dollars of critically needed liquidity from DVI's core operations;

- Investing in excess of $100 million in foreign lending operations, despite their consistently poor performance and lack of profitability;

- Pledging as collateral to lenders leases and loans that failed to meet the respective lender's eligibility criteria, in order to obtain otherwise unavailable advances from lines of credit;

- Pledging the same collateral to two or more lenders to obtain otherwise unavailable advances from lines of credit;

- Subverting, disregarding, and/or failing to implement internal controls and financial reporting procedures, especially with respect to the credit-worthiness of borrowers and the impairment of assets pledged as collateral to lenders or transferred to securitizations;

- Awarding raises and severance packages to select employees to assure their continued acquiescence to, or cooperation in, the aforementioned activities; and

- Failing to supervise the management and operations of DVI -- including the failure to implement an internal system of independent checks and balances -- with the appropriate level of skill and care.

B.    The Alleged Defenses

Defendants, former officers and directors of DVI, have denied all allegations set forth in Section 2A above and in Plaintiff's Complaint. In particular, Defendants deny they breached their alleged duties of care, loyalty, and good faith, fiduciary or otherwise; deny they violated any duties or laws; deny they were involved in, responsible for or knew about any alleged misuse of corporate resources, preferential transfers, wrongful and/or fraudulent transfers, round-tripping, double-pledging of collateral and/or pledging of in-eligible collateral; and deny they were involved in any improper or wrongful

scheme, transaction, or practice. Defendants further deny they were involved in, responsible for or knew about any alleged misrepresentations and omissions of material facts or any alleged fraud perpetrated against DVI, DVIFS or DVIBC; and deny they received any improper benefits or engaged in any wrongful conduct of any kind.

Defendants have raised a number of affirmative defenses, including their own good faith and diligence; justified reliance on independent professionals engaged by DVI, including DVI's accountants and lawyers; lack of causation; and the lack of actionable public statements by DVI attributable to the Defendants, because they alleged that the statements at issue contained sufficient cautionary language, satisfy the relevant statutory "safe harbor" provisions, and are otherwise not actionable statements. Defendants assert further that Plaintiff's claims are barred by the business judgment rule, and that the claims against the director Defendants are barred by the exculpatory clause in DVI's certificate of incorporation and 8 Del. C. § 102(b)(7)..

**3.    Identification of Issues**

The principal factual and legal issues genuinely in dispute are the following:

>(1)    Whether any of – and if so, which of -- the Defendants engaged in improper transactions, made misrepresentations of material facts, and/or omitted to state material facts to DVI's lenders, investors, buyers of securitized notes, and creditors, in order to hide DVI's true financial condition and to induce DVI's lenders, investors, buyers of securitized notes, and creditors to extend financing, cash investments and/or credit to DVI;

>(2)    Whether any of – and if so, which of -- the Defendants breached their fiduciary duties to DVI; and

>(3)    Whether, as alleged in the Complaint, any of – and if so, which of -- the Defendants' grossly negligent, reckless and at times fraudulent actions, while DVI was insolvent or in the zone of insolvency, resulted in erroneous financial statements and the consequent incurrence of debt which was out of proportion to DVI's ability to repay such debt, a loss of

-4-

over $300,000,000, and ultimately caused DVI to file for bankruptcy protection.

**4.    Narrowing of Issues**

On or about March 28, 2007, the Court entered an order denying, in part, and granting, in part, the Defendants' various motions to dismiss. Specifically, the Court dismissed the claims asserted in the Complaint on behalf of DVI's creditors but sustained all other claims in the Complaint.

Once discovery is completed, the Parties may be better able to narrow issues by eliminating claims and/or defenses. Defendants believe that the Liquidating Trustee's deepening insolvency claim can be resolved by way of dispositive motion. See Trenwick America Litigation Trust v. Billet, 906 A.2d 168 (Del. Ch. 2006), aff'd 2007 WL 2317768 (Del. August 14, 2007). The Liquidating Trustee disagrees.

**5.    Relief**

Liquidating Trustee seeks a judgment against the Defendants awarding damages for the causes of action asserted in the Complaint in the amount of $300 million, plus punitive damages.

**6.    Amendment of Pleadings**

At this time, the pleadings have not been amended. If necessary, the Parties will amend the pleadings on or before November 19, 2007.

**7.    Joinder of Parties**

At this time, no other parties have been joined. The Parties agree to join any additional parties on or before November 19, 2007.

WCSR 3755995v1

**8.  Discovery**

The Defendants are currently involved in separate litigation in the United States District Court for the Eastern District of Pennsylvania relating to DVI (collectively, the "Pennsylvania Actions").  The Pennsylvania Actions include claims brought in what purports to be a securities class action, <u>In re: DVI, Inc. Securities Litigation</u>, E.D. Pa. 06-CV-1003, the Liquidating Trustee's claims against DVI's former attorneys, <u>Buckley v. Clifford Chance, et al.</u>, E.D. Pa. 06-CV-1003, and two actions asserting claims against the Defendants and certain entities:  <u>WM High Yield Fund v. O'Hanlon, et al.</u>, E.D. Pa. 04-CV-3423, an action brought by bondholders of DVI, <u>Fleet National Bank v. O'Hanlon, et al.</u>, E.D. Pa. 04-CV-1277, an action brought by one of DVI's former lenders.  Discovery is already underway in the Pennsylvania Actions and has been consolidated pursuant to a Case Management Order (as revised, the "Case Management Order," a copy of which is annexed hereto as Exhibit A).

The Case Management Order governs discovery in the Pennsylvania Actions and establishes (i) March 3, 2008 as the deadline for fact discovery, (ii) April 2, 2008 as the date by which Plaintiffs are required to file their expert reports; (iii) May 2, 2008 as the date by which Defendants are required to file their expert reports; and (iv) May 22, 2008 as the date by which Plaintiffs are required to file their expert rebuttal reports.  Pursuant to the Case Management Order, expert depositions are to take place during the sixty (60) days following May 22, 2008.

The Parties have conferred and desire to have discovery in this matter coordinated (to the extent possible) with discovery in the Pennsylvania Actions.  This is the most cost effective way to conduct discovery in this matter.  To the extent that the Liquidating Trustee believes it needs additional discovery which cannot be

accomplished in the Pennsylvania Actions, the Liquidating Trustee will move the Court for leave, on notice to all Parties, thirty (30) days prior to the deadline for fact discovery in the Pennsylvania Actions.

While certain Defendants would like this matter transferred to the Eastern District of Pennsylvania and coordinated with the Pennsylvania Actions, Defendants William S. Goldberg, Nathan Shapiro and John E. McHugh are opposed to having this matter transferred to the Eastern District of Pennsylvania.  The Liquidating Trustee takes no position on whether or not transfer is appropriate.

9. **Estimated Trial Length**

The Parties are not contemplating bifurcation of any issues at this time.  In addition, the Parties are not at this time contemplating any expedited means of presenting evidence at trial.  The Parties reserve their right to revisit these decisions once discovery is completed.  The Parties expect that the trial of this matter will last for approximately two months.

10. **Jury Trial**

The Liquidating Trustee has requested a jury trial on all issues so triable.

11. **Settlement**

The Liquidating Trustee participated in mediation with the Defendants, as well as the other parties in the Pennsylvania Actions, on August 11 and August 12, 2005.  In addition, the Liquidating Trustee has discussed the possibility of settlement with certain of the Defendants.  To date, the Parties have been unable to negotiate a settlement of any of the claims asserted in the Complaint.

**12. Other Matters**

The Parties have conferred and agree that the schedule for dispositive motions should be synchronized with the schedule for dispositive motions set in the Pennsylvania Actions.

Counsel for the Parties have conferred about each of the agenda items set forth in the Court's October 11 Order.

Dated: October 17, 2007      WOMBLY CARLYLE SANDRIDGE & RICE, PLLC

By:/s/          Francis A. Monaco, Jr.
Francis A. Monaco, Jr., Esq. (#2078)
Kevin J. Mangan, Esq. (#3810)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320

-- and --

ANDERSON KILL & OLICK, P.C.

J. Andrew Rahl, Jr.
Mark L. Weyman
Michael J. Venditto
John L. Scott, Jr.
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for the Liquidating Trustee*

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

By: ___/s/ Noel C. Burnham_____
    Noel C. Burnham, Esq. (I.D. # 3483)
    1105 Market Street, 15th Floor
Wilmington, DE 19801
(302) 504-7800


MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
Richard L. Scheff, Esq.
Jeffrey Feldman, Esq.
Laurie Krepto, Esq.
123 South Broad Street, 24th Floor
Philadelphia, PA   19109

*Attorneys for Defendant Michael O'Hanlon*


OBERMAYER REBMANN, MAXWELL & HIPPELL, LLP

By:_/s/Kellie MacCready_____
    Kellie M. MacCready, Esq. (I.D. # 4574)
3 Mill Road, Suite 306A
Wilmington, DE 19806
(302) 655-9094

Thomas A. Leonard, Esq.
William Leonard, Esq.
OBERYMAYER REBMANN MAXWELL & HIPPEL, LLP
One Penn Center, 19th Floor
1617 John F Kennedy Blvd.
Philadelphia, P.A. 19103

STILLMAN FRIEDMAN & SHECHTMANN, P.C.
Julian W. Friedman, Esq.
425 Park Avenue
New York, NY 10022

*Attorneys for Defendant Gerald Cohn*

PRICKETT, JONES & ELLIOTT, P.A.


By:_/s/ David E. Brand_____
   David E. Brand, Esq. (I.D. # 201)
1310 King St.
Wilmington, DE 19801

CONRAD O'BRIEN GELLMAN & ROHN, P.C.
Patricia M. Hamill, Esq.
Vincent Cieslik, Esq.
1515 Market St. – 16th Fl.
Philadelphia, PA 19102

*Attorneys for Defendant Richard Miller*

COZEN O'CONNOR


By:  ___Sean Bellew___
   Sean J. Bellew (I.D. # 4072)
   David A. Felice, Esq. (I.D. # 4090)
1201 North Market St., Suite 1400
Wilmington, DE 19801
(302) 295-2000

William Taylor, Esq.
Kevin F. Berry, Esq.
John C. Barnoski, Esq.
COZEN O'CONNOR
1900 Market St.
Philadelphia, PA 19103

*Attorneys for Defendant Anthony Turek*

CONNOLLY BOVE LODGE & HUTZ, LLP

By:__/s/ Arthur G. Connolly Jr._
   Arthur G. Connolly, III, Esq.
   (I.D. #2667)
   Arthur G. Connolly, Jr., Esq.
   (I.D. # 496)
The Nemours Building
1007 North Orange Strett
Wilmington, DE 19801
(302) 658-9141

MORGAN, LEWIS & BOCKIUS, LLP
William P. Quinn, Esq.
Karen Pieslak Pohlmann, Esq.
David W. Marston, Jr., Esq.
1701 Market St.
Philadelphia, PA 19103

*Attorneys for Defendants Nathan Shapiro, William S. Goldberg and John E. McHugh*

DUANE MORRIS, LLP

By:__/s/ Richard Riley_____
    Richard W. Riley, Esq.
   (I.D. # 4052)
1100 North Market St., Suite 1200
Wilmington, DE 19801-1246
(302) 657-4930

DUANE MORRIS, LLP
Patrick J. Loftus, Esq.
Kelly D. Eckel, Esq.
Robert E. Kelly, Esq.
One Liberty Place – Suite 4200
Philadelphia, PA 19103

*Attorneys for Defendant Raymond Fear*

THE BAYARD FIRM

By:___/s/ Peter B. Ladig_____
    Peter B. Ladig, Esq. (I.D. # 3513)
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899

MILLER, ALFANO & RASPANTI, P.C.
Gregory P. Miller, Esq.
Michael A. Morse, Esq.
Stephen G. Stroup, Esq.
1818 Market Street, Suite 3402
Philadelphia, PA 19103
*Attorneys for Defendant Harry T.J. Roberts*

-11-

DILWORTH PAXSON LLP

\_\_/s/ Martin Weis_____
Martin James Weis, Esquire
First Federal Plaza
Suite 500
Wilmington, DE 19801

Maura E. Fay, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA  19103

*Attorneys for Defendant
Steven R. Garfinkel*