**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: DVI, INC. SEC. LITIG. | : | No. 2:03-CV-05336 |
| | : | |

## FIFTH REVISED CASE MANAGEMENT ORDER

AND NOW, this 17th day of July 2007, it is hereby ORDERED that the Case Management Order ("CMO") in the instant matter is revised as follows. On October 5, 2006 the Court ordered the parties in Buckley v. Clifford Chance et al., E.D. Pa. 06-CV-1003, to submit a proposed case management order for that action. Upon consideration of the submissions from both parties, the Court has decided to coordinate that matter with the related actions, In re DVI, Inc., Sec. Litig., E.D. Pa. 03-CV-5336; WM High Yield Fund, et al. v. O'Hanlon, et al., E.D. Pa 04-CV-3423; Fleet National Bank v. Michael O'Hanlon, et al., E.D. Pa. 04 (collectively, the four "Coordinated Actions"). This second revised CMO should not be interpreted to alter any obligations which should already have been fulfilled under the revised CMO.

1. Joining Parties and Amending Pleadings. Motions to join other parties and amend pleadings pursuant to Federal Rule of Civil Procedure 16(b)(1), with the exception of parties to any written tolling agreements, including all amendment or extension thereto, shall be filed no later than December 4, 2006.

2. Production of Documents Pursuant to Fed. R. Civ. P. 34.

    a. Outstanding and Future Document Requests. Clifford Chance and the Pritzker Defendants, if they have been served with document requests prior to this Revised CMO, and to the extent they have not yet fully responded to such document requests, shall

1

respond, make production and serve objections within the later of either: (a) ten (10) days of the entry of this Revised CMO; or (b) thirty (30) days after service of the requests. All objections and responses produced in accordance with these deadlines shall be deemed timely; however, propounding parties reserve all rights to object to the validity and completeness of these objections and responses. All future document requests shall be governed by the Federal Rules of Civil Procedure.

   b. <u>Privilege Log.</u> If Clifford Chance and/or the Pritzker Defendants have yet to provide a privilege log detailing any withheld documents, they shall provide a privilege log detailing any withheld documents within the later of either: (a) ten (10) days of the entry of this Revised CMO; or (b) thirty (30) days after service of the requests. For all future document requests, the responding party shall provide a privilege log at the time of production.

   c. <u>Digital Document Production.</u> Upon entry of this Case Management Order, the parties shall, to the extent practicable, make all subsequent document productions in digital form. To that end, and upon request, the producing party shall identify a person or persons knowledgeable about the parties' production in digital form, including the process or programs required to access the digital information produced, including computer-based and other digital systems, to facilitate the production process. If a party converts physical files into digital format for document production purposes, the party shall ensure that the digital production is organized in the same manner in which the physical files were maintained and, upon reasonable request of another party, they shall allow that other party to schedule time to access and review a particular physical file if review of the electronic file is inadequate. Documents provided in non-digital form prior to the entry of this Order do not have to be provided again in digital form.

3. <u>Interrogatories Pursuant to Fed. R. Civ. P. 33</u>.

a. <u>Outstanding and Future Interrogatories</u>. Clifford Chance and the Pritzker Defendants, if served with interrogatories prior to the entry of this Case Management Order, shall make a full response and serve objections within the later of either: (a) ten (10) days of the entry of this Case Management Order; or (b) thirty (30) days after service. All written objections and responses produced in accordance with these deadlines shall be deemed timely; however, propounding parties reserve all rights to object to the validity and completeness of these objections and responses. Except as described in paragraph 3(b), all future interrogatories are governed by the Federal Rules of Civil Procedure.

b. <u>Limitations.</u> The parties shall be subject to the following limitations on interrogatories. These limitations do not include interrogatories that defendants may serve upon each other. For purposes of this case management order, current and former personnel of entities that are parties to this action shall not be considered parties unless they are specifically named in the complaint. All parties reserve their rights to seek leave to serve additional interrogatories for good cause shown.

(i) <u>DVI Officers and Directors</u>: Plaintiff shall coordinate its interrogatories with the plaintiffs in <u>In re DVI, Inc. Sec. Litig.</u>, 03-CV-05326; <u>WM High Yield Fund, et al. v. O'Hanlon, et al.</u>, 04-CV-3423; and <u>Buckley v. Clifford Chance et al.</u>, E.D. Pa. 06-CV-1003. The Plaintiffs in the four Coordinated Actions, together shall serve no greater than one hundred (100) interrogatories, collectively, upon each DVI Officer and Director. The DVI Officers and Directors shall coordinate their interrogatories and

3

                serve no greater than one hundred (100) interrogatories, collectively, upon Plaintiff in this action.

(ii) <u>Deloitte & Touche</u>: Lead Plaintiffs shall coordinate their interrogatories with the Plaintiffs in the WM High Yield action and together shall serve no greater than one hundred (100) interrogatories, collectively, upon Deloitte & Touche and Harold Neas ("Neas"). Deloitte & Touche shall serve no greater than fifty (50) interrogatories, collectively, upon Lead Plaintiffs in this action.

(iii) <u>Merrill Lynch</u>: Lead Plaintiffs shall serve no greater than (50) interrogatories upon Merrill Lynch. Merrill Lynch shall serve no greater than fifty (50) interrogatories, collectively, upon Lead Plaintiffs in this action.

(iv) <u>Radnet</u>: Lead Plaintiffs shall coordinate their interrogatories with the Plaintiff in the Fleet National Bank action and together shall serve no greater than fifty (50) interrogatories, collectively, upon Radnet. Radnet shall serve no greater than twenty-five (25) interrogatories upon Lead Plaintiffs in this action.

(v) <u>Pritzker Defendants</u>: Lead Plaintiffs shall serve no greater than fifty (50) interrogatories, upon the Pritzker Defendants. The Pritzker Defendants shall serve no greater than fifty (50) interrogatories, collectively, upon Lead Plaintiffs in this action.

(vi) <u>Clifford Chance</u>: Lead Plaintiffs shall serve no greater than fifty

4

(50) interrogatories upon Clifford Chance. Clifford Chance shall serve no greater than fifty (50) interrogatories, collectively, upon Lead Plaintiffs in this action.

4. <u>Deposition Discovery</u>.

    a. <u>Coordination</u>. Any person or corporate entity shall be deposed only once in the four Coordinated Actions. The parties to the Coordinated Actions shall coordinate efforts to take any such depositions. For purposes of this case management order, current and former personnel of entities that are parties to this action shall not be considered parties unless they are specifically named in the complaint.

    b. <u>Duration.</u>

        (i) Any deposition requested by the Plaintiffs in the Coordinated Actions, regardless of whether requested individually or collectively, shall be limited to twenty-eight (28) hours of examination. Defendants shall be entitled collectively to an additional nine (9) hours of examination after Plaintiffs in the Coordinated Actions have completed their examination. Any party may attempt to seek additional time via stipulation or leave of Court.

        (ii) Any deposition requested by the Defendants, regardless of whether requested individually or collectively, shall be limited to twenty-eight (28) hours of examination. Plaintiffs in the Coordinated Actions shall be entitled collectively to an additional nine (9) hours of examination after Defendants have completed their examination. Any party may attempt to seek additional time via stipulation or leave of Court.

    c. <u>Number of Depositions</u>. Absent stipulation by the parties or Court Order, the parties or party groups identified below shall be subject to the following deposition limits:

(i) Lead Plaintiffs are limited to forty-eight (48) fact witness depositions;

(ii) the DVI Officers and Directors, collectively, are limited to twelve (12) fact witness depositions;

(iii) Deloitte & Touche is limited to twelve (12) fact witness depositions;

(iv) Merrill Lynch is limited to twelve (12) fact witness depositions;

(v) Radnet is limited to twelve (12) fact witness depositions;

(vi) the Prtizker Defendants, collectively, are limited to twelve (12) fact witness depositions; and

(vii) Clifford Chance is limited to twelve (12) fact witness depositions.

(viii) Because different legal issues are presented in <u>Buckley v. Clifford Chance</u>, any deposition noticed in that action shall not count towards the limits set for the other parties in the Coordinated Actions.

The depositions of parties and experts shall not count against these limits. Only noticing and taking a deposition shall count as one of a party or party group's fact witness depositions. Conducting a follow-up examination of a witness noticed by another party or party group shall not count against these limits.

    d. <u>Commencement of Depositions</u>. Depositions shall resume as of the date this Fifth Revised Case Management Order is entered.

5. <u>Class Allegations</u>. Lead Plaintiffs' Fifth Amended Consolidated Complaint contains certain class-related allegations. The basis for and validity of these allegations is a

matter of dispute among the parties. To facilitate the resolution of this dispute, the following schedule is established:

    a.    <u>Discovery and Filing Dates.</u>

        (i)    Lead Plaintiffs shall file their motion for class certification no later than December 3, 2006.[1]

        (ii)    Defendants' responses to the class certification motion shall be filed no later than January 2, 2007; and

        (iii)    Lead Plaintiffs' reply brief shall be filed no later than February 1, 2007.

    b.    <u>Experts for Class Certification Issues.</u> In the event experts are retained to address class certification issues, counsel for each party shall serve upon counsel for every other party information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report, deposition, or answer to expert interrogatory related to the issue of class certification no later than October 4, 2006. If any expert information related to class certification that is required by Rule 26(a)(2)(B) is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve the information on counsel for every other party no later November 6, 2006.

6.    <u>Fact Discovery Deadline</u>. Fact discovery shall be completed no later than **March 3, 2008**.

7.    <u>Expert Reports</u>. Plaintiffs shall serve their expert reports thirty (30) days after the close of fact discovery. Defendants shall serve their expert reports thirty (30) days after

---

[1] This date represents one hundred and fifty (150) days from the Rule 16 conference + ninety (90) additional days.

7

Plaintiffs serve their expert reports. Plaintiffs shall serve their expert rebuttal reports twenty (20) days after Defendants serve their expert reports. Depositions of experts shall take place during the sixty (60) days following the service of expert rebuttal reports.

8. <u>Dispositive Motions</u>.

    a. <u>Joint Submission.</u> Defendants shall coordinate the timing and filing of dispositive motions, and shall file omnibus briefs (joint briefs on common issues of fact or law) where possible. Defendants will meet in groups and/or form committees and confer, at or near the end of factual discovery, to determine the extent to which they can file omnibus briefs. Each shall have the right to file individual briefs and response briefs. Reply briefs may be filed only with leave of court.

    b. <u>Page Limitations.</u> Omnibus moving and response briefs shall be limited to seventy-five (75) pages. Omnibus reply briefs may be filed by plaintiffs or defendants only with leave of court, to the extent they are necessary to rebut factual and/or legal assertions first raised in response briefs, and shall be limited to twenty (20) pages.

Non-omnibus briefs shall be limited to twenty (20) pages. Non-omnibus reply briefs may be filed by plaintiffs or defendants only with leave of court, to the extent they are necessary to rebut factual and/or legal assertions first raised in response briefs, and shall be limited to ten (10) pages.

These page limitations may be modified for cause upon further order of the Court. All information and documents exchanged among defendants for purposes of coordinating briefing shall not constitute a waiver of the work product doctrine.

    c. <u>Filing Dates.</u> All dispositive motions shall be filed no later than sixty (60) days after the end of expert discovery. Opposition memoranda shall be filed on or before sixty (60)

days after dispositive motions are filed. Reply memoranda shall be filed on or before thirty (30) days following the filing of opposition memoranda.

    9.    <u>Pretrial and Other Deadlines</u>. This Order may be amended only by approval from the Court. It is unlikely that the Court will favorably entertain requests to amend this Order. The Court will schedule, at its discretion, all pre-trial deadlines, including, but not limited to, the final pre-trial conference and trial date, following resolution of dispositive motions.

    BY THE COURT:

    /S/LEGROME D. DAVIS

    Legrome D. Davis, J.