IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS J. BUCKLEY, AS TRUSTEE OF THE DVI LIQUIDATING TRUST,<br><br>*Plaintiff,*<br><br>-against-<br><br>MICHAEL A. O'HANLON, STEVEN R. GARFINKEL, RICHARD E. MILLER, JOHN P. BOYLE, ANTHONY J. TUREK, RAYMOND D. FEAR, WILLIAM S. GOLDBERG, GERALD L. COHN, JOHN E. MCHUGH, HARRY T.J. ROBERTS, and NATHAN SHAPIRO,<br><br>*Defendants.* | Civil Action No. 04-955-GMS |

## SCHEDULING ORDER

This 26th day of October, 2007, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on October 19, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Joinder of other Parties and Amendment of Pleadings**: All motions to join other parties and amend the pleadings shall be filed on or before November 19, 2007.

2. **Discovery**: All fact discovery in this case shall be coordinated with, and subject to, the discovery limitations imposed by the Case Management Orders that were entered on July 17, 2007 in each of the following actions pending in the United

States District Court for the Eastern District of Pennsylvania (collectively, the "Pennsylvania Actions"):

- In re: DVI, Inc. Securities Litigation, E.D. Pa. 03-CV-05336;
- Buckley v. Clifford Chance, et al., E.D. Pa. 06-CV-1003;
- WM High Yield Fund v. O'Hanlon, et al., E.D. Pa. 04-CV-3423; and
- Fleet National Bank v. O'Hanlon, et al., E.D. Pa. 04-CV-1277.

Discovery shall be completed on or before March 3, 2008. To the extent that any party believes it needs additional discovery which cannot be accomplished in the Pennsylvania Actions, such party will move for leave of Court, on notice to all Parties, thirty (30) days prior to the March 3, 2008 deadline for fact discovery.

Plaintiff's expert report(s) shall be served on or before April 2, 2008. Defendants' expert report(s) shall be served on or before May 2, 2008. Rebuttal reports, if any, shall be served on or before May 22, 2008. The period for expert depositions shall commence on May 23, 2008, and shall conclude on or before July 7, 2008.

      a. **Discovery and Scheduling Matters:** Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **joint, nonargumentative** letter agenda, not to exceed two (2) pages, outlining the issue(s) in dispute. A sample letter can be located on this Court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the Court should permit a fourth discovery teleconference. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless

otherwise directed, the party seeking relief shall file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

3. **Confidential Information and Papers filed under Seal**: Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 2(a).**

4. **Settlement Conference**: Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

5. **Case Dispositive Motions**: All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before July 21, 2008. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for

extensions of time as set forth in this Scheduling Order must be accompanied by an explanation or the request will be denied.

6. **Applications by Motion**: Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

7. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

8. **Pretrial Order**. On or before November 10, 2008, the parties shall file with the Court a joint proposed final pretrial order (the "Joint Proposed Pretrial Order") with the information required by the form of Final Pretrial Order which can be located on this Court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, Plaintiff's counsel shall forward to Defendants' counsel a draft of the pretrial order containing the information Plaintiff proposes to include in the draft. Fifteen (15) before the Joint Proposed Pretrial Order is due, Defendants' counsel shall provide to Plaintiff's counsel any comments on the Plaintiff's draft as well as the information Defendants proposes to include. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Proposed Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).

9. **Motions *in limine*.** No party shall file more than five (5) motions *in limine*. Briefing **(opening, answering and reply)** on all motions *in limine* shall be

completed by the date of the filing of the Joint Proposed Pretrial Order, and shall be submitted therewith. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.

10. **Pretrial Conference**. On December 11, 2008, beginning at 10:00 a.m. in Wilmington, Delaware, the Court will hold a Pretrial Conference in Chambers with counsel.

11. **Trial**. Trial of this matter is scheduled to commence on January 5, 2009 at 9:30 a.m., and shall continue (if necessary) through and including January 30, 2009.

12. **Scheduling**: The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE