IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS J. BUCKLEY, AS TRUSTEE OF : <br> DVI LIQUIDATING TRUST : <br> : <br> v. : <br> : <br> CLIFFORD CHANCE LLP and : <br> CLIFFORD CHANCE US LLP : | CIVIL ACTIONS <br><br> NO. 06-CV-1003 |

### SIXTH REVISED CASE MANAGEMENT ORDER

AND NOW, this 19th day of February 2008, upon consideration of Defendant Clifford Chance's Motion for a Fifteen Day Extension of the Deadline for Submission of Defendants' Export Report (Doc. No. 111), it is hereby ORDERED that the Defendant's motion is GRANTED and the Case Management Order ("CMO") in the instant matter is revised as follows.

On October 5, 2006 the Court ordered the parties in <u>Buckley v. Clifford Chance et al.</u>, E.D. Pa. 06-CV-1003, to submit a proposed case management order for that action. Upon consideration of the submissions from both parties, the Court has decided to coordinated that matter with the related actions pending before the Court, <u>In re DVI, Inc., Sec. Litig.</u>, E.D. Pa. 03-CV-5336; <u>WM High Yield Fund, et al. v. O'Hanlon, et al.</u>, E.D. Pa 04-CV-3423; <u>Fleet National Bank v. Michael O'Hanlon, et al.</u>, E.D. Pa. 04-CV-1277.

1. <u>Joining Parties and Amending Pleadings.</u> Motions to join other parties and

1

amend pleadings pursuant to Federal Rule of Civil Procedure 16(b)(1) shall be filed no later than December 4, 2006.

    2.    <u>Production of Documents Pursuant to Fed. R. Civ. P. 34.</u>

        a.    <u>Future Document Requests</u>. All document requests shall be governed by the Federal Rules of Civil Procedure.

        b.    <u>Digital Document Production.</u> Upon entry of this Case Management Order, the parties shall, to the extent practicable, make all subsequent document productions in digital form. To that end, and upon request, the producing party shall identify a person or persons knowledgeable about the parties' production in digital form, including the process or programs required to access the digital information produced, including computer-based and other digital systems, to facilitate the production process. If a party converts physical files into digital format for document production purposes, the party shall ensure that the digital production is organized in the same manner in which the physical files were maintained and, upon reasonable request of another party, they shall allow that other party to schedule time to access and review a particular physical file if review of the electronic file is inadequate. Documents provided in non-digital form prior to the entry of this Order do not have to be provided again in digital form.

    3.    <u>Interrogatories Pursuant to Fed. R. Civ. P. 33.</u>

        a.    <u>Future Interrogatories</u>. Except as described in paragraph 3(b), all future interrogatories are governed by the Federal Rules of Civil Procedure.

    b. <u>Limitations.</u> The parties shall be subject to the following limitations on interrogatories. These limitations do not include interrogatories that defendants may serve upon each other. For purposes of this case management order, current and former personnel of entities that are parties to this action shall not be considered parties unless they are specifically named in the complaint. All parties reserve their rights to seek leave to serve additional interrogatories for good cause shown.

      (i) <u>DVI Officers and Directors</u>: Plaintiffs shall coordinate their interrogatories with the plaintiffs in <u>In re DVI, Inc., Sec. Litig.</u>, E.D. Pa. 03-CV-5336; <u>WM High Yield Fund, et al. v. O'Hanlon, et al.</u>, E.D. Pa 04-CV-3423; <u>Fleet National Bank v. Michael O'Hanlon, et al.</u>, E.D. Pa. 04-CV-1277. The Plaintiffs in the four Coordinated Actions, shall serve no greater than one hundred (100) interrogatories, collectively, upon each DVI Officers and Directors. The DVI Officers and Directors shall coordinate their interrogatories and serve no greater than one hundred (100) interrogatories, collectively, upon these Plaintiffs.

      (ii) Buckley and Clifford Chance shall serve no greater than fifty (50) interrogatories upon each other.

4. <u>Deposition Discovery.</u>

    a. <u>Coordination.</u> Any person or corporate entity shall be deposed only once in the four Coordinated Actions. The parties to the Coordinated Actions shall coordinate efforts

3

to take any such depositions. For purposes of this case management order, current and former personnel of entities that are parties to this action shall not be considered parties unless they are specifically named in the complaint.

    b.    <u>Duration.</u>

        (i)    Any deposition requested by the Plaintiffs in the Coordinated Actions, regardless of whether requested individually or collectively, shall be limited to twenty-eight (28) hours of examination. Defendants shall be entitled collectively to an additional nine (9) hours of examination after Plaintiffs in the Coordinated Actions have completed their examination. Any party may attempt to seek additional time via stipulation or leave of Court.

        (ii)    Any deposition requested by the Defendants, regardless of whether requested individually or collectively, shall be limited to twenty-eight (28) hours of examination. Plaintiffs in the Coordinated Actions shall be entitled collectively to an additional nine (9) hours of examination after Defendants have completed their examination. Any party may attempt to seek additional time via stipulation or leave of Court.

    c.    <u>Number of Depositions.</u>

Absent stipulation by the parties or Court Order, the parties or party groups identified below shall be subject to the following deposition limits:

        (i)    Buckley and Clifford Chance are each limited to fifteen (15) fact witness depositions;

        (ii)    Clifford Chance may take the deposition of any creditor for which Buckley asserts claims in the right of;

        (iii)    Because different legal issues are presented in <u>Buckley v. Clifford Chance</u>, any deposition noticed by a party in that action shall not

count towards the limits set for other parties in the Coordinated Actions.

The depositions of parties and experts shall not count against these limits. Only noticing and taking a deposition shall count as one of a party or party group's fact witness depositions. Conducting a follow-up examination of a witness noticed by another party or party group shall not count against these limits.

5.  Fact Discovery Deadline. Fact discovery shall be completed no later than **May 2, 2008**.

6.  Expert Reports. Plaintiffs shall serve their expert reports within thirty (30) days after the close of discovery. Defendants shall serve their expert reports thirty (30) days after Plaintiffs serve their expert reports. Plaintiffs shall serve their expert rebuttal reports within fourteen (14) days after receiving Defendants' expert reports. Depositions of any experts designated by plaintiffs and defendants shall be taken within forty-five (45) days of, but no earlier than, the completion of service of expert reports.

7.  Dispositive Motions.

    a.  Joint Submissions. Defendants shall coordinate the timing and filing of dispositive motions, and shall file omnibus briefs (joint briefs on common issues of fact or law) where possible. Defendants will meet in groups and/or form committees and confer, at or near the end of factual discovery, to determine the extent to which they can file omnibus briefs. Each

shall have the right to file individual briefs and response briefs. Reply briefs may be filed only with leave of court.

        b.    <u>Page Limitations.</u> Omnibus moving and response briefs shall be limited to seventy-five (75) pages. Omnibus reply briefs may be filed by plaintiffs or defendants only with leave of court, to the extent they are necessary to rebut factual and/or legal assertions first raised in response briefs, and shall be limited to twenty (20) pages.

Non-omnibus briefs are limited to twenty (20) pages. Non-omnibus reply briefs may be filed by plaintiffs or defendants only with leave of court, and only to the extent they are necessary to rebut factual and/or legal assertions first raised in response briefs, and shall be limited to ten (10) pages.

These page limitations may be modified for cause upon further order of the Court. All information and documents exchanged among defendants for purposes of coordinating briefing shall not constitute a waiver of the work product doctrine.

        c.    <u>Filing Dates.</u> Dispositive motions shall be filed no later than forty-five (45) days from the completion of expert discovery. Upon any motion for summary judgment pursuant to Fed. R. Civ. P. 56, there shall be filed with the motion a separate, short and concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.

The papers opposing any motion for summary judgment shall be filed no later than forty-five (45) days after the filing of any motion for summary judgment and shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue of material fact to be tried.

Any reply briefs in support of any motion for summary judgment shall be filed no later than thirty (30) days after the filing of any papers opposing any motion for summary judgment. Statements of material facts in support of or in opposition to a motion for summary judgment shall include references to the parts of the record that support the statements.

8. <u>Pretrial and Other Deadlines</u>. This Order may be amended only by approval from the Court. The Court will schedule, at its discretion, all pre-trial deadlines, including, but not limited to, the final pre-trial conference and trial date, following resolution of dispositive motions.

> BY THE COURT:
>
> /S/LEGROME D. DAVIS
>
> Legrome D. Davis, J.