MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
ATTORNEYS AT LAW

NOEL C. BURNHAM
ADMITTED IN NEW YORK, PENNSYLVANIA & DELAWARE

1105 MARKET STREET, 15TH FLOOR
WILMINGTON, DE 19801-1607
302-504-7800
FAX 302-504-7820

DIRECT DIAL
302-504-7890

nburnham@mmwr.com

VIA ECF FILING

July 21, 2008

The Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324, Lockbox 19
Wilmington, DE 19801

    Re:    *Buckley v. O'Hanlon*
             U.S.D.C., D. Del., No. 04-cv-0955 (GMS)

Dear Chief Judge Sleet:

        Our firm represents defendant Michael O'Hanlon in the matter shown above. I am writing in response to plaintiff's counsel's letter to you dated July 18, 2008, in which counsel for the plaintiff informed you of certain problems relating to the failure of defense counsel to receive copies of plaintiff's expert reports. While plaintiff's counsel's letter was technically accurate, it does not provide a sufficiently detailed explanation of the problem that has occurred as a result of defendants' failure to receive service copies of plaintiff's expert reports.

        Our firm discovered that plaintiff had, in fact, served expert reports in this action entirely by accident. Plaintiff Dennis Buckley is the Trustee of the DVI, Inc. Liquidating Trust, which is currently the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Delaware. On Friday, July 11, 2008, plaintiff filed his 15th Report with the Delaware Bankruptcy Court. Our firm, which happens to monitor the DVI, Inc. bankruptcy proceedings, obtained a copy of the plaintiff's 15th Report to the Bankruptcy Court that same day. Upon reviewing plaintiff's Report, we discovered that plaintiff had represented to the Bankruptcy Court that he had served his expert reports in this action on June 2, 2008. Up until that time, we had no information that suggested that plaintiff ever intended to serve expert reports or, in fact, had ever served such reports. We then contacted several other counsel for the defendants to determine whether this problem was unique to our firm, and we learned that several other counsel for the defendants – including counsel for Mr. Miller, Mr. Roberts, Mr. Turek, and the New York counsel for Mr. Cohn – also had not received copies of the plaintiff's expert reports.

        *Our firm did not come into possession of copies of plaintiff's expert reports until the afternoon of Friday, July 11 – 45 days after plaintiffs' expert reports were certified as being served, 9 days <u>after</u> the deadline for defense expert reports had already expired, and only 10 days before summary judgment motions were due.* Our firm obtained these copies during the process of investigating the representations made by the plaintiff in his 15th Report to the Bankruptcy Court. It so happened that, during our communications with other defense counsel

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

The Honorable Gregory M. Sleet
July 21, 2008
Page 2

on July 11 relating to the expert reports service problem, New York counsel for defendant Cohn learned for the first time that a Pennsylvania-based attorney representing Mr. Cohn in a related matter had received a copy of plaintiff's expert reports, and counsel for Mr. Cohn was kind enough to send electronic copies to our firm via e-mail. On Monday, July 14, 2008, our firm contacted Dennis Artese, counsel for plaintiff, and made him aware of the situation. Mr. Artese's letter to you of July 18 followed.

In light of the foregoing facts, and in light of the fact that counsel for Mr. O'Hanlon did not receive any opportunity to review plaintiff's expert reports until after the deadline for providing responsive reports had already passed and the deadline for filing summary judgment motions was imminent, Mr. O'Hanlon respectfully requests that the Court grant the pending Joint Stipulation and Order to extend the case management schedule of this action that was filed with the Court on July 11, 2008. Mr. O'Hanlon respectfully submits that granting the pending Joint Stipulation and Order will resolve any prejudice that he has suffered as a result of these service problems related to plaintiff's expert reports.

Respectfully,

Noel C. Burnham

cc: Richard L. Scheff, Esq. (via e-mail / PDF)
Jeffrey S. Feldman, Esq. (via e-mail / PDF)
Richard William Riley, Esq. (via e-mail / ECF)
Steven T. Davis, Esq. (via e-mail / ECF)
Kellie Marie MacCready, Esq. (via e-mail / ECF)
Francis A. Monaco, Jr., Esq. (via e-mail / ECF)
Martin James Weis, Esq. (via e-mail / ECF)
David E. Brand, Esq. (via e-mail / ECF)
Peter B. Ladig, Esq. (via e-mail / ECF)
David A. Felice, Esq. (via e-mail / ECF)
William J. Taylor, Esq. (via e-mail / PDF)
John C. Barnoski, Esq. (via e-mail / PDF)
Patricia M. Hamill, Esq. (via e-mail / PDF)
Vincent T. Cieslik, Esq. (via e-mail / PDF)
Dennis J. Artese, Esq. (via e-mail / PDF)

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

The Honorable Gregory M. Sleet
July 21, 2008
Page 3

       Amy Francisco, Esq. (via e-mail / PDF)
       Maura Fay McIlvain, Esq. (via e-mail / PDF)
       Robert E. Kelly, Esq. (via e-mail / PDF)
       Kelly D. Eckel, Esq. (via e-mail / PDF)
       Julian W. Friedman, Esq. (via e-mail / PDF)
       Elizabeth S. Weinstein, Esq. (via e-mail / PDF)

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

The Honorable Gregory M. Sleet
July 21, 2008
Page 4

bcc:   Michael O'Hanlon (via e-mail / PDF)
       Eileen Binderman (via e-mail / PDF and interoffice mail)

Case 1:04-cv-00955-GMS    Document 151    Filed 07/21/2008    Page 4 of 4

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP