IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS J. BUCKLEY, AS TRUSTEE OF THE DVI LIQUIDATING TRUST, | : <br> : <br> : |
| v. | :    No. 04-955-GMS <br> : |
| MICHAEL A. O'HANLON, *et al.* | : <br> : |

**DEFENDANT MICHAEL A. O'HANLON'S OPENING BRIEF IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>PURSUANT TO FED. R. CIV. P. 56(b) AND LOCAL CIVIL RULE 7.1.2</u>**


Noel C. Burnham, Esquire
(DE Bar I.D. No. 3483)
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
1105 Market Street, 15th Floor
Wilmington, DE 19801-1607
(302) 504-7890

*Counsel for defendant
Michael A. O'Hanlon*

Of counsel:

Richard L. Scheff, Esquire
Jeffrey S. Feldman, Esquire
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
123 South Broad Street, 26th Floor
Philadelphia, PA 19109-1099
(215) 772-1500

Date: July 21, 2008

# TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................................................................ iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ........................ 1

SUMMARY OF ARGUMENT .................................................................................................... 2

CONCISE STATEMENT OF FACTS ........................................................................................ 2

    I.    Plaintiff's Complaint Alleges A Claim For Deepening Insolvency. .......................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

    I.    Neither Delaware Law Nor The Law Of This Federal Circuit Recognizes A Claim For "Deepening Insolvency." ............................................. 3

CONCLUSION ............................................................................................................................. 3

## TABLE OF CITATIONS

**Page(s)**

### Cases

*In re Teleglobe Commc'ns Corp.*, 493 F.3d 345 (3d Cir. 2007).................................................3

*N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92
    (Del. 2007).............................................................................................................................2

*Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P.*, 906 A.2d 168 (Del.Ch. 2006).......................3

### Rules

Fed. R. Civ. P. 56(c) ........................................................................................................................2

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This lawsuit involves claims brought by plaintiff Dennis J. Buckley ("Buckley"), the Trustee of the DVI, Inc. ("DVI") Liquidating Trust (hereinafter, the "Plaintiff") against several former officers and directors of DVI and its affiliates (hereafter, the "Companies"). The Plaintiff has alleged twenty causes of action against defendant Michael O'Hanlon ("Mr. O'Hanlon") in its Complaint (D.I. 1), including claims for common law fraud (First Claim For Relief), purportedly breaching the fiduciary duties he owed to both the Companies and the Companies' respective creditors in his capacity as a former officer of the DVI (Second through Tenth Claims For Relief), purportedly breaching the fiduciary duties he owed to both the Companies and the Companies' respective creditors in his capacity as a former director of the DVI (Eleventh through Twentieth Claims For Relief), and by failing to reorganize or liquidate the Companies in a timely manner and thereby allegedly causing DVI to sink into a deeper insolvency (Twentieth Claim For Relief).

Mr. O'Hanlon filed a Motion to Dismiss Plaintiff's claims that was granted in part due to Plaintiff's lack of standing to assert claims on behalf of creditors of DVI, including creditors that had (and had not) assigned their claims to Plaintiff at the time of the filing of Plaintiff's Complaint. (D.I. 81). The Court dismissed all of Plaintiff's claims on behalf of creditors of DVI without prejudice due to Plaintiff's lack of standing to pursue such claims, and Plaintiff has not amended its pleadings since the Court's Order was entered. *Id.*, at 5, 17.[1] Mr. O'Hanlon now

---

[1] Any attempt by the Plaintiff to amend its pleadings at this late date would be inappropriate, if not futile, since (a) any amended pleadings were, by prior Order of this Court dated October 31, 2007, due to be filed approximately eight (8) months ago on or before November 19, 2007 (D.I. 116); and (b) a recent decision of the Delaware Supreme Court has made clear that creditors cannot pursue direct claims for breach of fiduciary duty against directors of corporations that are in the zone of insolvency or are, in fact, insolvent, nor can they pursue derivative claims for
(continued...)

- 1 -

moves for partial summary judgment on Plaintiff's deepening insolvency claim, and any cross-claims asserted against him on the basis of liability under Plaintiff's deepening insolvency claim, based upon relevant law.

## SUMMARY OF ARGUMENT

1. Plaintiff's Twentieth Claim for Relief, based upon a theory of deepening insolvency, should be dismissed because neither Delaware law nor the law of the Third Circuit Court of Appeals recognizes a claim for "deepening insolvency."

## CONCISE STATEMENT OF FACTS

I. **Plaintiff's Complaint Alleges A Claim For Deepening Insolvency.**

Plaintiff's Complaint contains a claim for "deepening insolvency," which is in essence a claim that the defendants failed to reorganize or liquidate the Debtors in a timely manner *See generally* Complaint (D.I. 1), at ¶¶ 240-247 (Twentieth Claim for Relief). Defendants Harry T.J. Roberts, John P. Boyle, Raymond D. Fear, Richard E. Miller, Gerald L. Cohn, and Anthony J. Turek have asserted Cross-Claims against Mr. O'Hanlon that rely, in part, upon purported liability on Plaintiff's deepening insolvency claim. (D.I. 88, 89, 91, 92, 93, 94).

## ARGUMENT

The standard for ruling on a motion for summary judgment is well known. Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered "if the pleadings, the discovery and disclosure materials on file, depositions, and any affidavits show that there is no

---

(continued...)
breach of fiduciary duty against directors of corporations that are in the zone of insolvency. *See N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92 (Del. 2007).

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

I. **Neither Delaware Law Nor The Law Of This Federal Circuit Recognizes A Claim For "Deepening Insolvency."**

Subsequent to this Court granting Mr. O'Hanlon's Motion to Dismiss Plaintiff's Complaint in part and denied it in part (D.I. 81), the Third Circuit Court of Appeals has made clear that Delaware law does not recognize "deepening insolvency" claims as independent causes of action. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 385 n.36 (3d Cir. 2007) ( "In *Trenwick* [*Am. Litig. Trust v. Ernst & Young, L.L.P.*, 906 A.2d 168, 205 (Del.Ch. 2006)], the Vice Chancellor [*i.e.*, Vice Chancellor Strine] put to rest the notion that there is such a thing as a cause of action for so-called "deepening insolvency" in Delaware law.").

Accordingly, since Delaware law does not recognize a claim for "deepening insolvency," Mr. O'Hanlon is entitled to summary judgment on Plaintiff's Twentieth Claim for Relief. Mr. O'Hanlon is also entitled to summary judgment with prejudice on any Cross-Claims asserted against him by defendants Harry T.J. Roberts, John P. Boyle, Raymond D. Fear, Richard E. Miller, Gerald L. Cohn, and Anthony J. Turek to the extent that such Cross-Claims are premised upon Mr. O'Hanlon's alleged liability to Plaintiff on Plaintiff's Twentieth Claim for Relief. *See* D.I. 88, 89, 91, 92, 93, 94.

## CONCLUSION

For all the reasons set forth above, this Court should grant Mr. O'Hanlon's motion for partial summary judgment and (1) dismiss Plaintiff's Twentieth Claim for Relief against Mr. O'Hanlon, which alleges a claim for "deepening insolvency", with prejudice, and (2) dismiss the Cross-Claims asserted against Mr. O'Hanlon by defendants Harry T.J. Roberts, John P. Boyle,

Raymond D. Fear, Richard E. Miller, Gerald L. Cohn, and Anthony J. Turek to the extent that such Cross-Claims are premised upon alleged liability to Plaintiff on Plaintiff's Twentieth Claim for Relief.

Respectfully submitted,

Date: July 21, 2008

Noel C. Burnham, Esquire
(DE Bar I.D. No. 3483)
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7890

*Counsel for defendant*
*Michael A. O'Hanlon*

Of Counsel:

Richard L. Scheff, Esquire
Jeffrey S. Feldman, Esquire
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street, 26th Floor
Philadelphia, PA 19109-1099
(215) 772-1500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS J. BUCKLEY, AS TRUSTEE OF THE DVI LIQUIDATING TRUST, | : <br> : <br> : |
| v. | :    No. 04-955-GMS <br> : <br> : |
| MICHAEL A. O'HANLON, *et al.* | : <br> : |

## CERTIFICATE OF SERVICE

I, Noel C. Burnham, do hereby certify that a true and correct copy of defendant Michael O'Hanlon's Motion for Partial Summary Judgment and Opening Brief were electronically filed with the Clerk of Court on Monday, July 21, 2008 using CM/ECF, which will send notification of such filing to the following counsel of record:

    Richard William Riley, Esq. [rwriley@duanemorris.com]
    *Counsel for defendants John Boyle and Raymond D. Fear*

    Steven T. Davis, Esq. [steven.davis@obermayer.com]
    Kellie Marie MacCready, Esq. [kellie.maccready@obermayer.com]
    *Counsel for defendant Gerald L. Cohn*

    Francis A. Monaco, Jr., Esq. [fmonaco@wcsr.com]
    *Counsel for plaintiff Dennis J. Buckley*

    Martin James Weis, Esq. [mweis@dilworthlaw.com]
    *Counsel for defendant Steven R. Garfinkel*

    David E. Brand, Esq. [DEBrand@prickett.com]
    *Counsel for defendant Richard Miller*

    Peter B. Ladig, Esq. [bankserve@bayardfirm.com]
    *Counsel for defendant Harry Roberts*

    David A. Felice, Esq. [dfelice@cozen.com]
    *Counsel for defendant Anthony Turek*

I hereby further certify that on July 21, 2008, I caused a copy of defendant Michael O'Hanlon's Motion for Partial Summary Judgment and Opening Brief to be served via electronic mail / PDF to the following non-registered participants:

> William J. Taylor, Esq. [wtaylor@cozen.com]
> John C. Barnoski, Esq. [jbarnoski@cozen.com]
> *Counsel for defendant Anthony Turek*
>
> Patricia M. Hamill, Esq. [phamill@cogr.com]
> Vincent T. Cieslik, Esq. [vcieslik@cogr.com]
> *Counsel for defendant Richard Miller*
>
> Dennis J. Artese, Esq. [dartese@andersonkill.com]
> Amy Francisco, Esq. [afrancisco@andersonkill.com]
> *Counsel for plaintiff Dennis J. Buckley*
>
> Maura Fay McIlvain, Esq. [mmcilvain@dilworthlaw.com]
> *Counsel for defendant Steven R. Garfinkel*
>
> Robert E. Kelly, Esq. [rkelly@duanemorris.com]
> Kelly D. Eckel, Esq. [kdeckel@duanemorris.com]
> *Counsel for defendants John Boyle and Raymond D. Fear*
>
> Julian W. Friedman, Esq. [jfriedman@stillmanfriedman.com]
> Elizabeth S. Weinstein, Esq. [eweinstein@stillmanfriedman.com]
> *Counsel for defendant Gerald L. Cohn*

Dated: July 21, 2008

Noel C. Burnham, Esquire
(DE Bar I.D. No. 3483)