IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS J. BUCKLEY, AS TRUSTEE OF THE DVI LIQUIDATING TRUST<br><br>Plaintiff,<br><br>MICHAEL A. O'HANLON, et al.<br>Defendants. | C.A. NO. 04-955 (GMS)<br><br>**JURY DEMAND** |

**DEFENDANT RICHARD MILLER'S OPENING BRIEF IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Dated: July 21, 2008

David E. Brand, Esq. (Del Bar. No. 201)
debrand@prickett.com
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19899
(302) 888-6514

*Attorneys for Defendant
Richard E. Miller*

Of counsel:
Patricia M. Hamill, Esquire
phamill@cogr.com
Vincent T. Cieslik, Esquire
vcieslik@cogr.com
CONRAD O'BRIEN GELLMAN & ROHN, P.C.
1515 Market Street, Sixteenth Floor
Philadelphia, PA 19102-1916
(215) 864-9600

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

SUMMARY OF THE ARGUMENT ................................................................................2

STATEMENT OF THE FACTS ........................................................................................2

ARGUMENT......................................................................................................................2

       I.      SUMMARY JUDGMENT STANDARD .......................................2

       II.     R. MILLER IS ENTITLED TO SUMMARY
              JUDGMENT DISMISSING PLAINTIFF'S CLAIM
              AND DEFENDANTS' CROSS- CLAIMS FOR
              DEEPENING INSOLVENCY.......................................................3

CONCLUSION      .................................................................................................4

# TABLE OF AUTHORITIES

**CASES**

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ................................................................................................3

El v. Southeastern Pennsylvania Transp. Authority (SEPTA),
    479 F. 3d 232 (3d Cir. 2007) ...................................................................................3

In re Teleglobe Communications Corp.,
    493 F.3d 345 (3d Cir. 2007) ................................................................................3-4

Marten v. Godwin,
    499 F.3d 290 (3d Cir. 2007) ....................................................................................3

Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,
    475 U.S. 574 (1986) ................................................................................................3

N.Am. Catholic Educ. Programming Found., Inc. v. Gheewalla,
    930 A.2d 92 (Del. 2007) .........................................................................................1

Trenwick Am. Litig. Trust v. Billett,
    931 A.2d 438 (Del. 2007) .......................................................................................4

Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P.,
    906 A.2d 168 (Del. Ch. 2006) .............................................................................3-4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(c) and (e) ................................................................................................3

## **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff, Dennis J. Buckley, the Trustee of the DVI Liquidating Trust ("Plaintiff"), brought this action against Richard Miller, as well as other former officers and directors of DVI, Inc., and its subsidiaries, including DVI FS (collectively, hereinafter "DVI"). (D.I. 1) Plaintiff has asserted twenty claims against Mr. Miller for common law fraud (First Claim for Relief), breach of fiduciary duties owed to DVI and DVI's creditors in his capacity as a former officer of DVI (Second through Tenth Claims for Relief) and failing to reorganize or liquidate DVI in a timely fashion, thereby causing DVI to sink into a deeper insolvency ("deepening insolvency" claim) (Twentieth Claim for Relief).

In response to Plaintiff's Complaint, Mr. Miller and other Defendants moved for dismissal based upon, *inter alia*, lack of standing because Plaintiff did not have standing to pursue claims on behalf of the creditors, which had (and had not) assigned their claims to Plaintiff at the time Plaintiff's Complaint was filed. (D.I. 34) The Court granted Defendants' motions (in part), held that Plaintiff did not have standing to pursue any claims on behalf of the creditors, and dismissed such claims without prejudice due to Plaintiff's lack of standing. (D.I. 81) Plaintiff did not subsequently move to amend his pleadings.[1] Subsequent to the Court's rulings on Defendants' motions to dismiss, the Third Circuit and Delaware Supreme Court have held that Delaware law does not recognize a claim for "deepening insolvency."

Extensive discovery has been conducted, including document production and witness depositions. Plaintiff has deposed Mr. Miller, all of DVI's officers and directors, as well as

---

[1] Any attempt to amend the Plaintiff's Complaint at this stage would be futile and improper, insofar as all amended pleadings were due to be filed on or before November 19, 2007, pursuant to the Court's Order dated October 31, 2007 (D.I. 116). In addition, the Delaware Supreme Court has recently held that creditors cannot pursue direct or derivative claims for breach of fiduciary duties against corporate officers and directors that are in the "zone of insolvency," or are insolvent. See N.Am. Catholic Educ. Programming Found., Inc. v. Gheewalla, 930 A.2d 92 (Del. 2007).

1

DVI's accountants and lawyers. Mr. Miller now moves for partial summary judgment dismissing Plaintiff's claims for deepening insolvency, and for dismissal of any Cross-Claims against him, by any of Defendants, which are based upon Plaintiff's purported deepening insolvency claims.

## SUMMARY OF THE ARGUMENT

1. Mr. Miller is entitled to summary judgment on Plaintiff's "deepening insolvency" claims because the law of the Third Circuit and Delaware law do not recognize a cause of action for "deepening insolvency."

2. To the extent any Defendant's Cross-Claims are based upon Plaintiff's "deepening insolvency" claims, they should also be dismissed as well.

## STATEMENT OF THE FACTS

This is an action which arises out of the bankruptcy of DVI, Inc. Plaintiff asserts claims against all of the former officers and directors of DVI for deepening insolvency, that is, that the officers and directors did not reorganize and/or liquidate DVI in a timely fashion. Defendants asserted Cross-Claims against each other, including Cross-Claims for any liability arising out of Plaintiff's purported "deepening insolvency" claims. Because there are no genuine issues of material fact or law, Plaintiff's "deepening insolvency" claim (Twentieth Claim for Relief), and any Cross-Claims related thereto must be dismissed as a matter of law.

## ARGUMENT

I. **SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that a party may move for summary judgment where:

> the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Under Rule 56, a moving party is entitled to summary judgment as a matter of law if the party demonstrates that there exists "no genuine issue as to any material fact." Fed. R. Civ. P. 56; See also El v. Southeastern Pennsylvania Transp. Authority (SEPTA), 479 F. 3d 232, 238 (3d Cir. 2007). However, the party opposing a summary judgment motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party cannot assert "mere allegations or denials" of the movant's factual arguments. Fed. R. Civ. P. 56(e); see also Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007). Instead, the opposing party must set forth specific and meaningful evidence in support of its position that genuine questions as to material facts exist. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Demonstrating the requisite "genuine dispute" requires the plaintiff to present evidence sufficient for a reasonable jury to find in its favor. See Matsushita, 475 U.S. at 587.

## II.    MR. MILLER IS ENTITLED TO SUMMARY JUDGMENT DISMISSING PLAINTIFF'S CLAIM AND DEFENDANTS' CROSS- CLAIMS FOR DEEPENING INSOLVENCY

The Third Circuit has recently held that Delaware law does not recognize a claim for deepening insolvency. See In re Teleglobe Communications Corp., 493 F.3d 345, 385 n. 36 (3d Cir. 2007) (citing Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P., 906 A.2d 168 (Del. Ch. 2006)). The Third Circuit in Teleglobe relied upon the Chancery Court's opinion in Trenwick, which held that Delaware law does not recognize an independent cause of action for deepening insolvency. Id. ("In Trenwick, the Vice Chancellor put to rest the notion that there is such a thing as a cause of action for so-called 'deepening insolvency' in Delaware law."). Subsequent

to the Third Circuit's decision in Teleglobe, the Delaware Supreme Court affirmed the Chancery Court's opinion in Trenwick. See Trenwick Am. Litig. Trust v. Billett, 931 A.2d 438 (Del. 2007). As such, under Teleglobe and Trenwick, Plaintiff cannot maintain a claim against Mr. Miller for "deepening insolvency."

Accordingly, because Delaware law does not recognize a claim for "deepening insolvency," Plaintiff's Twentieth Claim for Relief against Mr. Miller must be dismissed as a matter of law. Mr. Miller is also entitled to summary judgment dismissing Michael A. O'Hanlon, Harry T.J. Roberts, John P. Boyle, Gerald L. Cohn, and Anthony J. Turek's Cross-Claims to the extent said Cross-Claims are based upon Mr. Miller's alleged liability to Plaintiff on Plaintiff's Twentieth Claim for Relief.

## CONCLUSION

For all of the foregoing reasons, Richard Miller respectfully requests that this Court enter summary judgment in his favor, dismissing Plaintiff's Twentieth Claim for Relief for "deepening insolvency," and any Cross-Claims against him based upon the same with prejudice.

Dated: July 21, 2008

By: /s/ David E. Brand
David E. Brand, Esq. (Del Bar. No. 201)
debrand@prickett.com
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19899
(302) 888-6514

*Attorneys for Defendant
Richard E. Miller*

Of counsel:
Patricia M. Hamill, Esquire
phamill@cogr.com
Vincent T. Cieslik, Esquire
vcieslik@cogr.com
CONRAD O'BRIEN GELLMAN & ROHN, P.C.
1515 Market Street, Sixteenth Floor
Philadelphia, PA 19102-1916
(215) 864-9600

4